UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>     Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>     Defendants. | Case No. 3:11-cv-00157-CDL |

JOINT DISCOVERY PLAN & SCHEDULING ORDER

Pursuant to Rules 16(b) and Rule 26(f) of the Federal Rules of Civil Procedure, and the December 19, 2012 Order of this Court, counsel for the parties conferred and agree to the following (except where points of disagreement are noted):

**I.    Nature of the Case**

Plaintiffs Merial Limited and Merial S.A.S. (collectively, "Merial") have filed a First Amended Complaint (Dkt. 6) for damages and injunctive relief for acts of (i) trade dress infringement and false or misleading advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and (ii) trade dress infringement, unfair competition, and deceptive trade practices, in violation of Georgia statutory and common law.

Defendants Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") have filed a Counterclaim (Dkt. 19) against Merial alleging false advertising in violation of the Lanham Act, 15 U.S.C. § 1125, and deceptive trade practices in violation of Georgia statutory law.

**II.** Counsel of Record

      a. For Plaintiffs

Edward D. Tolley, Esq.
(etolley@mindspring.com)
Georgia Bar No. 714300
COOK, NOELL, TOLLEY & BATES LLP
304 East Washington Street
P.O. Box 1927
Athens, GA 30603-1927
Tel.: (706) 549-6111
Fax: (706) 548-0956

Judy Jarecki-Black, Ph.D.
(judy.jarecki@merial.com)
Georgia Bar No. 801698
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, Georgia 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

Frank G. Smith, III
(frank.smith@alston.com)
Georgia Bar No. 657550
Jason D. Rosenberg
(jason.rosenberg@alston.com)
Georgia Bar No. 510855
Kathryn W. Bina
(kitty.bina@alston.com)
Georgia Bar No. 956052
Matthew W. Howell
(matthew.howell@alston.com)
Georgia Bar No. 607080
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

J. Patrick Elsevier, Ph. D.
(jpelsevier@jonesday.com)
Georgia Bar No. 246694
JONES DAY
12265 El Camino Real, Suite 200
San Diego, California 92130-4096
Tel.: (858) 314-1200
Fax.: (858) 314-1150

      b.  <u>For Defendants</u>

Bruce P. Keller*
(bpkeller@debevoise.com)
David H. Bernstein*
(dhbernstein@debevoise.com)
DEBEVOISE & PLIMPTON, LLP
919 Third Avenue
New York, New York 10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
*<i>admitted pro hac vice</i>

William L. Tucker
(wlt@psstf.com)
Georgia Bar No. 718050
James C. Clark, Jr.
(jcc@psstf.com)
Georgia Bar No. 127145
Thomas F. Gristina
(tfg@psstf.com)
Georgia Bar No. 452454
PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Post Office Box 1199
Columbus, Georgia 31902
Telephone:  (706) 324-0251
Facsimile:  (706) 243-0417

Michael S. French
(mfrench@wargofrench.com)
Georgia Bar No. 276680
WARGO FRENCH, LLP
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia  30309
Telephone:  (404) 853-1500
Facsimile:  (404) 853-1501

**III.** Complaint and Answer/Counterclaim Filing Dates.

Merial filed its Complaint (Dkt. 1) on October 27, 2011. Merial filed its First Amended Complaint (Dkt. 6) on November 2, 2011. Velcera filed its Answer and Counterclaim to the First Amended Complaint (Dkt. 19) on December 14, 2011. Merial filed both its Answer and Affirmative Defenses to Velcera's Counterclaim and its Motion to Dismiss Velcera's Counterclaims with Prejudice, on January 4, 2012. Velcera filed its memorandum of law opposing Merial's Motion to Dismiss on January 30, 2012.

**IV.** Case Deadlines

The parties have been unable to agree on a proposed schedule; the parties have therefore included two alternative schedules for the Court's consideration. Although the parties agree on all dates through the close of discovery on June 15, 2012, the parties differ on the deadlines following the close of discovery.

The parties propose the following alternative case deadlines:

| Case Event | Merial's Proposed Date | Velcera's Proposed Date |
| --- | --- | --- |
| Rule 26(f) Conference | January 13, 2012 | January 13, 2012 |
| Discovery Opens | January 20, 2012 | January 20, 2012 |
| Rule 26(a) Initial Disclosures Due | January 27, 2012 | January 27, 2012 |
| Deadline for Motions to Amend the Pleadings or Join Parties | March 2, 2012 | March 2, 2012 |
| Burden of Proof Expert Reports | March 13, 2012 | March 13, 2012 |
| Non-Burden of Proof Expert Reports | April 12, 2012 | April 12, 2012 |

| | | |
|---|---|---|
| Rebuttal Expert Reports[1] (rebuttal reports will be permitted to rebut non-burden of proof expert reports regardless of whether the opposing party had previously designated an expert witness on that topic) | May 14, 2012 | May 14, 2012 |
| DISCOVERY CLOSES | June 15, 2012 | June 15, 2012 |
| Summary Judgment motions due (responses/replies due per Local Rules) | June 29, 2012 | July 30, 2012[2] |

---

[1] The parties acknowledge that the Court's Order of December 9, 2011 (Docket #21) states that, "In the event a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff shall have an additional 30 days to designate a rebuttal expert," and that the provisions "concerning the identification of expert witnesses may not be changed by the Joint Scheduling/Discovery Order submitted by the parties." In order to allow for a complete record on the expert evidence likely to be at issue in this case, the parties both believe that they should be allowed to file rebuttal expert reports regardless of whether the opposing party had previously designated an expert on that point. For example, if a party with the burden of proof on an issue offers a consumer perception survey on March 13, 2012, and the party who does not have the burden of proof on that issue offers a counter-survey or a critique of that survey on April 12, 2012, the party with the burden of proof on that issue should have an opportunity to submit a rebuttal report to address the counter-survey or critique even though that party will already have designated an expert and submitted an expert report on the same issue. The parties' proposal would not change the overall timing of expert disclosures set forth in the Court's Rules 16 and 26 Order and would provide the parties with fair notice of the identification of all experts and their opinions to allow for deposition of those experts.

[2] <u>Velcera's Position</u>: Merial's proposed deadline for dispositive motions (June 29, 2012) is two weeks from the close of discovery. Given the complex factual and legal issues that are likely to be briefed in any dispositive motion practice, Velcera respectfully submits that Merial's two-week period is unreasonable. Consistent with this Court's prior scheduling practices and the Rules 16 and 26 Order, Velcera respectfully requests a deadline of July 30, 2012, 45 days from the close of discovery, for the filing of dispositive motions. *See* Rules 16 and 26 Order, at page 7 ("All dispositive motions shall be filed within 45 days of the close of discovery").

<u>Merial's Position</u>: Merial believes that the post-discovery schedule it has proposed in this case is appropriate and reasonable.

THE COURT ADOPTS VELCERA'S POSITION. CDL-2/3/2012

5

| | | |
|---|---|---|
| Motions to Exclude Expert Testimony (Any party requesting an evidentiary hearing for the resolution of a motion to exclude expert testimony shall file a written request for a hearing at the time of the filing of the motion or the response to the motion) | June 29, 2012 (responses/replies due per Local Rules) | Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993) shall be filed within 21 days after the Court's ruling on the last pending motion for summary judgment. If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing dispositive motions.[3] |
| Motions in Limine due | July 11, 2012 (responses/replies due per Local Rules) | Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993) shall be filed within 21 days after the Court's ruling on the last pending motion for summary judgment. If no summary judgment motion is filed by the date that dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing |

---

[3]<u>Velcera's Position:</u>  The Court's Rules 16 and 26 Order of December 9, 2011, expressly states that motions to exclude expert testimony shall be filed pursuant to the schedule proposed by Velcera. That schedule avoids additional motion practice that may become unnecessary depending on the Court's rulings on the parties' dispositive motions.  This explanation applies to Velcera's position on the timing of motions in limine as well.

THE COURT ADOPTS VELCERA'S POSITION REGARDING DAUBERT MOTIONS AND MOTIONS IN LIMINE.  CDL—2/3/2012

| | | |
|---|---|---|
| | | dispositive motions. |
| Trial | As soon thereafter as the Court deems appropriate. The Court to set deadline for other pre-trial filings, jury instructions, witness lists, pre-trial conference, etc. | As soon thereafter as the Court deems appropriate. The Court to set deadline for other pre-trial filings, jury instructions, witness lists, pre-trial conference, etc. |

**V.** <u>Witnesses to be Deposed</u>

The parties anticipate deposing the following witnesses after an initial round of written discovery and document production. The parties will then promptly determine the need to depose any additional witnesses and schedule depositions in accordance with the witnesses' and the parties'/counsels' schedules.

At present, the parties do not have the individual names/addresses of all the witnesses they expect to be deposed in this matter. However, the parties anticipate that fact witness depositions will take place in March, April, and May 2012, with expert witness depositions in May and June, 2012. The depositions will take place at mutually agreeable locations.

    a. <u>By Plaintiffs</u>

Merial believes it may choose to depose the following (titles and companies listed below are on information and belief):

1. Dennis Steadman, CEO of Velcera, Inc.
2. Alex Kaufman, President/CEO of FidoPharm, Inc.
3. Jeffrey Hume, Senior Director of Operations for FidoPharm, Inc.
4. Magdalena Goral, Controller, Velcera, Inc.
5. Greg Holst, CFO, Velcera, Inc.
6. Rudy Hauser, CCO, Velcera, Inc.

7.  Velcera's Rule 30(b)(6) corporate representative(s).

8.  FidoPharm's Rule 30(b)(6) corporate representative(s).

9.  Third-party witnesses, including representatives of any advertising, marketing, and design agencies used by Velcera, retail store managers or executives, and others.

10. Any expert witness designated by Velcera.

   b. By Defendants

1.  Guillermo H. Lopez
    Executive Director, USA Pets Marketing, Merial Limited

2.  Dr. Zachary Mills, DVM
    Executive Director of Veterinary Services, Merial Limited

3.  Doug Jones
    Senior Director, National Accounts, Merial Limited

4.  Bob Covington
    Senior Director of Sales, Northeast Region, Merial Limited

5.  Brad Kaegi
    Regional Director, Southern Coastal Region, Merial Limited

6.  Steve Blank
    Regional Sales Director, West/Midwest, Merial Limited

7.  Art James
    Regional Manager, Merial Limited

8.  Dr. Sandra R. Cogan (and any other expert designated by Merial)
    Cogan Research Group.

9.  Merial's Rule 30(b)(6) corporate representative(s).

10. Third-party witnesses, including representatives of veterinary practices to whom Merial has sold Frontline products, wholesale and retail distributors of Frontline products and e-commerce sites at which Frontline products are sold.

VI. Expert Witnesses

   a. Plaintiff's Expert Witness(es)

Merial has already provided the report of its expert witness Dr. Sandra Cogan. Dr. Cogan may be contacted through counsel for Merial. Her business address is:

Dr. Sandra Cogan
Cogan Research Group
3528 Torrance Boulevard, Suite 219
Torrance, California 90503

Merial reserves the right to designate additional expert witnesses in accordance with Fed. R. Civ. P. 26 and the scheduling order in this case.

    b.   Defendants' Expert Witness(es)

Velcera reserves the right to designate expert witnesses in accordance with Fed. R. Civ. P. 26 and the scheduling order in this case.

**VII.**   Cost of Discovery

Depending on the scope of discovery requested by Velcera, Merial anticipates that the cost of discovery in this case will be approximately $700,000, exclusive of expert costs.

Depending on the scope of discovery requested by Merial, defendants estimate their total cost of all discovery, including attorneys' fees, will be $1.2 million, exclusive of expert costs.

**VIII.**   Protective Order

The parties believe a protective order is necessary in this case to protect the parties' respective confidential and sensitive business information.  The parties are presently working on a Stipulated Protective Order which they expect to submit to the Court for review shortly.

**IX.**   Participation in Arbitration/Mediation

The parties do not presently wish to participate in an Alternative Dispute Resolution procedure.

**X.**   Other Considerations

    A.   Use of Discovery Material from Patent Litigation

Merial's Position:  In order to reduce the costs of discovery and avoid unnecessary and duplicative discovery, Merial wishes to use in this action discovery material (e.g., documents,

9

testimony, etc.) produced or given by Merial or Velcera in the litigation styled *Merial Limited, et. al. v. Cipla Ltd. et. al.*, Civ. Case No. 3:07-cv-00125-CDL (the "Patent Litigation"). Discovery material produced or given by Merial or Velcera in the Patent Litigation which a party intends to use in this lawsuit would be treated in accordance with the provisions of the protective order referenced above. This provision would not apply to any discovery material produced or given in the Patent Litigation by any party or third-party other than Merial or Velcera.

The parties to this action have already spent a great deal of time and money taking discovery on issues closely related to this litigation, including the development, marketing, sale, profits and costs of Velcera's PETARMOR PLUS and PETARMOR products. Although discovery in the Patent Litigation was primarily directed at the PETARMOR PLUS product, because of the interrelationship between the PETARMOR PLUS product and the PETARMOR product, a significant amount of discovery was provided with respect to the PETARMOR product. Allowing the use of discovery material, all taken or produced within the last 6 months, can only serve both to lower the discovery costs and increase efficiency in this case. As noted in Paragraph VII, *supra*, both parties expect to spend large sums of money on discovery in this matter; they should in good faith seek any opportunity to reduce those costs.

Moreover, as the Court is aware, the discovery in the Patent Litigation was quite limited in scope. Thus, the volume is such that it will present no significant burden on the parties' counsel to familiarize (or re-familiarize) themselves with the record.[4] Specifically, Velcera produced only 8,894 pages of documents in the Patent Litigation, and nearly half of those pages consisted of significantly duplicative weekly market pricing reports and related transmittal e-

---

[4] Both parties are represented in this action, at least in part, by the same counsel currently involved in the Patent Litigation.

mails.  Merial produced 2,050 pages of documents.  Both Merial and Velcera took 3 depositions each.  In sum, neither side can reasonably assert that allowing the discovery material from the Patent Litigation to be used in this case presents an undue burden.

Velcera argues that it would be prejudicial for this material to be automatically made part of the record in this action without the opportunity for Velcera to consider its relevance and any other objections in light of the very different claims and issues involved in this case.  Merial does not dispute that there may be some issues in the Patent Litigation that will not be germane to this case.  However, both parties will be able to object to the use of any discovery material on relevance or other appropriate grounds prior to its admission into evidence.  That some material may prove not to be admissible, however, is not a sound reason for preventing the parties from using material discovered the Patent Litigation that is relevant to this proceeding.

<u>Velcera's Position:</u>  Velcera believes that it would be unfair and prejudicial to Velcera if discovery in the Patent Litigation automatically were to become material of record in this action.  The Patent Litigation involves different facts, witnesses and claims.  Discovery material in the Patent Litigation, therefore, is not necessarily relevant or otherwise responsive in this action, yet would, without designation or production according to the discovery requests in this dispute, and without Velcera having the opportunity to object to discovery requests or deposition questions on grounds that might be appropriate in the instant case but might not have been appropriate in the Patent Litigation, be material of record.  It would be prejudicial for this material to be automatically made part of the record in this action without the opportunity for Velcera to consider its relevance and any other objections it might have in light of the very different claims and issues involved in this case.

Most importantly, Debevoise & Plimpton LLP, lead outside counsel for Velcera in this action, was not involved in any way with discovery in the Patent Litigation. It is Debevoise & Plimpton who will be setting the overall strategy in this action, who will be drafting and responding to discovery requests, and who will be taking and defending depositions (with the assistance of Velcera's Georgia counsel, especially on matters of local law and procedure). By contrast, Merial's counsel in the two actions completely overlap. That means all of Merial's lawyers, but not Velcera's, have participated in developing and are intimately familiar with the Patent Litigation record. Merial's proposal, therefore, places a unique burden on Velcera's lead outside counsel to review the entire record in the Patent Litigation and to conjecture as to which parts of the 11,000-page Patent Litigation record might become part of this action. Similarly, because Velcera's outside counsel, unlike Merial's, was not present for any of the depositions that Merial seeks to introduce in this action, it did not have the opportunity to observe the demeanor of the witnesses, object to questions that would be improper for use in this matter, or seek clarification of deposition answers based on the salient issues in this matter as the record was developed. This essentially gives Merial an unfair advantage on the development of the record for this case.

Furthermore, although a protective order has not yet been entered in this case, the parties are proposing a different set of terms for the protective order in this case as contrasted with the protective order in the Patent Litigation. If the discovery information disclosed in the Patent Litigation were to automatically become the subject of discovery in this case, it would subject the same information to potentially inconsistent treatment under the protective orders.

Velcera believes that, if a party wishes to include any document discovery from the Patent Litigation in this action, it should make an appropriate request, targeted to the issues in

this case (which are distinct from the issues in the Patent Litigation, which itself considered a different product), and/or should produce those documents as part of discovery in this action. Similarly, to the extent a party wants to memorialize a witnesses oral testimony, it should ask the questions at a deposition in this case, so that counsel (including lead counsel for Velcera, who was not involved in the Patent Litigation) can object as appropriate and can observe the testimony. Should a witness deposed in this action give testimony inconsistent with that witness' testimony in the Patent Litigation, the parties are free to confront the witness with his or her prior statements. This procedure allows the parties' counsel in this action to meaningfully participate in developing the record on full notice and with a full opportunity to object within the context of the legal claims and issues pertinent to this action.

THE COURT FINDS IT DIFFICULT TO RESOLVE THIS ISSUE IN THE ABSTRACT. THEREFORE, AT THIS TIME, IT WILL NOT ORDER THAT DISCOVERY IN THE PATENT ACTION SHALL AUTOMATICALLY BECOME A PART OF THE RECORD IN THIS ACTION. HOWEVER, THE COURT DOES EXPECT THE PARTIES TO ENGAGE IN DISCOVERY IN A REASONABLE MANNER THAT AVOIDS UNNECESSARY COST AND EXPENSE. ACCORDINGLY, WHEN A DISCOVERY RESPONSE IS MADE, THE RESPONDING PARTY SHALL BE ALLOWED TO RESPOND BY REFERENCE TO MATERIALS THAT HAVE BEEN PRODUCED IN THE PATENT ACTION. IF THE OTHER PARTY OBJECTS TO THE RESPONSE AS INSUFFICIENTLY RESPONSIVE, THEN THAT PARTY SHALL BRING THE DEFICIENCY TO THE ATTENTION OF THE RESPONDING PARTY IN A GOOD FAITH EFFORT TO RESOLVE THE DISPUTE. IF THE MATTER CANNOT BE RESOLVED, THEN EITHER PARTY MAY SEEK THE COURT'S ASSISTANCE AT THAT TIME. THE COURT WILL EXAMINE

AMONG OTHER THINGS WHETHER EITHER PARTY HAS BEEN UNREASONABLE AND/OR HAS UNNECESSARILY EXPANDED EITHER PARTY'S DISCOVERY COSTS. CDL—2/3/2012

  **B.**  The parties agree to modify the limitations on depositions provided in Fed. R. Civ. P. 30 such that Merial and Velcera will each be permitted to take ten (10) fact witness depositions in addition to taking the deposition of any expert witness designated by the opposing party.

  **C.**  Requests for the Production of Documents and Things

The parties discussed whether to increase the number of document requests, which are limited to ten (10) requests under Local Rule 34, in light of the various claims and counterclaims in this case. The parties ultimately agreed that permitting only ten (10) requests would be sufficient to allow adequate discovery on both the claims and counterclaims in this case. Merial has already served nine (9) document requests which were tailored to comply with the ten (10) request limit set by Local Rule 34; Velcera will serve its document request shortly.

  **D.**  The parties will meet and confer as soon as possible to further discuss the issue of the discovery of electronically stored information in order to reduce the costs of such discovery. For example, the parties hope to be able to agree to limit the number of search terms, the number of document custodians, and the type of documents that are the subject of such discovery.

**XI.**  <u>Certification of the Parties</u>

The parties certify by their signatures below that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Respectfully submitted, this 2nd day of February 2012.

                                                                            s/Edward D. Tolley

| | |
|---|---|
| Judy Jarecki-Black, Ph.D.<br>(judy.jarecki@merial.com)<br>Georgia Bar No. 801698<br>MERIAL LIMITED<br>3239 Satellite Blvd.<br>Duluth, Georgia 30096-4640<br>Tel.: (678) 638-3805<br>Fax: (678) 638-3350 | Edward D. Tolley<br>(etolley@mindspring.com)<br>Georgia Bar No. 714300<br>COOK, NOELL, TOLLEY & BATES LLP<br>304 East Washington Street<br>P.O. Box 1927<br>Athens, GA 30603-1927<br>Tel.: (706) 549-6111<br>Fax: (706) 548-0956 |
| J. Patrick Elsevier, Ph. D.<br>(jpelsevier@jonesday.com)<br>Georgia Bar No. 246694<br>JONES DAY<br>12265 El Camino Real<br>Suite 200<br>San Diego, California 92130-4096<br>Tel.: (858) 314-1200<br>Fax.: (858) 314-1150 | Frank G. Smith, III<br>(frank.smith@alston.com)<br>Georgia Bar No. 657550<br>Jason D. Rosenberg<br>(jason.rosenberg@alston.com)<br>Georgia Bar No. 510855<br>Kathryn W. Bina<br>(kitty.bina@alston.com)<br>Georgia Bar No. 956052<br>Matthew W. Howell<br>(matthew.howell@alston.com)<br>Georgia Bar No. 607080<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Tel.: (404) 881-7000<br>Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

| | |
|---|---|
| William H. Tucker<br>(wlt@psstf.com)<br>Georgia Bar No. 718050<br>James C. Clark<br>(jcc@psstf.com)<br>Georgia Bar No. 127145<br>Thomas F. Gristina<br>(tfg@psstf.com)<br>Georgia Bar No. 452454 |   s/David H. Bernstein<br><br>Bruce P. Keller*<br>(bpkeller@debevoise.com)<br>David H. Bernstein*<br>(dhbernstein@debevoise.com)<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022 |

| | |
|---|---|
| PAGE, SCRANTOM, SPROUSE, <br> TUCKER & FORD, P.C. <br> Synovus Centre <br> 1111 Bay Avenue, 3rd Floor <br> Columbus, GA 31901 <br> Tel.: (706) 324-0251 <br> Fax: (706) 596-9992 | Tel: (212) 909-6000 <br> Fax: (212) 521-7696 <br><br> *admitted pro hac vice |

Michael S. French, Esq.
 (mfrench@wargofrench.com)
Georgia Bar No. 276680
WARGO & FRENCH LLP
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309
Tel: (404) 853-1500
Fax: (404) 853-1501

*Counsel for Defendants Velcera, Inc. and FidoPharm, Inc.*

     The Court adopts the foregoing scheduling and discovery plan and makes it the order of the Court.  The Court notes that it has indicated within this order its resolution of the disagreements between the parties as described in their submitted proposed Order.

     SO ORDERED, this 3rd day of February, 2012

                                                                              s/Clay D. Land
                                                                              CLAY D. LAND
                                                                              UNITED STATES DISTRICT JUDGE