**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S | |
| Plaintiffs and Counterclaim-Defendants, | Case No. 3:11-cv-00157-CDL |
| v. | |
| VELCERA, INC. and FIDOPHARM, INC. | |
| Defendants and Counterclaim-Plaintiffs. | |

## JOINT MOTION FOR A PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs-Counterclaim Defendants Merial Limited and Merial S.A.S (collectively, "Merial") and Defendants-Counterclaim Plaintiffs Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") jointly move the Court to enter either the proposed protective order attached as Exhibit A ("Merial's Proposed Order"), or the proposed protective order attached as Exhibit B ("Velcera's Proposed Order"), or other such order as the Court deems just.

The protective order, drafted jointly by the parties and based on the order entered by this Court in *Merial Limited, et. al. v. Cipla Ltd. et. al.*, Civ. Case No. 3:07-cv-00125-CDL (the "Patent Litigation"), is intended to protect the highly confidential, commercially sensitive business information of the parties, as well as that of any other parties who may become involved through non-party discovery.  The parties have negotiated this draft protective order in good faith over the course of several weeks and have resolved all but one of the issues between them.  However, given the upcoming deadlines in this case – and the parties' mutual reluctance

to engage in meaningful discovery absent the entry of a protective order – the parties feel compelled to bring this issue to the Court for resolution.

The sole issue remaining for the Court's consideration is *whether documents containing confidential information may be redacted if the producing party reasonably believes in good faith that the redacted information is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence*. (*See* Ex. A, Merial's Proposed Order, Section XII. A.).

Merial believes that that this question should be answered in the affirmative and requests that the Court enter Merial's Proposed Order (Ex. A) which includes a provision for the redaction of non-responsive information. Velcera, by contrast, believes this provision is unwarranted and should not be included. Accordingly, Velcera proposes that the Court enter Velcera's Proposed Order (Ex. B).

## ISSUE FOR DETERMINATION

I.   **Whether The Parties Should Be Permitted to Redact Non-Responsive Information from Documents Containing Confidential Information.**

Merial believes the following provision should be included in any protective order entered by the Court. Velcera disagrees, and believes no such provision should be included:

> Documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY may be redacted if the Producing Party reasonably believes in good faith that the redacted information is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Each such redaction, regardless of size, shall be clearly labeled "Redacted - Non-Responsive." This shall not be construed as a waiver of any party's right to seek disclosure of redacted information.
>
> A Party may object to any redaction based on non-responsiveness by giving outside counsel of record for the Producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute on their own, the objecting Party may move the Court for an Order changing or removing the

redaction. The Producing Party has the burden of showing that the redaction is appropriate. The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties.

If any Producing Party discovers that it has inadvertently failed to redact non-responsive material which it believes in good faith is both (1) competitively sensitive and (2) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, the Producing Party may give written notice to the Receiving Party that the document requires redaction and request that the Receiving Party return the document to the Producing Party.

Unless the Producing Party claims that the entire document is subject to redaction pursuant to the above, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed non-responsive material redacted. Within three (3) business days of receiving written notice and a copy of the document with the applicable material redacted, the Receiving Party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts thereof, except that, in the event the Receiving Party disputes the basis for the redaction, outside counsel for the Receiving Party may retain one (1) archival copy of the document in unredacted form pending a ruling from the Court on the issue. Such archival copy of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action.

Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly deemed non-responsive, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly redacted.

*See* Ex. A, Merial's Proposed Order, Section XII. A.).

## A.    **Merial's Position**

The Federal Rules allow a party to obtain discovery of any non-privileged matter that is either relevant to a party's claim or defense, or is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Evidence that is neither relevant nor likely to lead to the discovery of admissible evidence is not discoverable. *See id.* As a result, courts often allow parties to redact information that is irrelevant to a party's claim or defense. *See, e.g., Wells v. General Dynamics Information Tech., Inc.* No. DKC 11-2748, 2011 WL 5036022, *1 (D. Md. Oct. 21, 2011) (Noting the court had previously advised the recipient of a document subpoena

that "if a document contained both responsive and non-responsive information to the subpoena, [respondent] could redact the non-responsive portion of the document before providing it to counsel for [defendant]." ); *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, No. 10-CV-00770, 2011 WL 2882078, *3 (W.D.N.Y. July 15, 2011) (Court held defendant could produce contracts with non-responsive information redacted); *Spano v. Boeing Co.*, No. 3:06-cv-00743, 2008 WL 1774460 (S.D.Ill. April 16, 2008) (redaction proper when redacted information not relevant to issues in the case).

Similarly, several courts have permitted redactions of highly sensitive and confidential information.  *See, e.g., Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 229552, *11 (S.D. Fla. May 28, 2008) (Court granted request to redact references to compensation contained within responsive documents); *Horn v. Wallace*, No. 3:06CV108, 2007 WL 4414843, *3, n. 2 (N.D. Fla. December 17, 2007) ("Defendants are permitted to redact the reports to protect private, confidential and/or privileged information.  Defendants are cautioned, however, to avoid redacting the reports to the extent that they would become meaningless or unusable."); *Commissariat A L'Energie Atomique v. Samsung Elec. Co. Ltd.*, No. 8:06-mc-44-T-30TBM, 2006 WL 5003562, *2 (M.D. Fla. June 14, 2006) (Parties may redact, subject to review of the court, proprietary or confidential business information from the documents produced under the protective order).

Merial is a world-leading animal health company, with numerous products on the market and in development.  Merial has products in various product segments, including for horses, cows, swine, avians, and companion animals.  Even within the companion animal segment, Merial has numerous different products other than its FRONTLINE products, including products for Heartworm disease, Lyme disease, rabies, oral care, osteoarthritis, malignant melanoma and

feline leukemia.  Not surprisingly, many of Merial's confidential documents refer to more than its FRONTLINE products, the only products at issue in this case.  By way of example, Merial has highly confidential business strategy documents that contain discreet sections setting forth Merial's strategies for various product segments and/or products that are wholly unrelated to FRONTLINE, Velcera, or the issues in this case.  Although other sections of Merial's documents may contain information that is relevant to this litigation, Merial would produce that information in accordance with its obligations under the Local and Federal Rules.  The irrelevant sections do nothing to provide context to the larger document, and at the same time contain highly confidential, commercially sensitive information.

Velcera is a direct competitor of Merial whose executives are former Merial executives. In addition to targeting generic versions of Merial's FRONTLINE products, Velcera has publically announced that it "created a subsidiary to evaluate a *broader range of potential pet health product candidates." See* Velcera, Inc., 2007 Annual Report (Form 10-k) (Mar. 26, 2008) (relevant excerpt attached as Exhibit C) (emphasis added)).  Accordingly, Merial is concerned with providing a direct competitor with highly confidential and commercially sensitive information about Merial's products that are not at issue in this case.  This concern is compounded by the fact that one of Velcera's board members, Ms. Manya S. Deehr, Esq. – in-house counsel for Velcera – will have access to those documents that Merial designates as Attorneys' Eyes Only – Highly Confidential.  Merial does not suggest that Ms. Deehr would deliberately misuse Merial's confidential information; however, Merial believes that it would be virtually impossible for Ms. Deehr, who plays a significant business role for Velcera, to "unlearn" certain information she reads about Merial and its products.

Moreover, the protective order to which the parties agreed in the related Patent Litigation allows for redaction of confidential but non-responsive information, and both Merial and Velcera redacted non-responsive information from documents for production in that case.  Discovery in the Patent Litigation has now closed, and no motions were ever filed to compel production of unredacted documents.

Finally, both versions of the protective order note the presumption that any evidence relied upon in a filed motion or in opposition to any such motion, or to be used in a hearing or trial, shall be of public record. (Exhs. A, B, Section XVI).  Thus the risk that one of Merial's or Velcera's documents about a product or topic unrelated to this case becomes public or is inadvertently used in an improper way outweighs any risk that the parties might redact "too much" information, allegedly leaving the document without context.  Indeed, Merial's Proposed Order includes a clear procedure for a party to follow if it believes a document has been inappropriately redacted, and places the burden on the producing party, in the event of a dispute, to demonstrate that the redaction is appropriate. (*See* excerpted section, *supra*).

In conclusion, Merial takes its obligations under the Rules to produce responsive, non-privileged documents very seriously, and it does not intend to redact documents as a way to impede the discovery process or raise Velcera's costs.  However, Merial should not be required to produce highly confidential business information to a direct competitor on products and issues that are wholly irrelevant to this case.  Merial respectfully requests that Court enter Merial's Proposed Order, attached as <u>Exhibit A</u>.

### B.     **Velcera's Position**

The Federal Rules do not allow a party to redact information in responsive documents on the basis of relevance.  "Rule 34 talks about the production of 'documents' as opposed to the relevant information contained in those documents."  *Orion Power Midwest, L.P. v. American*

*Coal Sales Co.*, No. 2:05-CV-555, 2008 WL 4462301, *2 (W.D.Penn. Sept. 30, 2008); *see also Bartholomew v. Avalon Capital Grp., Inc.*, No. 09-1279, 2011 WL 6217313, *11 (D.Minn. Apr. 28, 2011) ("[C]ourts view 'documents' as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the *entire document* is relevant for that purpose.") (emphasis added).  Further, "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information."  *Bartholomew*, 2011 WL 6217313 at *11; *see also Evon v. Law Offices of Sidney Mickell*, No. S-09-0760, 2010 WL 455476, *2 (E.D.Cal. Feb. 3, 2010) ("[A] party should not . . . decide unilaterally what context is necessary for the unredacted part disclosed, and what might be useless to the case."); *In re Medeva Sec. Litig.*, No. 93-4376-KN-AJWX, 1995 WL 943468, *3 (C.D.Cal. May 30, 1995) (explaining that redaction of information makes documents "confusing or difficult to use [and] often . . . results in litigation of collateral issues and *in camera* review of documents by the Court").

        Accordingly, Courts nationwide have rejected Merial's argument that redaction should be permitted.  *See Bartholomew*, 2011 WL 6217313 at *11 (holding that the Federal Rules do not permit a party to unilaterally redact documents for relevance; party must seek leave under Rule 26(c) to redact the allegedly irrelevant information); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. 09-CV-30307, 2011 WL 1486033, *4 (D.Minn. Apr. 19, 2011) (ordering production of nonredacted versions of documents allegedly containing "highly sensitive information"); *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, No. 1:10-CV-00362, *3–4 (N.D.Ohio Dec. 16, 2010) (ordering defendant to produce nonredacted versions of documents allegedly containing sensitive or confidential information with "Attorneys' Eyes

Only" designation); *HR Tech., Inc. v. Imura Intern. U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, *6 (D.Kan. Nov. 17, 2010) (finding that redaction on relevance grounds is contrary to Rule 34 and bad policy); *Beverage Distrib., Inc. v. Miller Brewing Co.*, Nos. 2:08-CV-827, 2:08-CV-931, 2:08-CV-1112, 2:08-CV-1131, 2:08-CV-1136, 2010 WL 1727640, *5 (S.D.Ohio Apr. 28, 2010) (granting plaintiff's motion to compel where defendant extensively redacted documents within its production); *David v. Alpin*, No. , 2010 WL 1404722, *7 (W.D.N.C. Mar. 30, 2010) (ordering production of nonredacted versions of documents where protective order was in place); *Orion Power Midwest, L.P.*, 2008 WL 4462301 at *2 (observing that the Federal Rules do not allow a party to "scrub responsive documents of non-responsive information").

Although a handful of Courts have permitted a party to redact information on the basis of relevance, in those cases the content of the redactions was readily apparent and limited in scope. *See, e.g.*, *Bear Creek Cranberry Co., LLC v. Cliffstar Corp.*, No. 10-CV-00770, 2011 WL 2882078, *3 (W.D.N.Y. July 15, 2011) (redactions involved pricing information in contracts between defendant and plaintiff's competitors); *Cooper v. Meridian Yachts, Ltd.*, No. 06-61630-CIV, 2008 WL 2229552, *11 (S.D.Fla. May 28, 2008) (permitting redaction of compensation references in agreements); *Spano v. Boeing Co.*, No. 3:06-CV-00743-DRH-DGW, 2008 WL 1774460, *3 (S.D.Ill. Apr. 16, 2008) (redactions limited to benefits plans that were not at issue in the case); *Horn v. Wallace*, No. 3:06-CV-108, 2007 WL 4414843, *3 n.2 (N.D.Fla. Dec. 17, 2007) (allowing redaction of confidential information in prison officers' disciplinary reports); *Commissariat A. L'Energie Atomique v. Samsung Elecs.*, No. 8:06-MC-44-T-30TBM, 2006 WL 5003562, *2 (M.D.Fla. June 14, 2006) (third party permitted to redact propriety or confidential business information, subject to review by the court, in agreements between the third party and the defendants).

Merial's version of the protective order, by contrast, allows Merial to redact untold amounts of information in its production based solely on its subjective assessment of relevance. The provision proposed by Merial does not require Merial to provide a log describing the nature of the redactions.  Accordingly, Velcera would have no way of determining the nature of the redactions or assessing their propriety.  Further, the provision's procedure for challenging redactions is impractical and contrary to judicial economy.  Given the likely volume of redactions (based on the parties' experience in the related Patent Litigation) and the lack of any requirement that Merial provide a description of their contents, it is impossible for the parties to meaningfully confer and resolve any potential dispute.  (*See* Exh. A., Section XII.A.)   Thus, allowing redaction will inevitably lead to "litigation of collateral issues and in camera review of documents by the Court, with the result that the time of both counsel and the Court is wasted." *Medtronic Sofamor Danek, Inc.*, 2002 WL 33003691 at *5 (quoting *In re Medeva Sec. Litig.*, 1995 WL 943468 at *3).

Moreover, both versions of the protective order provide adequate safeguards against the improper use of Merial's confidential information.  The protective order expressly provides that designated material "shall be used solely for purposes of and in connection with" this litigation. (Exhs. A, B Section III.B.)  Velcera takes its obligation to comply with the terms of the protective order very seriously.  Although Velcera's in-house counsel, Ms. Manya S. Deehr, is a member of Velcera's board of directors, Ms. Deehr provides purely legal advice to Velcera. Strategic business decisions are made by other members of the board and Velcera executives. Accordingly, there is no risk that Ms. Deehr will deliberately or inadvertently misuse Merial's confidential information.  Having brought this action, Merial must comply with the Federal Rules and produce documents in nonredacted form.

Additionally, both versions of the protective order adequately protect against the improper public disclosure of Merial's confidential information.  First, the protective order allows Merial to object to Velcera's use of its confidential information in any motion, hearing, or trial.  Merial is also permitted to move to have the materials filed under seal.  (Exhs. A, B Section XVI)  Second, in the related Patent Litigation, the parties routinely filed documents containing confidential information under seal.  This Court also permitted the parties to redact confidential information in a hearing transcript.  Thus, the risk that Merial's confidential information will be improperly disseminated is <u>not</u> outweighed by the "risk that the parties might redact 'too much.'"

Velcera is particularly concerned about redactions in this case because of Merial's abuse of the redaction provision contained in the protective order entered in the Patent Litigation.  The redaction provision in that protective order only permitted the parties to redact designated material that was "(1) competitively sensitive; (2) not related to fipronil or fipronil-based products or their use or methods of use; and (3) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discover of admissible evidence."  (*See* Doc. 110, Section XII.)  Nevertheless, Merial took the position that the redaction provision was not exclusive and "merely provide[d] one category of affirmatively permitted redactions that 'may' be implemented."  (Exh. D.)  Further, Merial <u>extensively</u> redacted its production.  In many instances, entire pages and sections of documents were redacted, making them confusing and difficult for Velcera to analyze or use.[1]  Rather than simply eliminating purportedly irrelevant

---

[1]   Under the Stipulated Protective Order for Damages-Sanctions Phase of Proceeding in the related Patent Litigation, designated material can be used solely for purposes of that proceeding.  (Doc. 110, Section III.B.)  Accordingly, Velcera is unable to attach sample documents to this

information from responsive documents, the redactions impeded Velcera's efforts to prepare its case.

In conclusion, the Federal Rules do not allow a party to redact information in responsive documents on the basis of relevance.  Further, there is no need for redaction in this case because the confidentiality of Merial's sensitive information is adequately protected by the protective order.  Allowing redaction will only increase litigation costs and burden this Court.  Accordingly, Velcera respectfully requests that this Court enter Velcera's Proposed Order, attached as Exhibit B.

## **CONCLUSION**

In conclusion, Merial respectfully requests that the Court enter the proposed protective order attached as Exhibit A.  Velcera respectfully requests that the Court enter the proposed protective order attached as Exhibit B.

---

filing that were produced by Merial in the Patent Litigation that plainly would demonstrate the extensive and overbroad nature of Merial's redactions in that case.

Respectfully submitted, this 6th day of March, 2012.

/s/ **Edward D. Tolley**

Judy Jarecki-Black, Ph.D., Esq.
(judy.jarecki@merial.com)
Georgia Bar No. 801698
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, Georgia  30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350


J. Patrick Elsevier, Ph. D., Esq.
(jpelsevier@jonesday.com)
Georgia Bar No. 246694
JONES DAY
12265 El Camino Real
Suite 200
San Diego, California 92130-4096
Tel.: (858) 314-1200
Fax.: (858) 314-1150

Edward D. Tolley, Esq.
(etolley@mindspring.com)
Georgia Bar No. 714300
COOK NOELL TOLLEY & BATES LLP
304 East Washington Street
P.O. Box 1927
Athens, GA 30603-1927
Tel.: (706) 549-6111
Fax: (706) 548-0956

Frank G. Smith, III, Esq.
(frank.smith@alston.com)
Georgia Bar No. 657550
Jason D. Rosenberg, Esq.
(Jason.rosenberg@alston.com)
Georgia Bar No. 510855
Kathryn W. Bina, Esq.
(kitty.bina@alston.com)
Georgia Bar No. 956052
Matthew W. Howell, Esq.
(matthew.howell@alston.com)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiffs Merial Limited and Merial SAS*

**/s/Michael S. French**
WARGO FRENCH, LLP
Joseph D. Wargo
(jwargo@wargofrench.com)
Georgia Bar No. 355045
Michael S. French
(mfrench@wargofrench.com)
WARGO & FRENCH LLP
Georgia Bar No. 276680
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309
Tel:  (404) 853-1500
Fax:  (404) 853-1501

William L. Tucker
(wlt@psstf.com)
Georgia Bar No. 718050
James C. Clark
(jcc@psstf.com)
Georgia Bar No. 127145
Thomas F. Gristina
(tfg@psstf.com)
Georgia Bar No. 452454
PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901
Tel.:  (706) 324-0251
Fax:  (706) 596-9992

Bruce P. Keller*
(bpkeller@debevoise.com)
David H. Bernstein*
(dhbernstein@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax:  (212) 521-7696

*  Admitted pro hac vice

*Counsel for Defendants Velcera, Inc. and FidoPharm, Inc.*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS | |
| Plaintiffs, | Civil Case No. 3:11-cv-00157-CDL |
| v. | |
| VELCERA, INC. and FIDOPHARM, INC. | |
| Defendants | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed foregoing JOINT MOTION  FOR

PROTECTIVE ORDER, via the Court's CM/ECF system, which will automatically give notice

to all counsel of record.

This 6th day of March, 2012.

__s/___Edward D. Tolley_____ __

Edward D. Tolley

14