# EXHIBIT D

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

**Matthew W. Howell**  Direct Dial: 404-881-7349  Email: matthew.howell@alston.com

November 3, 2011

*VIA EMAIL*

Michael S. French
WARGO & FRENCH LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
mfrench@wargofrench.com

Re:   *BASF Agro B.V. v. Cipla Limited,* No. 3:07-cv-125-CDL

Dear Mike:

I write with regard to your November 2, 2011, letter to me. As an initial matter, thank you for agreeing to return or destroy the inadvertently produced documents that are subject to attorney-client privilege and/or work product protection. We will follow the procedure set forth under Section XI of the Protective Order with regard to any materials that are returned by Velcera.[1]

With regard to the inadvertently produced confidential information, we disagree with Velcera's contention that the Protective Order somehow "strictly limits" the ability of the parties to redact information that is not relevant to a determination of the issues before the Court. Indeed, for example, under Velcera's improperly restricted view of the Protective Order, personal information such as social security numbers or credit card information could not be redacted because they are not "competitively sensitive" as is also required by Section XII.A. of the Protective Order. Clearly, Section XII.A. of the Protective Order merely provides one category of affirmatively permitted redactions that "may" be implemented.

The highly-sensitive information that Merial seeks to protect has no bearing on either a reasonable royalty or disgorgement calculation. In particular, this highly-sensitive, confidential business information includes: (i) R&D efforts and future plans and

---

[1] I also note what appears to be an inadvertent misquote of the Protective Order on page 2 of your November 2, 2011 letter, which states that Velcera "demands that Merial 'keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by *[Merial]* . . . .'" The Protective Order, however, states that Merial is obligated "to keep in a sealed envelope . . . discovery returned by the *Receiving Party* [*i.e.* Velcera]."

November 3, 2011
Page 2

strategies related to products that are not at issue in this case; (ii) Merial's future business strategies; and (iii) potential future Merial products that are in development, have not been publicly announced, and/or have not been approved by any regulatory agency, and thus may never be released into the market.

Again, we ask that Velcera return or destroy inadvertently produced materials that contain Merial's highly-sensitive, confidential business information. The American Bar Association previously issued a formal opinion on the Unsolicited Receipt of Privileged or Confidential Materials, stating that it was "persuaded by relevant public policy considerations and case law that a lawyer who, without solicitation, receives materials which are obviously privileged and/or confidential has a professional obligation to notify the adverse party's lawyer that she possesses such materials and either *follow the instructions of the adversary's lawyer with respect to the materials, or refrain from using the materials until a definitive resolution of the proper disposition of the materials is obtained from the court.*" ABA Comm. On Ethics and Professional Responsibility, Formal Op. 94-382 (emphasis added).

Although this opinion was later withdrawn, because it did not address the plain text of Model Rule 4.4(b), the ABA noted that "the Rules do not exhaust the moral and ethical considerations that should inform a lawyer. Certainly, the considerations that influenced the Committee in Formal Opinion 92-368, which carried over to Formal Opinion 94-382 are part of that broader perspective that may guide a lawyer's conduct in the situations address in those opinions." *See* ABA Comm. On Ethics and Professional Responsibility, Formal Op. 06-440 (citing Formal Op. 94-382). Indeed, in Formal Opinion 94-382, the ABA Committee was influenced by principles involving, among others, the protection of confidentiality and "general considerations of common sense, reciprocity, and professional courtesy." *Id.*

Additionally, yesterday you indicated to Frank Smith that Velcera's rational for not returning Merial's inadvertently produced documents was that Velcera would be prejudiced in its efforts to prepare for a deposition of Merial's witnesses on Monday. Velcera, having cancelled that deposition, has ameliorated, if not negated entirely, any such prejudice, thereby obviating Velcera's stated rational for not returning the inadvertently produced documents.

Merial strongly believes that this is an issue that should be resolved by the parties, and not be brought before the Court. However, if Merial does not have Velcera's written assurances that it will return and/or destroy Merial's inadvertently produced confidential documents, Merial will have no alternative other than to bring this matter to the attention of the Court.

November 3, 2011
Page 3

Please let us know by close of business tomorrow whether Velcera will return and/or destroy Merial's inadvertently produced confidential information.

                                                Sincerely,

                                                Matthew W. Howell

MWH:mwh
cc:  All Counsel of Record (via Email)