IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and<br>MERIAL S.A.S.,<br><br>  Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and<br>FIDOPHARM, INC.,<br><br>  Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:11-CV-00157-CDL |

**DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS' BRIEF IN OPPOSITION TO
EMERGENCY MOTION TO AMEND SCHEDULING ORDER**

Defendants and Counterclaim-Plaintiffs Velcera, Inc. and Fidopharm, Inc. (collectively, "Velcera") respectfully submit this brief in opposition to the Emergency Motion to Amend the Scheduling Order as to Expert Report Deadlines ("Motion to Amend") filed by Plaintiffs and Counterclaim-Defendants Merial Limited and Merial S.A.S. (collectively "Merial") on March 7, 2012 and request that the Court amend the scheduling order in this case (the "Scheduling Order") to extend all remaining discovery deadlines, including the expert report deadlines, an additional thirty days in accordance with the timeframes established by this Court in the existing Scheduling Order. (*See* Scheduling Order, Docket No. 30.)

Unfortunately, Merial's "emergency" Motion to Amend mischaracterizes Velcera's position as to Merial's requested extension of the deadline set by the Court for disclosure of "burden of proof" expert reports. To be clear, Velcera has *never* opposed granting Merial such

an extension, but has only asked that the remaining deadlines that cascade off of the initial disclosure of these expert reports (including the deadlines for the close of discovery and for filing summary judgment motions) be extended by a commensurate amount of time.  The common sense concept behind Velcera's position is that an *extension* of time for Merial to disclose its experts should not result in a *reduction* of the corresponding time allowed to Velcera to complete the discovery necessary to rebut these reports and to prepare any necessary motions for summary judgment.

Notwithstanding the obvious fairness in Velcera's proposal, Merial has rejected this suggested approach as "inappropriate," filed its "emergency" Motion to Amend and accused Velcera of "horse trading" on Merial's request for an extension.  (*See* Motion to Amend, Docket No. 34, at 2-3.)  Merial's only stated objections to Velcera's proposal are that an extension of the discovery period is "unwarranted" – in Merial's opinion – and will somehow result in increased costs.  (*Id*., at 3.)  The reality of the situation, however, is that a short extension of the remaining deadlines in this case to accommodate Merial's requested extension would not prejudice Merial and would be abundantly fair to all of the parties.

Far from engaging in "horse trading," as Merial contends, Velcera is seeking the extension of all discovery deadlines to ensure that it has adequate time to litigate this case.  Velcera cannot know what Merial's expert reports will contain.  Therefore, Velcera is seeking to preserve a reasonable time period (the same amount established by the Court in the original Scheduling Order agreed to by Merial) to engage in additional discovery and prepare its arguments for summary judgment based on the information contained in the expert reports.  As

such, Velcera is not "horse trading" but only seeking an equitable extension of time for deadlines that affect Velcera to accommodate an extension of a deadline that only affects Merial.[1]

Accordingly, Velcera proposes that the Court amend the Scheduling Order to extend the deadlines for discovery as set forth below:

- Burden of Proof Expert Reports – April 12, 2012
- Non-Burden of Proof Expert Reports – May 14, 2012
- Rebuttal Expert Reports – June 15, 2012
- Discovery Closes – July 17, 2012
- Summary Judgment Motions – August 31, 2012

Velcera respectfully requests that the Court modify the current Scheduling Order according to this proposed schedule in order to preserve the time frames established by this Court in the current Scheduling Order and to ensure neither party will be prejudiced as a result of the extension requested by Merial.

---

[1] Merial's contention that this issue is created by Velcera's "refusal to produce documents prior to the entry of a protective order" is similarly inaccurate. (Motion to Amend, Docket No. 34, at 2.) Velcera has not produced any documents to date as the parties could not agree to a suitable protective order. As Merial admits, the parties have engaged in good faith negotiations on this issue but have been unsuccessful in reaching an agreement. (*Id*.) Moreover, the issue of contention that has prevented the parties from reaching agreement has been Merial's request that they be granted the power to redact information they deem non-responsive from otherwise responsive documents. Velcera was simply not in a position to produce its documents until it understood how redactions were to be processed so it could conform its production to the Court's directives.

Respectfully submitted, this 9th day of March, 2012.

/s/ Joseph M. Englert
WARGO FRENCH, LLP
Joseph D. Wargo
(jwargo@wargofrench.com)
Georgia Bar No. 738764
Michael S. French
Georgia Bar No. 276680
(mfrench@wargofrench.com)
Elizabeth C. Murphy
(emurphy@wargofrench.com)
Georgia Bar No. 116275
Joseph M. Englert
(jenglert@wargofrench.com)
WARGO FRENCH, LLP
Georgia Bar No. 112409
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309
Tel:  (404) 853-1500
Fax:  (404) 853-1501

William L. Tucker
(wlt@psstf.com)
Georgia Bar No. 718050
James C. Clark
(jcc@psstf.com)
Georgia Bar No. 127145
Thomas F. Gristina
(tfg@psstf.com)
Georgia Bar No. 452454
PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901
Tel.:  (706) 324-0251
Fax:  (706) 596-9992

Bruce P. Keller*
(bpkeller@debevoise.com)
David H. Bernstein*
(dhbernstein@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax:  (212) 521-7696

*  Admitted pro hac vice

*Counsel for Defendants*
*and Counterclaim Plaintiffs*
*Velcera, Inc. and FidoPharm, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and<br>MERIAL S.A.S.<br><br>   Plaintiffs and Counterclaim-Defendants,<br>v.<br><br><br>VELCERA, INC. and<br>FIDOPHARM, INC.,<br><br>   Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:11-cv-00157-CDL |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day filed electronically via CM/ECF a true and correct copy of the foregoing **DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS' BRIEF IN OPPOSITION TO EMERGENCY MOTION TO AMEND SCHEDULING ORDER** in the United States District Court for the Middle District of Georgia and, therefore, have served all the parties (c/o the following counsel of record) in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of the electronic filing:

[continued on the next page]

| | |
|---|---|
| Judy Jarecki-Black, Ph.D.<br>MERIAL LIMITED<br>3239 Satellite Blvd.<br>Duluth, GA 30096-4640<br>Tel.: 678.638.3805<br>Fax: 678.638.3350<br>judy.jarecki@merial.com | Edward D. Tolley, Esq.<br>COOK NOELL TOLLEY & BATES LLP<br>Georgia Bar No. 714300<br>304 East Washington Street<br>Athens, GA 30601<br>Tel.: 706.549.6111<br>Fax: 706.548.0956<br>etolley@mindspring.com |
| J. Patrick Elsevier, Ph.D.<br>JONES DAY<br>12265 El Camino Real, Suite 200<br>San Diego, CA 92130<br>Tel.: (858) 314-1200<br>Fax: (858) 314-1150<br>jpelsevier@jonesday.com | Frank G. Smith, III<br>Jason D. Rosenberg<br>Kitty Bina<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>Tel.: (404) 881-7000<br>Fax: (404) 881-7777<br>frank.smith@alston.com<br>jason.rosenberg@alston.com<br>kitty.bina@alston.com |

This 9th day of March, 2012.

      /s/ Joseph M. Englert
      Joseph M. Englert