UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>  Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>  Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00157-CDL |

**MERIAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY ON VELCERA'S COUNTERCLAIMS AND TO QUASH SUBPOENAS**

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiffs Merial Limited and Merial S.A.S. (collectively, "Merial") move this Court for (i) a protective order to stay discovery on Defendants Velcera, Inc.'s and FidoPharm, Inc.'s (collectively, "Velcera's") Counterclaims, and (ii) for an order to quash Velcera's subpoenas on Lambert Vet Supply, LLC and Douglas W. Lambert (the "Lambert Subpoenas").[1]  In support thereof, Merial states as follows.

**BACKGROUND**

Velcera's Counterclaims principally concern Merial's stated policy of selling its FRONTLINE products only within the veterinary channel.  (Dkt. 19).  As discussed in detail in

---

[1] Pursuant to Rule 26(c)(1), Merial certifies that it has in good faith conferred with Velcera to resolve the dispute without Court action.  Specifically, in a letter dated March 21, 2012, counsel for Merial made an expressly stated attempt to "meet and confer" on the issue of staying discovery on Velcera's Counterclaims pending the resolution of Merial's Motion to Dismiss.  Counsel for Merial followed-up on the issue in an e-mail on March 22, 2012; shortly thereafter, counsel for Velcera stated that Velcera would not consent to a stay of discovery on the Counterclaims pending resolution of the Motion to Dismiss.

connection with Merial's Motion to Dismiss Velcera's Counterclaims, Velcera lacks both constitutional and prudential standing to bring these Counterclaims. Moreover, Velcera has failed to plausibly state a claim for relief under Rule 12(b)(6). (Dkt. 24-1 (Merial's opening brief), 31 (Merial's reply brief)).

Merial's Motion to Dismiss is pending with the Court. Discovery in this case does not close until July 17, 2012. (Order, March 13, 2012). Yet Velcera seeks to engage in extensive and expensive discovery on its Counterclaims – including issuing subpoenas for depositions and documents to non-parties located in Lincoln, Nebraska – during the pendency of the Motion to Dismiss. In order to save time and money of the parties and non-parties alike, as well as to conserve the resources of this Court, Merial requests that discovery on Velcera's Counterclaims be stayed and the subpoenas quashed until such time as the Court has ruled on Merial's Motion to Dismiss Velcera's Counterclaims.

## ARGUMENT AND CITATION OF AUTHORITIES

Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party… from…undue burden or expense." Such an order includes staying discovery pending a motion to dismiss. *See Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming stay of discovery pending defendant's motion to dismiss or for summary judgment); *Riley v. Rutherford*, No. 3:10-cv-644-J-34 MCR, 2010 WL 4054140, *1 (N.D. Fla. Oct. 15, 2010) (recognizing that Rule 26(b)(1) provides courts authority to limit the scope of discovery); *Thomas v. Ammons*, 1:08-CV-145 (WLS), 2009 WL 3172662, *4 (M.D. Ga. Sept. 30, 2009) (stating that Rule 26(d) "provides the Court broad discretion to alter the sequence of discovery 'for the convenience of the parties…and in the interests of justice'").

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery

begins." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.* No. 7:08-CV-32 (HL), 2008 WL 4544470, *1 (M.D. Ga. Oct. 10, 2008) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997)). Resolution of a motion to dismiss may extinguish some or all claims, thereby eliminating the need for discovery or restricting the scope of discovery. *See id*. (noting that facial "challenges present purely legal questions and can therefore be resolved without the need for discovery, which can spare the court and the litigants the myriad costs of discovery if the court's ruling results in dismissal"); *White v. Georgia*, No. 1:07-cv-01739-WSD, 2007 WL 3170105, *2 (N.D. Ga. Oct. 25, 2007) (staying discovery on the basis that "[r]esolution of the pending motions to dismiss may extinguish some or all of the claims against each defendant, potentially restricting the scope of discovery significantly").

Merial recognizes that a stay of discovery is not automatic. *Id*. Rather, the party seeking the stay must prove good cause and reasonableness exists to grant the stay. *Id*. District courts evaluating a stay request must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Arriaga-Zacarias*, 2008 WL 4544470 at *1 (citation omitted); *see Russ v. Tift County Hosp. Authority*, 7:10-cv-31 (HL), 2010 WL 3951271, *2 (M.D. Ga. Oct. 7, 2010) (defendants showed good cause to stay discovery "because there is no need for discovery until the Court rules on the pending motion for judgment on the pleadings."). It is often helpful for court's "to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Arriaga-Zacarias*, 2008 WL 4544470 at *1.

Good cause exists to stay discovery related to Velcera's Counterclaims pending Merial's Motion to Dismiss. Velcera's Counterclaims consist of two counts based on the same underlying conduct: (1) false advertising in violation of 15 U.S.C. § 1125(a) and (2) deceptive trade

3

practices under O.C.G.A. § 10-1-372 (Dkt. 19, ¶¶ 9-10).  As set forth in Merial's Motion to Dismiss, (Dkt. 24, 31), Velcera's Counterclaims should be dismissed with prejudice because Velcera lacks both the constitutional and prudential standing to bring these claims, and has failed to plausibly state a claim under Rule 12(b)(6) for false advertising or deceptive trade practice claims.

Further, Velcera's Counterclaims are unrelated to Merial's cause of action against Velcera for trade dress infringement and false advertising.  Thus, it is possible to stay discovery only as to Velcera's Counterclaims without any prejudice to Velcera.

Staying discovery will further save the parties and non-parties significant time and expense, and will conserve judicial resources to the extent discovery disputes might otherwise arise.  Indeed, Velcera has already issued subpoenas for documents and depositions to third parties located in Nebraska that relate only to Merial's policy of selling through only the veterinary channel.  (*See* Lambert Subpoenas, attached as Exhibit A.)  If the Court grants Merial's Motion to Dismiss, the parties, as well as Lambert Vet Supply, Douglas Lambert, and any other third party Velcera subpoenas, will have unnecessarily incurred significant fees and expenses.  On the other hand, if the Court denies Merial's Motion to Dismiss, the parties can resume discovery on Velcera's Counterclaims, and Velcera can subpoena information from third parties as it deems appropriate.  Given that discovery does not close until July 17, 2012, Merial expects that Velcera will have sufficient time to engage in such discovery should the Motion to Dismiss be resolved in Velcera's favor.  *Arriaga-Zacarias*, 2008 WL 4544470 at *2 ("Because there is a potential that this claim could be dismissed and these costs avoided, the Court finds that good cause exists for staying discovery.  This outweighs any potential prejudice that will

4

result from the stay."). If additional time is required, Velcera will of course be free to request that the Court extend discovery on the issue of its Counterclaims.

## **CONCLUSION**

In conclusion, Merial requests that the Court issue a protective order and stay discovery on Velcera's Counterclaims, and quash the Lambert Subpoenas, pending the Court's ruling on Merial's Motion to Dismiss.

Respectfully submitted, this 23rd day of March, 2012.

/s/ **Edward D. Tolley**

| | |
|---|---|
| Judy Jarecki-Black, Ph.D., Esq. | Edward D. Tolley, Esq. |
| (judy.jarecki@merial.com) | (etolley@mindspring.com) |
| Georgia Bar No. 801698 | Georgia Bar No. 714300 |
| MERIAL LIMITED | COOK NOELL TOLLEY & BATES LLP |
| 3239 Satellite Blvd. | 304 East Washington Street |
| Duluth, Georgia  30096-4640 | P.O. Box 1927 |
| Tel.: (678) 638-3805 | Athens, GA 30603-1927 |
| Fax: (678) 638-3350 | Tel.: (706) 549-6111 |
| | Fax: (706) 548-0956 |
| J. Patrick Elsevier, Ph. D., Esq. | Frank G. Smith, III, Esq. |
| (jpelsevier@jonesday.com) | (frank.smith@alston.com) |
| Georgia Bar No. 246694 | Georgia Bar No. 657550 |
| JONES DAY | Jason D. Rosenberg, Esq. |
| 12265 El Camino Real | (Jason.rosenberg@alston.com) |
| Suite 200 | Georgia Bar No. 510855 |
| San Diego, California 92130-4096 | Kathryn W. Bina, Esq. |
| Tel.: (858) 314-1200 | (kitty.bina@alston.com) |
| Fax.: (858) 314-1150 | Georgia Bar No. 956052 |
| | Matthew W. Howell, Esq. |
| | (matthew.howell@alston.com) |
| | ALSTON & BIRD LLP |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Case No. 3:11-cv-00157-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed the foregoing MERIAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY ON VELCERA'S COUNTERCLAIMS AND TO QUASH SUBPOENAS, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 23rd day of March, 2012.

　　　　　　　　　　　　　　　　　　　　__s/___Edward D. Tolley_____ __
　　　　　　　　　　　　　　　　　　　　　　　Edward D. Tolley