# Exhibit A

AO 88

# Issued by

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEBRASKA

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S., ) | **SUBPOENA IN A CIVIL CASE** |
| ) | |
| Plaintiffs and Counterclaim-Defendants, ) | CIVIL ACTION FILE |
| ) | |
| v.  ) | NO. 3:11-CV-00157-CDL* |
| ) | |
| VELCERA, INC. AND FIDOPHARM, INC., ) | *Pending in the Middle District of Georgia |
| ) | |
| Defendants and Counterclaim-Plaintiffs. ) | |

**TO:** Douglas W. Lambert
714 Fifth Street
Fairbury, NE 68352

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Latimer Court Reporting, 528 South 13th Street, Suite 1, Lincoln, Nebraska 68508 | Monday, April 2, 2012<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" ATTACHED.**

| PLACE | DATE AND TIME |
|---|---|
| Latimer Court Reporting, 528 South 13th Street, Suite 1, Lincoln, Nebraska 68508<br>c/o Joseph M. Englert, Esq. | Monday, April 2, 2012<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Joseph M. Englert, Esq.<br>Attorney for Defendants Velcera, Inc. and FidoPharm, Inc. | 3/20/12 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph M. Englert, Esq.
Wargo & French LLP, 999 Peachtree Street, 26th Floor, Atlanta, GA 30309        Ph: (404) 853-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles form the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

(B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

## INSTRUCTIONS

A.  In the event that any documents or things the production of which is requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

    (a)  the type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

    (b)  the name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

    (c)  the type of privilege claimed;

    (d)  a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or only to part of the document or thing; and

    (e)  the numbers of each specification to which the document or thing otherwise would be responsive.

B.  If any of the documents requested by a request for production of documents are not within your possession, identify each person who has possession of the documents.

C.  If it is maintained that any document that is requested has been destroyed, set forth the contents of the documents, the date of such destruction and the name of the person who authorized or directed such destruction.

D.  Production of documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance

with the terms of the protective ordered entered by the Court in the underlying lawsuit, a copy of which is provided herewith.

## DEFINITIONS

A.  As used herein, the words "You" and "Your" shall mean Douglas W. Lambert and Lambert Vet Supply, LLC and its agents, employees, contractors, consultants, representatives, directors, officers, partners, corporate parents, subsidiaries or affiliates, any of their predecessor companies or entities, and their attorneys or anyone else acting on its behalf.

B.  As used herein, the words "or" and "and" shall mean "and/or."

C.  As used in these Requests, the terms "document" and "documents" shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including,

but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or un-cancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The terms "document" and "documents" also mean any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

D.  "Relating to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

E.  "FRONTLINE Products" means the products sold under the brand names of FRONTLINE TOP SPOT and FRONTLINE PLUS.

F.  "Merial" refers to Merial Limited and Merial S.A.S., as well as any employees, agents, representatives, or any other person(s) acting on its behalf, including, but not limited to attorneys.

G.  "Third party" means any person other than Velcera or Merial.

H.      "Velcera" means Velcera, Inc. and FidoPharm, Inc., as well as any employees, agents, representatives, or any other person(s) acting on its behalf, including, but not limited to, attorneys.

## REQUESTS

1.      All documents relating to any contract, agreement, or understanding between You and Merial regarding the sale or distribution of FRONTLINE Products.

2.      All documents relating to any contract, agreement, or understanding between You and any Third party regarding the sale or distribution of FRONTLINE Products.

3.      All documents relating to the sale or distribution of FRONTLINE Products in non-veterinary channels, including, but not limited to, online and brick-and-mortar retail stores and pharmacies.

4.      All documents, including, but not limited to, any communications, correspondence, or reports, between You and Merial regarding the sale or distribution of FRONTLINE Products in non-veterinary channels.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel of record with a true and correct copy of the foregoing DEFENDANTS VELCERA, INC. AND FIDOPHARM, INC.'S SUBPOENA TO DOUGLAS W. LAMBERT via electronic mail or by depositing same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Frank G. Smith, III
Jason D. Rosenberg
Kitty Bina
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
jason.rosenberg@alston.com
kitty.bina@alston.com

Edward D. Tolley, Esq.
COOK NOELL TOLLEY &
BATES LLP
Georgia Bar No. 714300
304 East Washington Street
Athens, GA 30601
Tel.: 706.549.6111
Fax: 706.548.0956
etolley@mindspring.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: 678.638.3805
Fax: 678.638.3350
judy.jarecki@merial.com

This 20th day of March, 2012.

JOSEPH M. ENGLERT

698277_1

AO 88

# Issued by

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MERIAL LIMITED and MERIAL S.A.S., | ) | **SUBPOENA IN A CIVIL CASE** |
| | ) | |
| Plaintiffs and Counterclaim-Defendants, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 3:11-CV-00157-CDL* |
| | ) | |
| VELCERA, INC. AND FIDOPHARM, INC., | ) | *Pending in the Middle District of Georgia |
| | ) | |
| Defendants and Counterclaim-Plaintiffs. | ) | |

**TO:** Lambert Vet Supply, LLC
c/o Douglas W. Lambert, Registered Agent
714 Fifth Street
Fairbury, NE 68352

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Latimer Court Reporting, 528 South 13th Street, Suite 1, Lincoln, Nebraska 68508 | Monday, April 2, 2012 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE EXHIBIT "A" ATTACHED.**

| PLACE | DATE AND TIME |
|---|---|
| Latimer Court Reporting, 528 South 13th Street, Suite 1, Lincoln, Nebraska 68508 c/o Joseph M. Englert, Esq. | Monday, April 2, 2012 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Joseph M. Englert, Esq. Attorney for Defendants Velcera, Inc. and FidoPharm, Inc. | 3/20/12 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph M. Englert, Esq.
Wargo & French LLP, 999 Peachtree Street, 26th Floor, Atlanta, GA 30309    Ph: (404) 853-1500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles form the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the

court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

## INSTRUCTIONS

A.    In the event that any documents or things the production of which is requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

    (a)    the type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

    (b)    the name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

    (c)    the type of privilege claimed;

    (d)    a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or only to part of the document or thing; and

    (e)    the numbers of each specification to which the document or thing otherwise would be responsive.

B.    If any of the documents requested by a request for production of documents are not within your possession, identify each person who has possession of the documents.

C.    If it is maintained that any document that is requested has been destroyed, set forth the contents of the documents, the date of such destruction and the name of the person who authorized or directed such destruction.

D.    Production of documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance

with the terms of the protective ordered entered by the Court in the underlying lawsuit, a copy of which is provided herewith.

## DEFINITIONS

A.   As used herein, the words "You" and "Your" shall mean Douglas W. Lambert and Lambert Vet Supply, LLC and its agents, employees, contractors, consultants, representatives, directors, officers, partners, corporate parents, subsidiaries or affiliates, any of their predecessor companies or entities, and their attorneys or anyone else acting on its behalf.

B.   As used herein, the words "or" and "and" shall mean "and/or."

C.   As used in these Requests, the terms "document" and "documents" shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies and drafts, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including,

but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or un-cancelled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents. The terms "document" and "documents" also mean any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from any floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

D.   "Relating to" means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

E.   "FRONTLINE Products" means the products sold under the brand names of FRONTLINE TOP SPOT and FRONTLINE PLUS.

F.   "Merial" refers to Merial Limited and Merial S.A.S., as well as any employees, agents, representatives, or any other person(s) acting on its behalf, including, but not limited to attorneys.

G.   "Third party" means any person other than Velcera or Merial.

H.     "Velcera" means Velcera, Inc. and FidoPharm, Inc., as well as any employees, agents, representatives, or any other person(s) acting on its behalf, including, but not limited to, attorneys.

## REQUESTS

1.     All documents relating to any contract, agreement, or understanding between You and Merial regarding the sale or distribution of FRONTLINE Products.

2.     All documents relating to any contract, agreement, or understanding between You and any Third party regarding the sale or distribution of FRONTLINE Products.

3.     All documents relating to the sale or distribution of FRONTLINE Products in non-veterinary channels, including, but not limited to, online and brick-and-mortar retail stores and pharmacies.

4.     All documents, including, but not limited to, any communications, correspondence, or reports, between You and Merial regarding the sale or distribution of FRONTLINE Products in non-veterinary channels.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel of record with a true and correct copy of the foregoing DEFENDANTS VELCERA, INC. AND FIDOPHARM, INC.'S SUBPOENA TO LAMBERT VET SUPPLY, LLC via electronic mail or by depositing same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Frank G. Smith, III
Jason D. Rosenberg
Kitty Bina
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
jason.rosenberg@alston.com
kitty.bina@alston.com

Edward D. Tolley, Esq.
COOK NOELL TOLLEY &
BATES LLP
Georgia Bar No. 714300
304 East Washington Street
Athens, GA 30601
Tel.: 706.549.6111
Fax: 706.548.0956
etolley@mindspring.com

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150
jpelsevier@jonesday.com

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: 678.638.3805
Fax: 678.638.3350
judy.jarecki@merial.com

This 20th day of March, 2012.

JOSEPH M. ENGLERT

698370_1