IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MERIAL LIMITED and
MERIAL S.A.S.,

     Plaintiffs and Counterclaim-Defendants,

v.

VELCERA, INC. and FIDOPHARM,
INC.,

     Defendants and Counterclaim-Plaintiffs.

Case No. 3:11-cv-00157-CDL

## DEFENDANTS – COUNTERCLAIM PLAINTIFFS' MOTION TO COMPEL REGARDING ELECTRONICALLY STORED INFORMATION AND SUPPORTING MEMORANDUM OF LAW

COME NOW Defendants and Counterclaim-Plaintiffs Velcera, Inc. and Fidopharm, Inc. (collectively "Velcera"), and pursuant to Fed.R.Civ.P. 37 and L.R. 37.1, file this Motion to Compel Plaintiffs and Counterclaim-Defendants Merial Limited and Merial S.A.S. to produce electronically stored information in compliance with the Court's Scheduling and Discovery Order [Doc. 30] and in response to Velcera's First and Second Requests for Production of Documents, respectfully showing the Court the following:

1.

On February 3, 2012, the Court entered a Joint Discovery Plan and Scheduling Order [Doc. 30] to govern discovery matters in this case. In paragraph X(D), the parties agreed as follows: "The parties will meet and confer as soon as possible to further discuss the issue of the discovery of electronically stored information in order to reduce the costs of such discovery. For example, the parties hope to be able to agree to limit the number of search terms, the number of document custodians, and the type of documents that are the subject of such discovery."

2.

Subsequent to the entry of the Joint Discovery Plan and Scheduling Order [Doc. 30], Velcera served its First Requests for Production and its Second Requests for Production on Merial. Copies of these requests are attached to Velcera's pending Motion to Compel [Doc. 44] as Exhibits "2" and "5". Merial has filed certain responses to Velcera's First and Second Requests for Production and produced certain documents, although the issue of discovery concerning electronically stored information ("ESI") remains unresolved.

3.

On March 26, 2012, Counsel for Merial raised the issue of the parties' meet and confer regarding ESI discovery and offered to prepare a proposed ESI protocol to help frame the parties' discussion (*See* Exhibit "1"). Having failed to receive the protocol, on April 4, 2012, counsel for Velcera contacted Merial and requested that the protocol be provided that day. (*Id.*) Velcera explained to Merial that the matter had become urgent because Merial had not completed its production and the protocol was necessary to understand the scope of Merial's production to-date. (*Id.*) Merial responded that it intended to provide Velcera with a proposed protocol by the end of the week. (*Id.*) Instead of providing that protocol, on April 6, 2012, counsel for Merial sent Velcera a draft "Consent Order Regarding Production of Electronic Mail". A copy of this proposed Consent Order is attached hereto as Exhibit "2".

4.

The Consent Order proposed by Merial is deficient in material respects, including, without limitation:

(1)     the proposed Consent Order only covers emails, not all electronically stored information as that term is defined in Fed.R.Civ.P. 34;

(2)     the proposed Consent Order limits search and production to only three (3) custodians;

(3)     the proposed Consent Order extends the search criteria through January 15, 2012, when the relevant dates of sale of the product at issue ended on December 31, 2011;

(4)     the proposed Consent Order allows for only five (5) search terms per custodian;

(5)     the proposed Consent Order contains an unreasonably short time to complete the necessary searches; and

(6)     the proposed Consent Order provides for the production of documents at the end of the search period as opposed to on a rolling basis.

5.

Counsel for Velcera raised the above concerns with counsel for Merial during a meet and confer session on April 11, 2012.  Counsel for Merial offered to discuss the issues with their client and respond promptly.  Counsel for Merial responded on April 16, 2012, stating that "it appears that the parties will be unable to agree on an ESI protocol to reduce the burden and expense of electronic discovery."  A copy of this email is attached hereto as Exhibit "3".

6.

Velcera submits that Merial's approach to ESI discovery is not in keeping with the Court's Discovery Plan and Scheduling Order [Doc. 30] or the Federal Rules of Civil Procedure. Velcera has reviewed the depositions from the related patent case and identified at least eighty custodians of ESI at Merial.[1]  To limit Velcera to a search of only three custodians and five search terms per custodian is patently unreasonable.  Further, Merial has no basis for limiting its search to emails.  Merial has taken a "take it or leave it" approach to any negotiations regarding

---

[1]   In the spirit of compromise, Velcera seeks only to search up to twenty-five custodians.

ESI discovery.[2]  In the meantime, Merial has not provided adequate responses to Velcera's First and Second Requests for Production with regard to ESI.

7.

Velcera submits a more appropriate protocol would involve Velcera identifying up to twenty-five custodians with twenty-five search terms per custodian.  Velcera estimates that a reasonable time to complete such a search would be one hundred twenty days, and then Merial should produce documents as found on a rolling basis.  Velcera has attached a proposed Order granting this Motion to Compel as Exhibit "4."

8.

In conformance with Fed.R.Civ.P. 37(a)(1) and L.R. 37, the undersigned certifies that counsel for Velcera has met and conferred in good faith with counsel for Merial, but counsel have been unable to resolve this discovery dispute.

WHEREFORE, Velcera, Inc. and FidoPharm, Inc., Defendants – Counterclaim Plaintiffs herein, respectfully request that the Court grant their Motion to Compel and enter the Order attached hereto as Exhibit "3" to govern the production of electronic documents.

Respectfully submitted, this 17th day of April, 2012.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By:      /s/ Thomas F. Gristina
          William L. Tucker
          (wlt@psstf.com)
          Georgia Bar No. 718050
          James C. Clark, Jr.
          (jcc@psstf.com)

---

[2]  Just like Velcera, Merial is required to engage in reasonable discovery in this case.  Merial's refusal to provide ESI discovery is another example of its failure to comply with the Federal Rules in this case.

Georgia Bar No. 127145
Thomas F. Gristina
(tfg@psstf.com)
Georgia Bar No. 452454
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901
Tel.:  (706) 324-0251
Fax:  (706) 596-9992

Joseph D. Wargo
(jwargo@wargofrench.com)
Georgia Bar No. 355045
Michael S. French
(mfrench@wargofrench.com)
WARGO & FRENCH LLP
Georgia Bar No. 276680
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309
Tel:  (404) 853-1500
Fax:  (404) 853-1501

*Counsel for Defendants
and Counterclaim-Plaintiffs
Velcera, Inc. and FidoPharm, Inc.*

Bruce P. Keller*
(bpkeller@debevoise.com)
David H. Bernstein*
(dhbernstein@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000
Fax:  (212) 521-7696
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendants and Counterclaim-Plaintiffs and that on this date, I filed the foregoing document, DEFENDANTS' MOTION TO COMPEL REGARDING ELECTRONICALLY STORED INFORMATION AND MEMORANDUM IN SUPPORT THEREOF, using the CM/ECF system, which will automatically send notification of such filing

Frank G. Smith, III
Jason D. Rosenberg
Kitty Bina
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777
frank.smith@alston.com
jason.rosenberg@alston.com
kitty.bina@alston.com

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640
Tel.: 678.638.3805
Fax: 678.638.3350
judy.jarecki@merial.com

Edward D. Tolley, Esq.
COOK NOELL TOLLEY
& BATES LLP
Georgia Bar No. 714300
304 East Washington Street
Athens, GA 30601
Tel.: 706.549.6111
Fax: 706.548.0956
jpelsevier@jonesday.com
etolley@mindspring.com

J. Patrick Elsevier, Ph.D.
JONES DAY

12265 El Camino Real, Suite 200
San Diego, CA 92130
Tel.: (858) 314-1200
Fax: (858) 314-1150

This 17th day of April, 2012.

/s/Thomas F. Gristina
Counsel for Defendants and Counterclaim-Plaintiffs