# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00157-CDL |

**NOTICE OF MERIAL'S SUBPOENA DUCES TECUM TO
<u>NON-PARTY CRANFORD JOHNSON ROBINSON WOODS, INC.</u>**

To:  All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34(c) and 45, of the Federal Rules of Civil Procedure, Plaintiffs Merial Limited and Merial S.A.S. (collectively, "Merial") hereby gives notice to Defendants Velcera, Inc. and FidoPharm, Inc. that Merial will cause to be served the attached *subpoena duces tecum* on Cranford Johnson Robinson Woods, Inc., c/o its registered agent Steven Allen, 303 W. Capitol, Capitol Center, Little Rock, Arkansas 72201.

Dated: April 23, 2012.

/s/ *Jason D. Rosenberg*

Judy Jarecki-Black, Ph.D., Esq.
(judy.jarecki@merial.com)
Georgia Bar No. 801698
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, Georgia 30096-4640
Tel.: (678) 638-3805
Fax: (678) 638-3350

J. Patrick Elsevier, Ph. D., Esq.
(jpelsevier@jonesday.com)
Georgia Bar No. 246694
JONES DAY
12265 El Camino Real
Suite 200
San Diego, California 92130-4096
Tel.: (858) 314-1200
Fax.: (858) 314-1150

Edward D. Tolley, Esq.
(etolley@mindspring.com)
Georgia Bar No. 714300
COOK NOELL TOLLEY & BATES LLP
304 East Washington Street
P.O. Box 1927
Athens, GA 30603-1927
Tel.: (706) 549-6111
Fax: (706) 548-0956

Frank G. Smith, III, Esq.
(frank.smith@alston.com)
Georgia Bar No. 657550
Jason D. Rosenberg, Esq.
(jason.rosenberg@alston.com)
Georgia Bar No. 510855
Matthew W. Howell, Esq.
(matthew.howell@alston.com)
Nadya M. Sand, Esq.
Georgia Bar No. 156051
(nadya.sand@alston.com)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Plaintiffs Merial Limited and Merial SAS*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS<br><br>Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Defendants | Civil Case No. 3:11-cv-00157-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date sent a copy of the foregoing NOTICE OF MERIAL'S SUBPOENA DUCES TECUM TO CRANFORD JOHNSON ROBINSON WOODS, INC. to the following attorneys of record via the methods indicated below:

*VIA HAND DELIVERY and E-Mail:*

WARGO & FRENCH LLP
Joseph D. Wargo
(jwargo@wargofrench.com)
Michael S. French
(mfrench@wargofrench.com)
Elizabeth C. Murphy
(emurphy@wargofrench.com)
Joseph M. Englert
(jenglert@wargofrench.com)
Michael Wolak, III
(mwolak@wargofrench.com)
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309
Tel:  (404) 853-1500
Fax:  (404) 853-1501

*VIA First Class U.S. Mail and E-Mail:*

DEBEVOISE & PLIMPTON LLP
Bruce P. Keller
(bpkeller@debevoise.com)
David H. Bernstein
(dhbernstein@debevoise.com)
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 521-7696

PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
William L. Tucker
(wlt@psstf.com)
James C. Clark
(jcc@psstf.com)
Thomas F. Gristina
(tfg@psstf.com)
Synovus Centre
1111 Bay Avenue, 3rd Floor
Columbus, GA 31901
Tel.: (706) 324-0251
Fax: (706) 596-9992

VELCERA, INC.
Manya S. Deehr
(mdeehr@velcera.com)
777 Township Line Road
Suite 170
Yardley, PA 19067-5508
Tel: (267) 757-3625

This 23rd day of April, 2012.

s/ *Jason D. Rosenberg*
Jason D. Rosenberg

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

| | | |
|---|---|---|
| Merial Limited and Merial S.A.S. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:11-cv-00157-CDL |
| | ) | |
| Velcera, Inc. and FidoPharm, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Middle District of Georgia                ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cranford Johnson Robinson Woods, Inc., 303 W. Capitol, Capitol Center, Little Rock, Arkansas 72201
c/o its Registered Agent, Steven Allen, 303 W. Capitol, Capitol Center, Little Rock, Arkansas 72201

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Jason Rosenberg, c/o Mandy Tucker<br>Bushman Court Reporting, 620 W. Third St., Ste. 302<br>Little Rock, Arkansas 72201 | Date and Time:<br><br>05/08/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  4/23/2012

CLERK OF COURT
                                                                         OR
_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Merial Limited and Merial S.A.S._____, who issues or requests this subpoena, are:

Jason D. Rosenberg, Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309,
jason.rosenberg@alston.com, 404-881-7000

# ATTACHMENT A

## **ATTACHMENT A – CRANFORD JOHNSON ROBINSON WOODS, INC.**

Cranford Johnson Robinson Woods, Inc. is required to produce and permit inspection and copying of documents and things in its possession, custody or control that relate to the following categories of requests according to the following definitions and instructions.

### Definitions

1. "You" shall mean Cranford Johnson Robinson Woods, Inc., including its predecessors, if any, and its past or present parents, subsidiaries, divisions, affiliates, committees, officers, directors, employees, committee members, accountants, auditors, agents, and representatives.

2. "Velcera" means defendants Velcera, Inc. and FidoPharm, Inc., including their predecessors, if any, and their past or present parents, subsidiaries, divisions, affiliates, committees, officers, directors, employees, committee members, accountants, auditors, agents, and representatives.

3. "Merial" means plaintiffs Merial Limited and Merial S.A.S., including their predecessors, if any, and their past or present parents, subsidiaries, divisions, affiliates, committees, officers, directors, employees, committee members, accountants, auditors, agents, and representatives.

4. The "PETARMOR Products" shall mean the products sold under the brand names PETARMOR or PETARMOR PLUS.

5. "FRONTLINE Products" means the products sold under either the brand name FRONTLINE TOP SPOT or the brand name FRONTLINE PLUS.

6. "Trade Dress" shall mean and include any design, graphic, or textual elements, and/or the arrangement and combination thereof, located on and including the packaging for a product.

7. "PETARMOR Trade Dress" shall mean and include any design, graphic, or textual elements, and/or the arrangement and combination thereof, located on and including the

packaging for the PETARMOR Products. This term refers to the PETARMOR Trade Dress in use on or before the filing of this action on October 27, 2011.

8. "FRONTLINE PLUS Trade Dress" shall mean and include any individual design, graphic, or textual elements, and/or the arrangement and combination thereof, located on and including the packaging for the products sold under the brand name FRONTLINE PLUS.

9. "Documents" shall be defined to the broadest extent permitted by law. Without limitation, "document" includes: papers, contracts, notes, memoranda, correspondence, communications, letters, statements, invoices, reports, surveys, presentations, invoices, data, studies, records, photographs, diaries, tapes, email, faxes, computer code and software, and any and all other written, printed, recorded, or other tangible matter in your possession, custody or control, whether in paper or electronic form, created, modified, revised, or updated between January 1, 2008 to March 31, 2012, inclusive.

10. "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise, and may be verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary, between January 1, 2008 to March 31, 2012, inclusive.

11. "Person" shall mean any legal entity, including, without limitation, natural persons, public or private corporations, companies, limited liability companies, firms, joint ventures, proprietorships, partnerships, governmental bodies or agencies, associates, organizations, groups, trusts and estates. Any reference herein to any "person," whether or not a party herein, that is a corporation, partnership, or any entity other than an individual, shall be construed as including, without limitation, all past and present directors, officers, employees, agents, representatives, partners and/or attorneys of the aforementioned entities.

12.     "Thing" shall mean any tangible object other than a document, including without limitation objects of every kind and nature, as well as prototypes, models, drafts, compositions or specimens thereof, created, modified, revised, or updated between January 1, 2008 to March 31, 2012, inclusive.

13.     The words "and," "or" and "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

**Instructions**

1.      You are requested to produce all documents and things in the following categories that are in your possession, custody or control, in their entirety and without redaction or expurgation, except to the extent permitted by the Protective Order (*see* Attachment B) entered by the Court in the underlying action, a copy of which is provided herewith. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those documents and things in the hands of any other person that You have the ability to demand or to gain access to in the ordinary course of business. Each copy, alteration, or other version of a document or thing is considered a separate document or thing, and must be produced.

2.      If any document or thing is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document or thing's creation, (ii) the names of all authors or creators, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document or thing, (vi) a description of the document or thing (vii) an identification of the privilege or protection claimed and (viii) a brief explanation of the basis of your claim of privilege or other protection; and (ix) all other facts or information You are relying on to assert a claim of privilege or other protection.

3

3.  Documents and things shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of the Protective Order (*see* Attachment B) entered by the Court in the underlying lawsuit, a copy of which is provided herewith.

### Documents Requested

1.  All documents and things that relate to the PETARMOR Products.

2.  All documents and things that relate to the advertising, marketing, or promotion of the PETARMOR Products, including, but not limited to, all surveys, research, strategic plans, studies, polls, or focus group interviews of any kind or nature relating to the PETARMOR Products, as well as all communications between or among you, Velcera, and any third party that relate to the advertising, marketing, or promotion of the PETARMOR Products.

3.  A copy of all advertising, marketing or promotional materials (whether or not ultimately approved for use) that relate to the PETARMOR Products, including, but not limited to, all infomercials, catalogs, newspapers, magazines or other print advertisements; labels, signs, brochures, stationery, pamphlets, promotions, flyers, or other printed materials; photographs, specifications and drawings of all billboards and signage; text or scripts and video or audio recordings of all television, radio, or other broadcast materials; screen images, websites or banner advertisements. This request includes all materials related to the advertising, marketing, or promotion of the PETARMOR Products on social media sites, including but not limited to Facebook, Twitter, YouTube, etc., as well as any "blogs" or other online discussion, review, etc. of the PETARMOR Products that have been sponsored, endorsed, or in any way supported, financially or otherwise (e.g., free samples) by you or Velcera.

4.  All documents and things that relate to the PETARMOR Trade Dress or any alternative Trade Dress considered for the PETARMOR Products, including, but not limited to,

4

such documents that relate to the creation, selection, design, approval, or clearance of the PETARMOR Trade Dress or any such alternative Trade Dress.

5. All documents and things that relate to Merial, the FRONTLINE Products, or the FRONTLINE PLUS Trade Dress.

6. To the extent not produced in response to the above, documents sufficient to identify the nature of your relationship with Velcera and your work as it relates to the PETARMOR products.