# EXHIBIT C

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8560
www.alston.com

Jason D. Rosenberg          Direct Dial: 404-881-7461          Email: jason.rosenberg@alston.com

March 23, 2012

**VIA EMAIL**

Joseph D. Wargo, Esq.
Wargo & French LLP
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309

      Re:    *Merial Limited and Merial S.A.S. v. Velcera, Inc. and Fidopharm, Inc.*
              **Middle District of Georgia**
              **Case No. 3:11-cv-00157-CDL**

Dear Joseph:

      I write to address Velcera, Inc. and Fidopharm, Inc.'s (collectively "Velcera's") responses to Merial Limited and Merial S.A.S's (collectively "Merial's") First Interrogatories to Defendants ("Interrogatory Responses") and Requests for Production of Documents and Things to Defendants ("RFP Responses"). As described in more detail below, many of Velcera's Interrogatory Responses and RFP Responses are deficient. Accordingly, Merial requests that that Velcera provide supplemental responses to Merial's Interrogatories and Requests for Production in order to cure these deficiencies.

## I.    Velcera's Interrogatory Responses

      As an initial matter, Velcera has asserted an objection to Interrogatory Nos. 1-5, and 7-10, indicating that it would only respond to these interrogatories after a "suitable protective order" has been entered. Given that a protective order was entered in this case on March 8, 2012, we ask that Velcera supplement its Interrogatory Responses to remove this objection.

      Velcera has responded to Interrogatory Nos. 3-5, 7[1] and 10 by stating that it will produce documents pursuant to Rule 33(d) in lieu of providing a written response. Velcera served its written Interrogatory Responses on February 22, 2012; therefore

---

[1] Velcera's Interrogatory Response No. 7 does not specifically refer to Rule 33(d), but rather to "documents produced by Velcera" in general. Merial addresses this issue with more specificity below.

Joseph D. Wargo, Esq.
March 23, 2012
Page 2

Velcera's document production is long overdue. This, as you know, is the subject of Merial's pending Motion to Compel the Production of Documents and Things. Merial nevertheless reiterates its demand that Velcera immediately produce its responsive documents. Moreover, Merial requests that Velcera immediately thereafter supplement its Interrogatory Responses to include an identification, by Bates number, of the specific documents responsive to any interrogatory to which Velcera has responded by reference to Rule 33(d).

Merial addresses Velcera's individual Interrogatory Responses in turn:

- **Interrogatory No. 1**

Interrogatory No. 1 asks Velcera to identify all persons involved in the process in which Defendants created, selected, designed, approved, and/or cleared the PETARMOR Trade Dress for use in commerce. Velcera asserts a number of objections, including that the interrogatory is overly broad and unduly burdensome, but it does identify three individuals. It is therefore unclear whether Velcera has answered this interrogatory in full, or if it is withholding information based on its objections. We ask that you please advise us as to which is the case.

- **Interrogatory No. 4.**

Interrogatory No. 4 asks Velcera to identify and describe in detail any complaints or concerns relating to the PETARMOR products. In response, Velcera has stated that it will produce documents pursuant to Rule 33(d). As noted above, Merial requests that these documents be produced immediately and that Velcera's response to this interrogatory be supplemented with the Bates numbers of the responsive documents. Velcera has also objected to this request on the grounds that it seeks information that is irrelevant and immaterial. This is incorrect. Complaints or concerns from consumers about the PETARMOR product are directly related to Merial's claims in this lawsuit, especially given Velcera's "compare to" claims between PETARMOR and FRONTLINE TOP SPOT. These issues go beyond those of the trade dress of the parties' products. Velcera makes additional objections, such as the interrogatory is overly broad and unduly burdensome, but does not provide any information as to why that is the case.

As above, it is not clear whether Velcera intends to withhold any documents or information based on its objections. Please confirm that as a part of your Rule 33(d) response, you will be producing, and identifying by Bates number, documents sufficient to identify all complaints or concerns you have received that relate to PETARMOR products. To the extent you intend to withhold production of certain documents, please provide Merial with a description of these documents.

Joseph D. Wargo, Esq.
March 23, 2012
Page 3

- **Interrogatory No. 5.**

Interrogatory No. 5 asks Velcera to identify the actions it has taken to advertise and promote PETARMOR. Velcera objects on numerous grounds, but states that the interrogatory is particularly objectionable to the extent it "seeks information unrelated to the packaging for PETARMOR Products." Velcera's objection is not well-taken because it is difficult if not impossible to see how any advertisement or promotion of the PETARMOR products could truly be "unrelated" to the packaging of the product. But even assuming such could be the case, it is well-settled that consideration of the parties' respective advertising is an important part of the 11th Circuit's likelihood of confusion analysis. *Am Brit, Inc. v. Kraft, Inc.,* 812 F.2d 1351, 1538 (11th Cir. 1986)

Nevertheless, Velcera has indicated that it intends to produce documents in response to this Interrogatory. Therefore, please advise us whether Velcera intends to withhold any documents based on its stated objections.

- **Interrogatory No. 7.**

Interrogatory No. 7 asks Velcera to identify and describe in detail all facts, circumstances, and/or evidence that demonstrate that PETARMOR trade dress does not infringe Merial's rights in the FRONTLINE PLUS trade dress. Velcera states, without explanation, that the interrogatory is "overly broad, unduly burdensome, and oppressive." Velcera provides no authority for why it need not respond to an interrogatory addressing one of the most central issues in this case, or any specificity as to why this interrogatory is otherwise objectionable on the stated grounds.

Rather than providing a substantive response to this interrogatory, Velcera instead refers Merial to Velcera's Counterclaim and Answer, Velcera's initial disclosures, and broadly, "documents produced by Velcera in response" to Merial's document requests. Merial has reviewed Velcera's Counterclaim and Answer, as well as Velcera's initial disclosures, and neither document answers, even indirectly, this interrogatory. Velcera's reference to "documents produced by Velcera," appears to be an attempt to respond pursuant to Rule 33(d). If this is the case, Merial requests that Velcera supplement its response to state that it is responding pursuant to 33(d) and provide Merial with an identification, by Bates number, of the documents that are responsive to this interrogatory.

Notwithstanding the above, Velcera appears to be planning to produce documents in response to this interrogatory. Accordingly, please let us know if Velcera will be withholding any documents based on its objections.

- **Interrogatory No. 8**

Interrogatory No. 8 seeks information on the process by which PETARMOR products reach consumers, including an identification of third-parties that are involved in

3

Joseph D. Wargo, Esq.
March 23, 2012
Page 4

this process. The manufacture, distribution and sale of PETARMOR are directly related to Merial's claims, and Merial is entitled to full discovery on these issues. Velcera has identified the manufacturer of PETARMOR product and the retail outlets through which it is sold, but it has not identified any other parts of the process by which PETARMOR products reach consumers. As you know, the similarity of the parties' retail outlets and purchasers is another key factor in the likelihood of confusion analysis. *See Am Brit, Inc.,* 812 F.2d at 1538.

Velcera specifically objects to the interrogatory's request for information regarding individuals or entities involved in "any phase of the process." This is not a valid objection because the process by which PETARMOR products go from the point of manufacture to the end consumer does not appear to be complex. To avoid uncertainty, Merial does not presently request documents relating to the process by which PETARMOR is manufactured. However, at the very least Velcera must provide a detailed description of how PETARMOR reaches the retail market.

- **Interrogatory No. 9**

Interrogatory No. 9 asks Velcera to identify work performed by any marketing, advertising, consulting, research or other third-party individual or entity in connection with the development, promotion, advertising, marketing or sale of PETARMOR products. Velcera's response that it has engaged third party individuals to assist with the marketing and promotion of PETARMOR products is inadequate and does not provide anything even approaching a full and complete response to Merial's request. In Interrogatory Response No. 1, Velcera identified Christine Arakelian at Coleman Brandworx LLC, as a third-party who was involved with the creation, selection, etc. of the PETARMOR Trade Dress. Yet, Velcera's Interrogatory Response No. 9 – which refers to "third-party individuals and entities" in the plural - calls into question the completeness of Velcera's responses to both Interrogatory Nos. 1 and 9.

Merial is entitled to a full identification of parties that provided Velcera with services related to the promotion, advertising, marketing and sale of PETARMOR products as well as a description of those services. Please supplement your response to provide a complete response to Merial's request.

II.   <u>**Velcera's Responses to Merial's Document Requests**</u>

Velcera has asserted an objection to each of Merial's Document Requests indicating that it would not respond and produce documents until after a "suitable protective order" has been entered. As discussed above with regard to Velcera's Interrogatory Responses, we ask that Velcera supplement its Responses to the Requests for Production to remove this objection.

Merial addresses Velcera's individual RFP Responses in turn:

4

Joseph D. Wargo, Esq.
March 23, 2012
Page 5

- **Document Request No. 1**

    Document Request No. 1 requests all documents that relate to the creation, selection and design of the PETARMOR trade dress. Velcera has objected to this request as overly broad, unduly burdensome and as seeking information that is irrelevant and immaterial to this lawsuit. Velcera provides no additional information for the basis of these objections and, accordingly, it is not clear why it has made these objections. Documents related to the creation, selection and design of PETARMOR trade dress are directly related to Merial's claims and Merial is entitled to full discovery on these matters.

    Velcera has agreed to produce documents responsive to this request, but it is not clear whether Velcera intends to withhold any documents based on its objections. Please confirm that you will be producing all documents responsive to this request. To the extent there are privileged documents responsive to this request, Merial expects that these documents will be listed on Velcera's privilege log as required by the Federal Rules.

- **Document Request No. 2**

    Document Request No. 2 requests all documents relating to any instances of confusion or inquiry from any third-party relating to whether Velcera and its products, services, or commercial activities might be affiliated with Merial and its products services of commercial activities. Velcera lodges a number of objections to this Request, but then concludes by stating that it has no responsive documents.

    Please confirm that Velcera is not withholding any documents responsive to this request based on its objections.

- **Document Request No. 3**

    Document Request No. 3 seeks documents related to the advertising, marketing and promotion of PETARMOR products. The information and documents sought by this request directly relate to the Eleventh Circuits' likelihood of confusion analysis. Velcera has objected to this request as overly broad, unduly burdensome and seeking irrelevant and immaterial information to the extent it seeks documents unrelated to the "packaging for the PETARMOR products." It is unclear to Merial how any advertising, marketing or promotional documents could be "unrelated" to the packaging of the product.

    Nevertheless, Velcera has agreed to produce documents responsive to this request. Please confirm that Velcera is not withholding any documents responsive to this request based on its objections.

- **Document Request No. 4**

    Document Request No. 4 seeks documents sufficient to identify the process by which PETARMOR products reach consumers as well as documents sufficient to identify

5

Joseph D. Wargo, Esq.
March 23, 2012
Page 6

any third-parties involved in that process. Velcera has objected to this request on the grounds that it is overly broad, unduly burdensome and seeks information that is irrelevant and immaterial to this lawsuit. Velcera has specifically objected to identifying all third-party individuals or entities involved in the manufacture, distribution and sale of PETARMOR products.

It is unclear why Velcera has objected to this request as overly broad or unduly burdensome since Merial has only requested production of *documents sufficient to identify* the process by which PETARMOR products reach consumers, not all documents related to the subject matter of this request. Merial is entitled to information on this process and an identification of third-parties involved in this process since this information is directly related to Merial's claims for trade dress infringement and false advertising. In particular, information about entities involved in the manufacture, distribution and sale of PETARMOR products are relevant to the analysis of the parties' respective channels of trade, as noted above.

Velcera has indicated that it intends to produce documents responsive to this request. Please confirm that Velcera does not intend to withhold responsive, non-privileged documents based on its objections, and in particular, whether Velcera intends to withhold documents that would identify third-parties involved in the manufacture, distribution and sale processes of PETARMOR products.

- **Document Request No. 5**

Request No. 5 requests all documents relating to the calculation of the actual sales in units, and gross revenue, net revenue, gross profits, and net profits from the sale of the PETARMOR Products. Without question, this request is relevant to Merial's claims for damages and a disgorgement of Velcera's revenues. Merial's experts require this information – in an unedited, "raw" form – in order to formulate their opinions in this matter. Velcera's objection that the burden of responding to the request "outweighs its likely benefit" is unfounded; this information is the cornerstone of Merial's damages case, and Velcera must produce it without further delay. This is especially the case in light of the upcoming April 12, 2012 deadline for burden of proof expert reports.

- **Document Request No. 6**

Request No. 6 requests documents relating to complaints about the PETARMOR Products. The issue here is the same as that addressed above with regard to Velcera's response to Interrogatory No. 4, which calls for the same information. As with other responses discussed here, it is not clear whether Velcera intends to withhold documents responsive to this request. Please advise us accordingly.

Joseph D. Wargo, Esq.
March 23, 2012
Page 7

- **Document Request No. 7**

Request No. 7 asks for documents relating to Merial's FRONTLINE PLUS trade dress. Velcera's objection that this request is "overly broad" and "unduly burdensome" is baseless. Merial has asked only for documents in Velcera's control that relate to the very packaging at issue in this case. If in fact Velcera has so many documents relating to the FRONTLINE PLUS trade dress that producing them represents an overwhelming burden, such would only serve as evidence of the trade dress infringement claimed in this lawsuit. To the extent Velcera intends to withhold documents based on its objections to Request No. 7, please let us know.

- **Document Request No. 8**

Request No. 8 seeks all non-privileged documents that Velcera intends to rely on in this litigation. This request seeks documents that are relevant to this matter, and Merial is entitled to production of all non-privileged documents Velcera intends to use to support any claim or defense it will raise against Merial. It is not clear, based on Velcera's broad objections, what issues Velcera has with the scope of this request or why it will not agree to produce the requested information. Without question, documents Velcera will rely on to defend itself in this litigation are relevant to the issues at hand.

Velcera objects to this request on various grounds, including that the request "calls for Velcera to disclose its litigation strategy…." Merial does not believe that is a fair reading of its request, and does not in fact suggest that any party be forced to reveal its litigation strategy. Velcera's objections – and stated refusal to produce any documents in response to the request – must be withdrawn.

- **Document Request No. 9**

Request No. 9 is a standard request asking for the production of documents on which Velcera has relied upon or referenced in responding to Merial's Interrogatories that would not otherwise be produced in response to Merial's other document requests. Velcera states several objections, but indicates it will produce these documents. If Velcera intends to withhold any documents based on its objections, please advise us accordingly.

***

Merial is optimistic that the parties will be able to resolve the issues discussed herein without the need for the Court's intervention. To that end, we ask that Velcera either substantively respond to the issues in this letter or serve supplemental responses to Merial's Interrogatories and Requests for Production on or before the close of business on **March 28, 2012**. While Merial hesitates to set short, unilateral deadlines on discovery issues, it notes that Velcera sought to impose an even shorter deadline on Merial earlier this week, despite Velcera having received Merial's discovery responses

Joseph D. Wargo, Esq.
March 23, 2012
Page 8

only a few days earlier. We are also prepared to meet and confer on all discovery issues during the week of March 26, 2012.

    We look forward to your response.

                                                  Sincerely,

                                                  Jason D. Rosenberg

cc:   All Counsel of Record (via e-mail)

LEGAL02/33197648v4