IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and<br>MERIAL S.A.S.,<br><br>   Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM,<br>INC.,<br><br>   Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00157-CDL |

**DEFENDANTS – COUNTERCLAIM PLAINTIFFS' REPLY IN SUPPORT
OF ITS MOTION TO COMPEL AND IN THE ALTERNATIVE MOTION TO
<u>AMEND SCHEDULING ORDER</u>**

**-- INTRODUCTION --**

Merial's response in opposition ("Response") [ECF No. 54] to Velcera's Motion to Compel and in the Alternative Motion to Amend Scheduling Order ("Motion") [ECF No. 44] exemplifies Merial's consistent refusal to accept that discovery is a two way street. Merial is seeking injunctive relief and extensive damages in two separate actions in this Court against Velcera – the instant matter and the contempt action involving Cipla (Case No. 3:07-cv-125(CDL)). In both actions, Merial has pursued expansive discovery seeking essentially unfettered access to Velcera's corporate records. Velcera has done its best to comply, while at the same time attempting to protect its confidential information. In contrast, Merial has stonewalled and refused to fairly respond to Velcera's reasonable discovery requests.

This Motion addresses Merial's refusal to respond to multiple interrogatories and requests for production on the purported bases: (1) that they relate exclusively to Velcera's

Counterclaim (which Merial has moved to dismiss); and (2) that Velcera exceeded the 10 requests for production permitted by local rules. Merial's failure to engage in this discovery is improper and nothing in their Response changes this fact. Velcera further replies to Merial's Response as follows.

## -- REPLY --

- ***The Discovery Merial Fails To Respond To Is Directly Related To Merial's Claims Of Trade Dress Infringement***

As shown in Velcera's Memorandum of Law in Opposition to Merial's Motion for Protective Order to Stay Discovery on Counterclaims and to Quash Subpoenas [ECF No. 55], the discovery that Merial refuses to respond to is directly related to Merial's claims of trade dress infringement. Velcera is entitled to pursue discovery necessary to establish its defenses to Merial's claims. Merial cannot circumvent its discovery obligations by purporting to pigeon-hole the discovery requests as "Counterclaim only." In any event, Merial has not and cannot demonstrate good cause to stay discovery on Velcera's Counterclaims because Merial's motion to dismiss the Counterclaims – if granted – will not dispose of the entire case or eliminate the need for the discovery Velcera seeks. (*See* ECF No. 55 at 4) Merial cannot justifiably assert claims against Velcera and seek discovery to support those claims, and then seek to stay discovery essential to Velcera's defenses to those claims simply because such discovery also relates to Velcera's counterclaims which are the subject of a pending motion to dismiss.

- ***Merial Cannot Rewrite Velcera's Discovery Requests***

Merial's Response is a self-serving misinterpretation and attempted rewrite of Velcera's discovery requests. Velcera has explained why its discovery relates directly to the Frontline Products' distribution channels and/or to the PetArmor Products' efficacy and, thus, to Velcera's defense to Merial's claims and alleged damages. (*See* Memorandum of Law in Support of

Motion [ECF No. 44-9] at pp.5-6)  Merial should not be allowed to simply refuse to accept this explanation, nor should Merial be allowed – as it is trying to do – to interpret the discovery requests in an artificially restrictive manner to avoid disclosure.  *See* Fed. R. Civ. P. 37(a), 1983 Advisory Committee Notes ("Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a).").[1]

- *A Stay Has Not Been Granted And Merial's Motion For Protective Order Is Untimely*

Moreover, even if the discovery requests related solely to Velcera's Counterclaim – which they do not – Merial cannot impose a discovery stay without a Court Order, and its motion for protective order is untimely in any event.  Velcera's Counterclaim [ECF No. 19] was filed along with its Answer on December 14, 2011.  Five days later, on December 19, 2011, the Court entered a Rules 16/26 Order [ECF No. 21] containing, in pertinent part, the following section regarding a "Request For Temporary Stay Of Rule 16/26 Order Requirements":

> [i]f a Motion to Dismiss and/or a Motion to Remand is presently pending and the parties do not find it necessary to conduct discovery to support or oppose this motion, the Court may stay discovery pending its ruling on the motion.  Therefore, if the parties seek a stay of discovery pending resolution of the motion,

---

[1] *See also Bates v. Michelin N. Am.*, No. 1:09-CV-3280-AT, 2012 WL 453233, at *17 (N.D. Ga. Jan. 13, 2012)(imposing sanctions where "Michelin made a calculated decision to 'interpret' the Court's discovery order in the narrow way it saw fit so as to justify withholding entire categories of documents that were unambiguously responsive to Plaintiffs' request in violation of the Court's direct Order"); *Fed. Trade Comm'n v. Nationwide Connections, Inc.*, No. 06-80180-CIV, 2007 WL 2462015, at *1 (S.D. Fla. Aug. 27, 2007)("This reading [of a discovery request] is overly cramped….This unreasonable interpretation defeats the purpose of discovery."); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005)("It is well settled that a party may not unilaterally modify a discovery request and respond to only a portion of the request without asserting an objection to it.").

3

> they should file a consent motion within fourteen days of the date
> of this Order seeking such a stay; and thereby avoid the filing of a
> Proposed Scheduling/Discovery Order at this time.

No motion to dismiss was pending at that time, but Merial filed its motion to dismiss [ECF No. 24] shortly thereafter on January 4, 2012. No motion to stay was filed despite the Rules 16/26 Order, which reasonably interpreted suggests that the parties should consider a stay of discovery if it were not necessary to conduct discovery to support or oppose the motion.

Following the filing of the motion to dismiss, the parties met and conferred regarding a scheduling order. A proposed order was submitted to the Court, and the Court entered the formal Scheduling Order [ECF No. 30] on February 3, 2012. The Scheduling Order is silent as to any discovery stay related to the Counterclaim. The Scheduling Order, however, does contain the following provision which clearly reflects the parties' contemplation of discovery related to the Counterclaim.

> **C.**   Requests for the Production of Documents and Things
>
> The parties discussed whether to increase the number of document requests, which are limited to ten (10) requests under Local Rule 34, in light of the various claims and *counterclaims* in this case. The parties ultimately agreed that permitting only ten (10) requests would be sufficient to allow adequate discovery on both the claims and *counterclaims* in this case. Merial has already served nine (9) document requests which were tailored to comply with the ten (10) request limit set by Local Rule 34; Velcera will serve its document request shortly. (Emphasis added)

If Merial wanted to stay discovery as to Velcera's Counterclaim, it should have sought such relief in the proposed scheduling order. Indeed, the parties submitted several competing provisions in the proposed order, which the Court resolved in the final Order. Merial could – just as freely and easily – have asked the Court for a stay.

4

Velcera served its first and second sets of interrogatories and requests for production on February 9, 2012 and February 15, 2012, respectively. On March 6, 2012, the parties filed a Joint Motion for Protective Order [ECF No. 33]. While the proposed protective order was designed to address confidential documents, it, like the proposed scheduling order, reflected disagreement between the parties and asked the Court for resolution on a point of discovery. Merial was again silent as to any issue as to a stay.[2]

The next day, March 7, 2012, Merial filed an emergency motion to amend the Scheduling Order as to expert report deadlines [ECF No. 34]. Merial wanted to move the expert report deadlines "<u>without</u> extending the overall case schedule or otherwise delaying the resolution" of the matter.[3] (*See* ECF No. 34 at pp. 1-2 (emphasis in original)) Again, Merial failed to raise the stay issue. Instead, Merial instituted its own stay on March 12 and 16, 2012 when, after utilizing nearly the entire amount of time allowed, it responded to Velcera's written discovery and refused to provide information in response to requests that it characterized as related to the Counterclaim. Velcera quickly objected to this unfairness with a March 19, 2012 letter to Merial's counsel. [ECF No. 44-7] On March 23, 2012, ***11 days after first responding to Velcera's discovery and instituting its own stay***, Merial moved for a protective or to stay discovery as to the Counterclaim. [ECF No. 41]

---

[2] The Court entered the Protective Order on March 8, 2012 [ECF No. 8, 2012]. Velcera is not suggesting that Merial should have raised the stay specifically in the joint motion. The point is that the parties had now twice asked the Court to decide the scope of discovery. Merial could easily have raised the stay issue at or by that time in a separate filing.

[3] Velcera reasonably opposed this approach because it wanted a discovery deadline extension commensurate with the expert report deadline extension. (*See* Velcera's March 9, 2012 Brief In Opposition To Emergency Motion To Amend Scheduling Order [ECF No. 37] at pp. 1-2)

5

Velcera is not aware of authority allowing a party to stay discovery without a Court order, and the timeline and procedural history make Merial's *post hoc* motion for protective order untimely. A motion for a protective order is timely if made before the date set for producing the discovery. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991), *citing In re Coordinated Pretrial Proceedings, etc.*, 669 F.2d 620, 622 n. 2 (10th Cir.1982). In determining timeliness, a court should consider all of the circumstances facing the parties. *Brittain*, 136 F.R.D. at 413, *citing* 8 Wright & Miller, *Federal Practice and Procedure* § 2035, at 262-63. Failure to request a protective order before the time set for producing the discovery may be excused for good cause, such as lack of sufficient time or opportunity to obtain the order. *Id.*

Merial had ample time to move for a protective order: (1) after the Counterclaim was filed; (2) at the time the Scheduling Order was negotiated and entered; (3) at the time the Protective Order dealing with confidentiality was entered; (4) at the time the Scheduling Order was amended; and (5) after written discovery was served and before its responses were due.[4] It

---

[4] *Williams v. Am. Tel. & Tel. Co.*, 134 F.R.D. 302, 303 (M.D. Fla. 1991)(motion for protective order filed more than two weeks after the deposition, five weeks after the notice was given, was untimely); *Laughon ex rel. Laughon v. Jacksonville Sheriff's Office*, 3:06 CV 692 J 25HTS, 2007 WL 1247305, at *2 (M.D. Fla. Apr. 30, 2007)(communicating to opposing counsel a party's objections to production, without timely bringing the matter to the attention of the Court, is not adequate under Fed. R. Civ. P. Rule 26(c)); *Maxey v. Gen. Motors Corp.*, CIV. A. 3:95CV6-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996)(a motion for protective order is timely if made prior to the date set for the discovery), *citing United States v. IBM*, 70 F.R.D. 700, 701 (S.D.N.Y.1976)("[s]uch motions under Rule 26(c) must be served before the date set for production"), and Hon. David Hittner, Federal Civil Procedure Before Trial, p. 11–35 ("[a] motion for protective order should be noticed at the earliest possible time and certainly before the discovery procedure is to occur"); *cf. King v. Fid. Nat. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983)(motion to quash must be not only made but granted before the scheduled deposition to excuse compliance).

cannot now show good cause why its stay should be allowed to continue or why its untimely motion should be granted.[5]

- ***Merial's "Re-counting" Method Is Flawed And Unfair***

Merial has gone to great lengths to try to split apart and re-count Velcera's requests for production, with the apparent ultimate goal of not answering them. Velcera's requests for production are crafted to precisely target Merial's allegations. Document Request No. 2 (*see* ECF No. 44-2 at pp. 2-3) is a perfect example of this – despite Merial's effort to break it apart. Velcera asked for documents concerning six specific allegations in the complaint. If a party were required to use a separate request for each of these allegations, it would be difficult, if not impossible, to meet the limit of 10 total requests. At the same time, as Merial correctly notes (*see* Response [ECF No. 54] at p.12), courts disfavor requests seeking things like "every document that relates to any of the allegations." Unfortunately, under Merial's approach, Velcera has no acceptable alternative. If the request is too broad, Merial will object. If it is too precise, it must be broken apart until Velcera runs out of requests. Both ways, Merial reaches its improper goal of not responding. Such a result would be not only inconsistent with both the broad discovery envisioned by the Federal Rules, but also their purpose of narrowing the factual issues to be resolved at trial and ensuring that all parties are possessed of relevant facts. *Williams v. Taser Int'l., Inc.*, No. 1:06-CV-0051-RWS, 2007 WL 1630875, at *2 (N.D. Ga. June 4, 2007). Federal discovery rules are designed to narrow and clarify issues and to give parties mutual knowledge of all relevant facts, thereby preventing surprise. *Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978).

---

[5] Merial has on more than one occasion filed emergency discovery motions trying to truncate and rush Velcera through discovery. If the motion to stay were valid, Merial should have filed it much sooner and should have adhered to the same rigid schedule it has tried to force on Velcera.

Velcera simply submits that its document requests (including Requests 2, 5, 6 and 7, which Merial challenges) must be read reasonably under the 11th Circuit's "related question" test and in the context of the 10 request limit. *See*, *e.g.*, *Williams*, 2007 WL 1630875, at *2 (recognizing that an overly restrictive reading of the numerical limit would too quickly exhaust the propounding party's supply of interrogatories, and unnecessarily limit that party's fact-gathering ability). Such a reading requires Merial to fully respond to all the requests.[6]

## -- CONCLUSION --

For the foregoing reasons, as well as for those set forth in Velcera's memorandum of law, Velcera's Motion to Compel and in the Alternative Motion to Amend Scheduling Order should, respectfully, be granted.

[SIGNATURES ON FOLLOWING PAGE]

---

[6] If it does not, Velcera alternatively moves that the Scheduling Order be amended to permit the document requests and require Merial to fully respond.

Respectfully submitted, this 10th day of May, 2012.

                                        PAGE, SCRANTOM, SPROUSE,
                                        TUCKER & FORD, P.C.

                                        By:    /s/ Thomas F. Gristina
                                                William L. Tucker
                                                (wlt@psstf.com)
                                                Georgia Bar No. 718050
                                                James C. Clark, Jr.
                                                (jcc@psstf.com)
                                                Georgia Bar No. 127145
                                                Thomas F. Gristina
                                                (tfg@psstf.com)
                                                Georgia Bar No. 452454
                                                Synovus Centre
                                                1111 Bay Avenue, 3rd Floor
                                                Columbus, GA 31901
                                                Tel.: (706) 324-0251
                                                Fax: (706) 596-9992

| | |
|---|---|
| Joseph D. Wargo | Bruce P. Keller* |
| (jwargo@wargofrench.com) | (bpkeller@debevoise.com) |
| Georgia Bar No. 355045 | David H. Bernstein* |
| Michael S. French | (dhbernstein@debevoise.com) |
| (mfrench@wargofrench.com) | DEBEVOISE & PLIMPTON LLP |
| WARGO & FRENCH LLP | 919 Third Avenue |
| Georgia Bar No. 276680 | New York, New York 10022 |
| 999 Peachtree Street, NE, 26th Floor | Tel: (212) 909-6000 |
| Atlanta, GA 30309 | Fax: (212) 521-7696 |
| Tel: (404) 853-1500 | *Admitted pro hac vice |
| Fax: (404) 853-1501 | |

*Counsel for Defendants
and Counterclaim-Plaintiffs
Velcera, Inc. and FidoPharm, Inc.*

9

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendants and Counterclaim-Plaintiffs and that on this date, I filed the foregoing document, DEFENDANTS – COUNTERCLAIM PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL AND IN THE ALTERNATIVE MOTION TO AMEND SCHEDULING ORDER, using the CM/ECF system, which will automatically send notification of such filing

| | |
|---|---|
| Frank G. Smith, III<br>Jason D. Rosenberg<br>Matthew W. Howell<br>Nadya M. Sand<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424 | Judy Jarecki-Black, Ph.D.<br>MERIAL LIMITED<br>3239 Satellite Blvd.<br>Duluth, GA 30096-4640 |
| Edward D. Tolley, Esq.<br>COOK NOELL TOLLEY<br>& BATES LLP<br>Georgia Bar No. 714300<br>304 East Washington Street<br>Athens, GA 30601 | J. Patrick Elsevier, Ph.D.<br>JONES DAY<br>12265 El Camino Real, Suite 200<br>San Diego, CA 92130 |

This 10th day of May, 2012.

/s/Thomas F. Gristina
Counsel for Defendants and Counterclaim-Plaintiffs