UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>  Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>  Defendants. | Case No. 3:11-cv-00157-CDL |

**MERIAL'S BRIEF IN OPPOSITION TO VELCERA'S MOTION TO COMPEL
REGARDING ELECTRONICALLY STORED INFORMATION *AND*
MERIAL'S CROSS-MOTION TO COMPEL PRODUCTION
<u>OF ELECTRONICALLY STORED INFORMATION</u>**

**TABLE OF CONTENTS**

Page

**I.  FACTUAL BACKGROUND** ........................................................................................ 1

**II.  ARGUMENT** ................................................................................................................. 5

    **A.  This Court Should Deny Velcera's Motion to Compel Merial to Produce ESI** .......................................................................................................... 5

        **1.  Merial Has Produced, and is Continuing to Produce, ESI** ........................... 5

        **2.  Velcera's Proposed ESI Order is Unnecessary and Unreasonable** ............. 6

    **B.  This Court Should Compel Velcera to Produce ESI** ............................................... 11

**III.  CONCLUSION** .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*DCG Sys., Inc. v. Checkpoint Technologies, LLC*,
   No. C-11-03792 PSG, 2011 WL 5244356 (N.D. Cal. Nov. 2, 2011) .......................................7

*Degenhart v. Arthur State Bank*,
   No. CV411-041, 2011 WL 3651312 (S.D. Ga. Aug. 8, 2011) ................................................12

*Diamond State Ins. Co. v. His House, Inc.*,
   No. 10-20039-CIV, 2011 WEL 146837 (S.D. Fla. Jan. 18, 2011) ..........................................10

*Porter v. Ray*,
   461 F.3d 1315 (11th Cir. 2006) .................................................................................................7

*U.S. v. Garrett*,
   571 F.2d 1323 (5th Cir. 1978) ................................................................................................12

**RULES**

Fed. R. Civ. P. 26, 34 ..............................................................................................................8, 11, 12

L.R. 7.1 .............................................................................................................................................8

**OTHER AUTHORITIES**

Anne Kershaw & Joe Howie, *Judges' Guide to Cost-Effective E-Discovery* 4
   (Fed. Judicial Ctr. 2010) ...........................................................................................................6

Eastern District of Texas' [Model] Order Regarding E-Discovery in Patent Cases
   (E.D. Tx. L.R. Appx. P) ..................................................................................................3, 7, 8

Federal Circuit Advisory Council's ESI Model Order ...........................................3, 6, 7, 8, 10, 11

Defendants Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") have taken the untenable position of bringing a Motion to Compel Regarding Electronically Stored Information (Velcera's "Motion to Compel ESI") against Plaintiffs Merial Limited and Merial S.A.S. (collectively, "Merial") while simultaneously stating that Velcera will itself not engage in electronic discovery until some unknown date in the future, after the resolution of its motion.

In Velcera's Motion to Compel ESI, Velcera states that Merial has refused to produce "electronically stored information" ("ESI") in this case. *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 4, FN 2. To the contrary, Merial has produced and is continuing to produce ESI consistent with its obligations under the Local and Federal Rules. As explained below, Velcera's proposed ESI order ("Velcera's Proposed Order") is both unnecessary and unreasonable. However, if the Court determines that an ESI order is necessary, it should enter the order proposed by Merial, not Velcera. Merial's proposed order is attached hereto as <u>Exhibit 1</u> ("Merial's Proposed Order"). In any event, this Court should deny in its entirety Velcera's Motion to Compel ESI.

Despite Velcera's protestations about Merial's production of ESI, it is actually Velcera, not Merial, which has refused to produce its ESI. Velcera has unilaterally decided that it will not even begin to search its custodians' ESI – let alone actually produce any documents – *unless and until this Court enters an ESI order*. Velcera's unprecedented position in this regard has necessitated Merial's filing of this Cross-Motion to Compel the Production of ESI ("Merial's Cross-Motion to Compel ESI").

### I.     FACTUAL BACKGROUND

On March 26, 2012, during a meet and confer, Merial's counsel suggested to counsel for

1

Velcera that the parties discuss production of ESI as provided in the Joint Discovery Plan & Scheduling Order ("Discovery Plan").  *See* Discovery Plan, Dkt. 30, at p. 14; *see* Declaration of Jason D. Rosenberg ("Rosenberg Decl."), Exhibit 2, at ¶¶ 3, 5, Exh. A.  The Discovery Plan requires the parties to meet and confer to "discuss the issue of the discovery of electronically stored information *in order to reduce the costs of such discovery*," and attempt to "*limit* the number of search terms, the number of document custodians, and the type of documents that are the subject of [electronic] discovery."  Discovery Plan, Dkt. 30, at p. 14 (emphasis added).

Velcera's counsel indicated that they were unaware of this provision in the Discovery Plan.  *See* Rosenberg Decl., at ¶ 3.  In the interest of helping to move the discussion forward, Merial offered to draft a proposed ESI protocol.  *Id*. at ¶ 4.

Merial apparently did not send a draft protocol as fast as Velcera would have liked.  Notwithstanding Merial's unsolicited offer to draft the order – one that is nowhere required in the Rules or the Discovery Plan – and the fact that as of a week earlier Velcera did not even remember the existence of the ESI provision in the Discovery Plan, Velcera threatened a motion to compel because Merial was alledgedly "stonewall[ing] on this important issue."  *See id*. at ¶ 5, Exh. B.  The parties promptly scheduled a meet and confer conference.  *See id*.  Merial explained that it would send the draft protocol as soon as possible, and noted that Velcera had the option to draft a protocol of its own for the parties to consider.  *See id*. at ¶ 5, Exh. C (informing Velcera that "[i]f Velcera would like to draft a suggested ESI protocol of its own, [Merial] will be happy to consider it").  Velcera chose not to propose any ESI discovery terms and said it would wait for Merial's draft later that week.  *See id*. at ¶ 5, Exh. D.

On April 6, 2012, Merial sent Velcera a draft proposed order regarding the production of

2

electronic mail.[1]  *See id*. at ¶ 6.  Merial's draft ESI protocol/consent order is attached as Exhibit L to the Rosenberg Decl.[2]  Merial had already searched for, collected, and produced non-email ESI from its relevant custodians.  Rosenberg Decl., at ¶ 8.  Accordingly, Merial's draft order only concerned the production of emails.  *Id*.  Seeking to simplify and reduce the costs and time associated with electronic discovery, Merial modeled its draft after the Eastern District of Texas' [Model] Order Regarding E-Discovery in Patent Cases (E.D. Tx. L.R. Appx. P) ("Texas Order") (attached as Exhibit J to Rosenberg Decl.), which is itself a modified version of the Federal Circuit Advisory Council's ESI Model Order ("Federal Circuit Order") (attached as Exhibit K to Rosenberg Decl.).  *See* Rosenberg Decl. at ¶ 7.

On April 11, 2012, the parties met and conferred about Merial's draft proposed order. Rosenberg Decl., at ¶ 10.  During the meeting, and as later set out in Velcera's Motion to Compel ESI, Velcera objected to several provisions of Merial's draft.[3]  *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 2-3; Rosenberg Decl., at ¶ 11, Exh. M. (outlining Velcera's six objections).  The parties' respective positions appeared irreconcilable.  For example, Velcera insisted that (1) each party be given 90-120 days to complete its ESI discovery; (2) Merial search

---

[1] Velcera's motion implies that "instead of providing [the ESI] protocol," Merial sent the Proposed Consent Order, as if there had been some "bait and switch."  *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 2.  Velcera appears to believe that Merial's "proposed ESI protocol" and the "proposed consent order on ESI" are two different things when in fact those titles are interchangeable.

[2] The draft order that Merial sent to Velcera on April 6, 2012 is very similar to Merial's Proposed Order attached hereto as Exhibit 1.  In the new Proposed Order Merial has increased the number of email custodians from three to five.

[3] Specifically, Velcera objected to Merial's draft proposed order because it (1) only covered emails; (2) limited search and production to three custodians; (3) sought documents through January 15, 2012 instead of December 31, 2011; (4) provided for only five search terms per custodian; (5) contained too short a time to complete the searches; and (6) did not provide for production on a rolling basis. Velcera's Motion to Compel ESI, Dkt. 52, at pp. 2-3.

at least eighty ESI custodians in response to Merial's suggestion of three custodians from each side, because Velcera had discovered eighty custodians of ESI from the patent case, without any explanation as to who the eighty custodians were or why Velcera believed that they were likely to have relevant information in the trade dress case; and (3) even though Merial had already searched for and produced non-email ESI that Merial should be required to do it again using keyword search terms.  Rosenberg Decl., at ¶ 10.  Thus, after a few days of internal discussion, Merial informed Velcera that it appeared that the parties would be unable to agree on an ESI protocol to reduce the burden and expense of electronic discovery.  *See id*. at ¶ 5, Exh F.  Recognizing that the parties' inability to reach agreement on the terms of an ESI order did not change the parties' discovery obligations, Merial stated in an April 16, 2012 email to Velcera that because Merial had "already produced responsive, non-email electronic documents, Merial intends to conduct a reasonable search for responsive email documents," and that Merial would then "produce responsive non-privileged emails, if any are located, on a timely, rolling basis[,]" and "expect[ed] Velcera w[ould] do the same. *See id.*  In response, Velcera notified Merial that it would file a motion to compel, and did so on April 17, 2012.  *See id*. at ¶ 5, Exh. G; Velcera's Motion to Compel ESI, Dkt. 52.

On Monday, April 23, in a subsequent meet and confer call, the parties' counsel again discussed the issue of ESI production.  Rosenberg Decl., at ¶ 12. When Merial's counsel inquired about what appeared to be some missing attachments to emails produced by Velcera, Velcera's counsel explained that Merial would be getting those attachments as part of Velcera's production of ESI.  *Id*. Velcera's counsel, however, stated that ***Velcera would not begin collecting, reviewing, or producing its ESI until the Court had ruled on Velcera's Motion to Compel ESI***.  *Id*.  Merial's counsel explained that the parties' inability to agree on the specific terms of an ESI

order did not in any way limit or modify the parties' respective obligations to produce relevant, responsive documents – including ESI – under the Rules. *Id*. On May 8, 2012, Merial notified Velcera that Merial would file its own motion to compel on the issue. *Id*. at ¶ 5, Exh. H. In response, Velcera confirmed that its position had not changed and thus it would not produce its ESI until the Court ruled on its Motion to Compel ESI. *See id*. at ¶ 5, Exh. I.

## II.   ARGUMENT

### A.   This Court Should Deny Velcera's Motion to Compel Merial to Produce ESI.

#### 1.   Merial Has Produced, and is Continuing to Produce, ESI.

Velcera's Motion to Compel ESI is, in actuality, a motion requesting the Court enter Velcera's proposed order governing ESI. While Velcera may not like the manner and method in which Merial is collecting and producing ESI, Velcera goes beyond the argument regarding the sufficiency of Merial's production to misrepresent that Merial has "refus[ed] to provide ESI discovery." *See* Velcera's Motion to Compel ESI, Dkt. 52, at FN2. Merial has already produced its non-email ESI documents that are responsive to Velcera's document requests, as limited by Merial's objections.[4] To locate those documents, Merial met with custodians it believed in good faith were likely to have responsive documents, discussed with those custodians the claims Merial has asserted in this lawsuit as well as Velcera's document requests. Through this process, Merial was able to identify and produce relevant and responsive documents, including non-email ESI documents, in a timely fashion. Velcera may not have agreed with the terms of Merial's draft proposed order, but the suggestion that Merial has refused, or is continuing to refuse, to provide ESI discovery is demonstrably untrue.

---

[4] For example, Merial has not produced non-email ESI that relate to Velcera's Counterclaims that are subject to Merial's Motion to Dismiss.

5

Just as Merial said it would in its April 16, 2012 email to Velcera, and consistent with its obligations under the Rules, Merial is conducting a reasonable search for responsive email documents, and it will produce responsive non-privileged emails on a rolling basis. Merial has identified the five custodians that are the most likely to have emails (including attachments thereto) containing relevant, responsive information.[5] Merial has collected the entirety of these custodians' email data. Currently, Merial is in the process of running relevant search terms on that data.[6] Documents hit by those terms will be reviewed and, if appropriate, produced.[7] As explained above and in Merial's Cross-Motion, below, it is Velcera that is in fact refusing to even start the process of collecting, let alone producing, its ESI.

**2. Velcera's Proposed ESI Order is Unnecessary and Unreasonable.**

"Excessive e-discovery, including disproportionate, overbroad email production requests, carry staggering time and production costs that have a debilitating effect on litigation….Generally, the production burden of these expansive requests outweighs the minimal

---

[5] Merial's original draft proposed order (Rosenberg Decl., at Exh. L) suggested the parties agree to each collect and search the email of three custodians. In keeping with its obligations under the Rules, after reviewing Velcera's discovery requests and considering the issues in the case, Merial recognized that searching five custodians was a reasonable compromise. Searching five custodians – which is the number used by the Federal Circuit in its Model Order (Rosenberg Decl., at Exh. K) – balances the parties' need for full discovery with the need for reasonable limitations designed to increase efficiency and reduce costs.

[6] Merial carefully designed its search terms to capture as many relevant, responsive documents as possible without being likely to hit on an excessive number of irrelevant documents.

[7] Velcera does not address why Merial must re-search its non-email ESI documents, or explain its apparent position that running search terms is the only, or most efficient, method for finding responsive documents. Merial's approach of collecting non-email ESI, for example, which involved discussions with document custodians about the nature and location of responsive non-email ESI, proved extremely effective. *See* Federal Circuit Order (quoting Anne Kershaw & Joe Howie, *Judges' Guide to Cost-Effective E-Discovery* 4 (Fed. Judicial Ctr. 2010) ("Keyword searching against large volumes of data to find relevant information is a challenging, costly, and imperfect process."))

benefits of such broad disclosure." Rosenberg Decl., at Exh. K; *see Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (discovery rules do not permit a party to go on a fishing expedition). Chief Judge Randall Rader of the Federal Circuit, while unveiling the Federal Circuit Order, stated that "I saw one analysis that concluded that .0074% of the documents produced actually made their way onto the trial exhibit list-less than one document in ten thousand. And for all the thousands of appeals I've evaluated, email appears more rarely as relevant evidence." *DCG Sys., Inc. v. Checkpoint Technologies, LLC*, No. C-11-03792 PSG, 2011 WL 5244356 (N.D. Cal. Nov. 2, 2011) (quoting Judge Rader). For that reason, various Courts have adopted model e-discovery orders to limit the time and production costs associated with e-discovery. *See* Rosenberg Decl. at ¶ 7, Exhs. J-K. The goal of these model orders "is to promote economic and judicial efficiency by streamlining e-discovery, particularly email production, and requiring litigants to focus on the proper purpose of discovery-the gathering of material information-rather than permitting unlimited fishing expeditions." *Id*. at ¶ 7, Exh. K. Merial's approach to ESI discovery, as well as Merial's Proposed Order, not Velcera's Proposed Order, aligns with the Texas Order and Federal Circuit Order and their underlying policies to limit the cost and time of production in light of the limited benefits of excessive e-discovery.[8]

Contrary to Velcera's assertion, the Court's Discovery Plan does not require the parties to adopt an ESI protocol or use particular methods for collecting, reviewing, or producing ESI. Instead, the plan simply instructs the parties to meet in an attempt to "reduce the cost of [ESI]

---

[8] The Texas Order and Federal Circuit Order provide limitations on e-discovery, including searching a limited number of custodians (Federal Circuit Order provides for five custodians, the Texas Order for eight), using a limited number of search terms (Federal Circuit Order provides for five, the Texas Order for ten), and narrowing search terms to reduce the number of document hits (e.g., term A within twenty of term B).

discovery" by "for example … *limit[ing]* the number of search terms, the number of document custodians, and the types of documents…." Discovery Plan, Dkt. 30, at p. 14 (emphasis added). Velcera's counter to Merial's proposed ESI protocol originally included searching the ESI of eighty or more custodians. Velcera admitted that this number was intended to capture all of Merial's ESI custodians, and thus obviously was no limitation at all. Allegedly "in the spirit of compromise," Velcera now contemplates searching the ESI of twenty-five custodians. *See* Velcera's Motion to Compel ESI, Dkt., 52, at p. 3, FN 1. Twenty-five ESI custodians, however, is still a staggering number that cannot reasonably be interpreted as a "limitation" of any reasonable sort. Given that (1) the Discovery Plan does not require the adoption of an ESI Order; (2) Merial has and will continue to produce ESI; and (3) Velcera's Proposed Order, discussed *infra*, does not limit e-discovery in any appreciable way, this Court should deny Velcera's Motion to Compel ESI and Velcera's accompanying request that the Court enter Velcera's proposed order.

Velcera's Motion to Compel ESI essentially rests on its statement that "Merial's approach to ESI discovery is not in keeping with the Court's Discovery Plan and Scheduling Order [Doc. 30] or the Federal Rules of Civil Procedure." *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 3. Yet Velcera fails to cite any authority that Merial's approach – which in fact is entirely consistent with its obligations under Rules 26 and 34 – is insufficient.[9] *See* L.R. 7.1 ("Unless the assigned judge prescribes otherwise, every motion filed in a civil proceeding shall be accompanied by a memorandum of law citing supporting authorities."). Merial's obligation is

---

[9] Federal Rules 26 and 34 contemplate that a party may request discovery of ESI, and allows a party to request the form in which ESI is to be produced, but does not require a specific ESI protocol or order dictating the number of custodians or search terms.

8

to produce relevant, responsive documents and ESI. Merial has met, and will continue to meet, that obligation even without an ESI order in this case.

Should the Court choose to enter an order governing the production of email or other ESI, Merial requests that the Court adopt Merial's Proposed Order (Exh. 1), not Velcera's. Merial's Proposed Order aligns with the Texas Order and Federal Circuit Order, and their attempts to streamline production in light of the minimal benefits of broad discovery. Velcera's Proposed Order, on the other hand, seeks limitless discovery on Merial, requiring Merial to incur significantly more costs to review and produce emails than Velcera, given that Merial is a much larger and older company with undoubtedly more custodians and emails than Velcera. Merial's Proposed Order differs from Velcera's Proposed Order in four material ways: (1) the scope of ESI to be collected and reviewed using search terms; (2) the number of custodians; (3) the number of search terms; and (4) the timing for review and production. Merial's position on each one of these issues is set forth below.[10]

(a)     <u>Scope of Electronically Stored Information</u>: As discussed, Merial has already searched and produced its non-email ESI. While Velcera is also obligated to search for and produce relevant non-email ESI, the protocol should only pertain to emails. Otherwise, Merial would be forced to unnecessarily incur the time and expense of collecting and searching its non-email ESI for a second time.

---

[10] Velcera contends that Merial's Proposed Order was deficient in that it required the parties to search documents through January 15, 2012, and provided for production of documents at the end of the search period. Merial has limited the date range to December 31, 2012, as proposed by Velcera. *See* Rosenberg Decl., at ¶ 5, Exh. E. Moreover, Merial's Proposed Order did not preclude production on a rolling basis. Instead, it simply included a deadline by which all ESI documents must be produced. Merial has always intended that the parties would produce documents on a rolling basis as they have done throughout this litigation. To address Velcera's concerns, Merial's Proposed Order expressly requires that productions continue on a rolling basis. Merial's Proposed Order, Exh. 1.

9

(b) <u>Number of Custodians</u>: Velcera claims it has identified from the patent case at least eighty Merial "custodians of ESI." *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 3. Velcera and Merial, however, only identified two custodians of Merial – Guillermo H. Lopez and Dr. Zachary Mills – as individuals likely to possess discoverable information. *See* Rosenberg Decl., at ¶ 13, Exhs. N-O.[11] Velcera fails to explain how it suddenly discovered seventy-eight additional Merial custodians likely to possess relevant information, identify any of those individuals, or set forth why it believes those individuals have relevant and responsive ESI. The fact that a Merial employee is a "custodian of ESI" is irrelevant. Indeed, every employee of every party to this case likely has an email account, making them a "custodian of ESI." The issue is not how many custodians of ESI one can find, but rather, which custodians are likely to have information relevant to the issues in the case. An equally important consideration is whether searching a given number of custodians is reasonable or efficient. Velcera addresses neither issue.

Perhaps recognizing that searching the ESI of eighty or more custodians is clearly unreasonable, Velcera now states that the parties should search up to twenty-five custodians. *See* Velcera's Motion to Compel ESI, Dkt. 52, at p. 3. Again, Velcera fails to justify this number, does not identify the twenty-five custodians, and does not indicate why it believes those custodians might have relevant and responsive ESI. *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-CIV, 2011 WEL 146837, *5 (S.D. Fla. Jan. 18, 2011) (The "proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought

---

[11] In its Initial Disclosures, Velcera also identified five Merial custodians likely to possess relevant information regarding Velcera's Counterclaims. Rosenberg Decl., at Exh. O. Merial has moved to dismiss Velcera's Counterclaims (Dkt. 24) and has sought a protective order to stay discovery on Velcera's Counterclaims (Dkt. 41).

is relevant"). On the other hand, Merial's proposed five custodians is the same number of custodians listed in the Federal Circuit's Order, and places a reasonable limit on e-discovery as contemplated by the Discovery Plan.

(c) <u>Search Terms:</u> Without articulating any reason for its number, Velcera requests that the Court compel Merial to run twenty-five search terms on each custodian. Merial proposes that the parties run five search terms on each custodian, which is the same as that proposed in the Federal Circuit's Order.

(d) <u>Timing:</u> In its order, Velcera proposes that each party be given 120 days to complete its ESI discovery. This suggestion is thinly-veiled attempt to drag out this litigation and increase the costs for Merial. Even if the Court had adopted Velcera's Proposed Order on April 17, 2012 – the same day Velcera filed its Motion to Compel ESI – the parties would not complete such discovery until August 15, 2012, **a full month after the discovery cut-off by the discovery deadline of July 17, 2012**. Velcera's Proposed Order is essentially an unwritten – and unjustified – request for a massive discovery extension, a thinly veiled attempt at an end-run around the Court's scheduling order, as amended. *See* Amended Scheduling Order, Text Entry, March 13, 2012. This "extension" should not be granted. Regardless of the Court's decision on whether to enter an ESI Order, the parties should be required to complete all discovery, including the production of ESI, during the discovery period.

**B. This Court Should Compel Velcera to Produce ESI.**

Velcera is refusing to produce its ESI until the Court rules on its Motion to Compel ESI. At no point, however, has Velcera sought a protective order. Federal and Local Rules do not provide that a party can unilaterally refuse to search for and produce ESI without a protective order, nor do those Rules require that the Court enter an ESI protocol prior to the parties

11

engaging in ESI discovery.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden…"); *see also Degenhart v. Arthur State Bank*, No. CV411-041, 2011 WL 3651312, * 1 (S.D. Ga. Aug. 8, 2011) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326, fn. 3 (5th Cir. 1978) (The party seeking the protective order bears the burden of making a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" that it needs a protective order under Rule 26(c)").  Having failed to seek a protective order, this Court should compel Velcera to produce its ESI.

Velcera's refusal to search for and produce its ESI is merely another delay tactic by Velcera.[12]  Its suggestion that it would take 120 days to complete electronic discovery – which it has refused to even begin until the Court enters an ESI Order – evidences Velcera's dilatory motives.  As noted above, even if the Court entered Velcera's Proposed Order today, the parties would not complete discovery until August 15, 2012, well after the July 17, 2012 close of discovery.[13]  This Court should end Velcera's delays, and order Velcera to immediately begin producing its ESI.

---

[12] Velcera previously delayed producing financial documents that Merial required to meet the deadline for filing its expert report on damages.  *See* Merial's Motion to Amend Scheduling Order, Dkt. 34.  When Merial sought an extension of the expert deadline, without extending any other discovery deadlines, Velcera opposed Merial's extension.  *See* Velcera's Response to Merial's Motion to Amend Scheduling Order, Dkt. 37.

[13] Merial recognizes that the Court is unlikely to rule on Velcera's motion prior to the completion of the standard briefing schedule, likely pushing Velcera's proposed discovery close date well into the fall.

### III. CONCLUSION

For the reasons set forth herein and on the authorities cited, Velcera's Motion to Compel Regarding Electronically Stored Information should be denied, and Merial's Cross-Motion to Compel Production of Electronically Stored Information granted.

Respectfully submitted, this 11th day of May 2012.

                                                     */s/* **Nadya M. Sand**

Judy Jarecki-Black, Ph.D., Esq.  
(judy.jarecki@merial.com)  
Georgia Bar No. 801698  
MERIAL LIMITED  
3239 Satellite Blvd.  
Duluth, Georgia  30096-4640  
Tel.: (678) 638-3805  
Fax: (678) 638-3350  

J. Patrick Elsevier, Ph. D., Esq.  
(jpelsevier@jonesday.com)  
Georgia Bar No. 246694  
JONES DAY  
12265 El Camino Real  
Suite 200  
San Diego, California 92130-4096  
Tel.: (858) 314-1200  
Fax.: (858) 314-1150  

Edward D. Tolley, Esq.  
(etolley@mindspring.com)  
Georgia Bar No. 714300  
COOK NOELL TOLLEY & BATES LLP  
304 East Washington Street  
P.O. Box 1927  
Athens, GA 30603-1927  
Tel.: (706) 549-6111  
Fax: (706) 548-0956  

Frank G. Smith, III, Esq.  
(frank.smith@alston.com)  
Georgia Bar No. 657550  
Jason D. Rosenberg, Esq.  
(Jason.rosenberg@alston.com)  
Georgia Bar No. 510855  
Matthew W. Howell, Esq.  
(matthew.howell@alston.com)  
Georgia Bar No. 607080  
Nadya M. Sand, Esq.  
Georgia Bar No.  156051  
(nadya.sand@alston.com)  
ALSTON & BIRD LLP  
One Atlantic Center  
1201 West Peachtree Street  
Atlanta, Georgia 30309-3424  
Tel.: (404) 881-7000  
Fax: (404) 881-7777  

*Counsel for Plaintiffs Merial Limited and Merial SAS*

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS<br><br>   Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>   Defendants | Civil Case No. 3:11-cv-00157-CDL |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed foregoing MERIAL'S BRIEF IN OPPOSITION TO VELCERA'S MOTION TO COMPEL REGARDING ELECTRONICALLY STORED INFORMATION *AND* MERIAL'S CROSS-MOTION TO COMPEL PRODUCTION OF ELECTRONICALLY STORED INFORMATION, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 11th day of May, 2012.

                                             s/ Nadya M. Sand.
                                             Nadya M. Sand

14