UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>    Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>    Defendants. | Case No. 3:11-cv-00157-CDL |

**MERIAL'S RESPONSE IN OPPOSITION TO
<u>VELCERA'S MOTION FOR SANCTIONS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................ 2

ARGUMENT AND CITATION OF AUTHORITIES ..................................................... 10

     I.    MERIAL'S EMERGENCY MOTION TO COMPEL WAS
          PROPER. ....................................................................................................... 10

     II.   MERIAL WAS NOT OBLIGATED TO WITHDRAW ITS
          EMERGENCY MOTION TO COMPEL. .................................................... 13

     III.  THE COURT SHOULD NOT SANCTION MERIAL WHEN
          VELCERA ITSELF IS ENGAGED IN UNPROFESSIONAL
          GAMESMANSHIP. ...................................................................................... 14

CONCLUSION ................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Fantastic Sams Salons Corp. v. Maxie Enterprises, Inc.*,
  No. 3:11-cv-22 (CDL), 2012 WL 210889 (M.D. Ga. Jan. 24, 2012) ...................................... 13

*Genentech, Inc. v. Trustees of Univ. of Penn.*,
  No. C 10-02037 LHK, 2011 WL 7074208 at * 1 (N.D. Cal. June 10, 2011) .......................... 11

*ISO Claims Services, Inc., v. Appraisal.com, Inc.*,
  No. 3:06-cv-100-J-25MCR, 2007 WL 678014 (M.D. Fla. March 5, 2007) ............................ 11

*Richardson v. City of Antioch,*
  Case No. C-08-3470 JSW, 2009 WL 982118 (N.D. Cal. April 13, 2009) .............................. 11

**RULES**

Fed. R. Civ. P. 37 ........................................................................................................... 1, 10, 13

M.D. Ga. Local Rule 37 ............................................................................................................ 10

Fed. R. Civ. P. 30(b)(6) ...................................................................................................... 2, 5, 9

## **INTRODUCTION**

As discussed in Merial Limited and Merial S.A.S's (collectively, "Merial") Notice of Withdrawal of Emergency Motion to Compel (Dkt. 56), Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") significantly mischaracterizes the events leading up to, and which ultimately necessitated, Merial's Emergency Motion to Compel. After weeks of failed discussion with Velcera concerning Velcera's failure to produce *any* documents in the case, in particular those needed by Merial's damages expert to draft his report prior to the deadline, Merial had no choice but to file its Motion and seek emergency relief.  Though Merial hesitates to burden the Court with the tedious factual background of the parties' discovery dispute, Velcera's request that the Court enter sanctions against Merial leaves it little choice but to provide the Court with the necessary information and context it needs to decide Velcera's Motion – including information about Velcera's own inappropriate conduct.  Without question, Merial amply met its obligations under the Local and Federal Rules, including the "meet and confer" requirements under these rules, and its motion was an emergency given the pending deadlines in the case.

Velcera cites no authority to support its argument that Merial was required to comply with Velcera's "express demands" that Merial withdraw its Motion to Compel once Velcera started (eventually) to produce documents.  In fact, as noted by this Court, Rule 37 provides that a non-moving party's production of documents requested after a motion to compel has been filed does not moot the motion itself.  Fed. R. Civ. P. 37. Nevertheless, Merial decided in good faith to withdraw its motion, rather than litigate the

1

issue further.  It is Velcera, with its baseless Motion for Sanctions that is squandering the Court's resources.

Finally, Velcera brings its Motion for Sanctions with unclean hands.  Indeed, Merial recently discovered, as documented below, that Velcera gave its messenger service explicit instructions to delay delivery of critical documents – which had been given to the messenger earlier in the day – until after 4pm on a Friday afternoon.  This was done despite, and likely because of, Velcera's knowledge that Merial and its counsel were anxiously awaiting these documents so they could prepare to take the deposition of Velcera's Rule 30(b)(6) representative on the financial issues in this case little more than one business day later.  The suggestion that Velcera should be heard to complain about Merial's conduct – which at all times has been professional and courteous – while itself engaging in this kind of chicanery, strains credulity.

The Court should deny Velcera's Motion for Sanctions in its entirety, and grant Merial all attorneys' fees and costs incurred in connection therewith.

## FACTUAL BACKGROUND

Merial served Velcera with interrogatories and requests for production on the first day of discovery in this case, January 20, 2012.  (Dkt. 30, Scheduling/Discovery Order, p. 4) (the "Scheduling Order").  Velcera served its written responses and objections to these discovery requests on February 22, 2012, but objected to producing any financial information in the absence of a protective order (which at that time had not yet been entered by the Court).  (Declaration of Jason D. Rosenberg ("Rosenberg Decl."), Exhibit 1, at ¶ 4, Exhibit A).

Burden of proof expert reports, including Merial's report on damages, were originally due in this case on March 13, 2012.  (Scheduling Order, p. 4).  In light of that

2

deadline, Merial communicated with Velcera's counsel on March 2 and March 6 regarding Velcera's refusal to produce any documents. (Rosenberg Decl., at ¶ 5, Exhibit B). On both occasions, Merial offered to treat any documents produced by Velcera as being subject to the terms of the protective order.[1] (*Id*. at ¶¶ 5, 6, Exhibit B). Velcera declined the offer, stating that it would not produce documents until a protective order had been entered by the Court. (*Id*. at ¶ 6, Exhibit C). Accordingly, and in light of the upcoming March 13, 2012 deadline to submit expert reports, on March 7, 2012 Merial filed an Emergency Motion to Amend Scheduling Order. (Dkt. 34). The Court granted the motion, setting April 12, 2012 as the new deadline for burden of proof expert reports. (Text Entry, March 13, 2012, Order on Motion to Amend Scheduling Order).

On March 8, 2012 the Court entered Merial's version of the protective order. (Dkt. 36) ("Protective Order"). On March 12, 2012, counsel for Merial and Velcera met and conferred to discuss the production of Velcera's documents; during that call, Merial's counsel emphasized the particular need for prompt production of Velcera's financial documents. (Rosenberg Decl., at ¶ 7). Lead counsel for Velcera, Joseph Wargo, explained that two of the persons tasked with the effort of reviewing/producing Velcera's documents were experiencing personal issues which was causing some of the delay, but stated that production would begin the week of March 19. (*Id*.). Merial's counsel Frank Smith and Jason Rosenberg expressed their sympathies, but noted that if production could not begin until the week of the 19th then if at all possible it needed to begin early

---

[1] At that time, the terms of the protective order had been agreed to by the parties, save the issue concerning whether documents could be redacted. That issue was the subject of the parties' Joint Motion for Entry of Protective Order (Dkt. 33). Merial offered to accept Velcera's documents under either provision, i.e., with or without the redaction of non-responsive information. (Rosenberg Decl., at ¶¶ 5, 6, Exhibit B).

that week. (*Id.*). Otherwise, Merial would not have the necessary time to review the documents and take the deposition of a Velcera witness prior to the April 12, 2012 expert witness deadline. (*Id.*).

On the morning of March 19, counsel for Merial, Kitty Bina, sent an email to Velcera's counsel asking when Merial could expect to receive Velcera's documents. (*Id.* at. ¶ 8, Exhibit D). Velcera's counsel Joseph Wargo did not respond until that evening, when he said he wished to discuss Velcera's document production in connection with what Velcera believed to be deficiencies in Merial's recently-served responses to Velcera's discovery requests.[2] (*Id.* at ¶ 9, Exhibit E). Mr. Wargo made no reference to any further delay in Velcera's production due to the personal situation of anyone at his firm. (*See id.*).

Merial lead counsel Frank Smith immediately responded for Merial, reminding Mr. Wargo of Velcera's commitment to produce documents the week of March 19, 2012, and pointing out that the issue of Velcera's failure to produce any documents was independent of any issue Velcera might have with Merial's discovery response. (*Id.* at ¶ 11, Exhibit G). Mr. Smith notified Mr. Wargo that Merial would "go to the Court as quickly as possible" in the event Velcera intended to delay its production any further. (*Id.*). Two minutes later, Mr. Wargo replied via email, stating only that "[y]ou have our response, Frank." (*Id.* at ¶ 12, Exhibit H).

---

[2] On the afternoon of March 19, counsel for Velcera sent a letter to Merial's counsel raising for the first time certain perceived deficiencies in Merial's responses to Velcera's discovery requests. (*See* Rosenberg Decl., at ¶ 10, Exhibit F). In contrast to Velcera's responses to Merial's discovery requests, which Velcera served on February 22 – making Velcera's production long overdue – Merial's responses had been timely served on Velcera on March 12 and 16. In any event, Velcera's March 19 letter did not address Velcera's failure to produce any documents in the case.

4

On March 21, 2012, in light of Mr. Wargo's representation that Merial had Velcera's "response" to Merial's demand that Velcera honor its commitment to begin producing documents, Merial filed its Emergency Motion to Compel Production of Documents and Things. (Dkt. 38). Velcera immediately notified the Court that, unless the Court ordered it respond sooner, Velcera intended to take up to 15 days to respond to Merial's Emergency Motion. (Dkt. 39). Given the April 12, 2012 expert deadline, Velcera knew this briefing schedule would result in the Court not being able to hear the motion until after Merial's expert report was due. Accordingly, on March 22, 2012, Merial requested a telephonic hearing with the Court. (Dkt. 40).

A hearing was set for March 29, 2012, but the parties met and conferred again on March 26, 2012. (Rosenberg Decl., at ¶ 13). On that call, they discussed both Velcera's production (which still had not yet begun) and the scheduling of a deposition for Velcera's Rule 30(b)(6) designee on the financial issues. (*Id*.) During that call, Merial's counsel again emphasized the need for Velcera to prioritize the production of financial documents; Velcera committed to producing those documents that same week. (*Id*.) In light of that representation, the parties agreed to notify the Court that the telephone conference could be cancelled. (*Id*.) They did so, and on March 27, the Court cancelled the hearing scheduled for March 29. (Text Entry, Notice of Canceling Hearing).

Velcera produced its first documents on the afternoon of March 27, but no substantive financial documents were included. (Rosenberg Decl., at ¶ 14). The same day, Velcera stated that it would not be able to produce a witness to testify on the financial issues in the case prior to the April 12, 2012 deadline for Merial to submit its expert report on damages, which would be premised in no small part on that deposition.

5

(*See id*. at ¶ 15, Exhibit I). Accordingly, on March 29, 2012, Merial filed a consent motion to extend the deadlines to submit burden of proof expert reports (Dkt. 45) until April 27, 2012, which the Court granted on March 30, 2012. (Text Order, granting Motion for Extension of Time). The parties later agreed that the deposition of Velcera's financial witness would take place on April 17, 2012. (Rosenberg Decl., at ¶ 16).

On March 30, 2012, nine days after Merial filed its Emergency Motion to Compel, Velcera produced only *one* two-page summary financial document. (*Id*. at ¶ 17). Immediately after receiving the production, Merial informed Velcera that the production of financial documents was inadequate and suggested the parties confer on the issue further early the next week. (*Id*. at ¶ 18, Exhibit J). A call was scheduled for Tuesday, April 3. (*Id*. at ¶ 19).

On Monday, April 2, Mr. Wargo requested (in a voicemail left for Merial counsel Matthew Howell) that Merial set out in writing the financial documents it believed Velcera had failed to produce.[3] (*Id*. at ¶ 20). Merial complied with Velcera's request prior to the meet and confer call, detailing the documents it was seeking and the discovery requests to which the documents were responsive. (*Id*. at ¶ 21, Exhibit K). In response, Mr. Wargo stated – only hours before the scheduled call – that Merial should be prepared to discuss its own production of financial documents (made the previous day) during the call.[4] (*Id*. at ¶ 22, Exhibit L). Minutes later, Merial requested that Velcera

---

[3] Merial knew that many of the documents it had requested Velcera to produce did in fact exist, *e.g.*, monthly sales figures for the PetArmor product, because Velcera had produced those documents for PetArmor Plus, as opposed to PetArmor, in the patent litigation pending between the same parties in this Court. (Rosenberg Decl., at ¶ 20).

[4] Velcera had previously indicated a month earlier that it would not be submitting any burden of proof expert reports. (Rosenberg Decl., at ¶ 23. Accordingly, Velcera was not

6

extend the same courtesy Merial had given, responding that "[a]s you [Mr. Wargo] suggested in your voicemail to Matt [Howell] yesterday, it would be helpful if you would let us know what you're looking for so we can be more prepared to discuss." (*Id*. at ¶ 24, Exhibit M). Mr. Wargo immediately replied, stating that Merial should simply take its own list and apply it to itself. (*Id*. at ¶ 25, Exhibit N). Mr. Wargo did not, however, attempt to identify any Velcera discovery request to which the documents on Merial's list would be responsive. (*See id*.).

During the April 3 meet and confer call, Merial again explained what documents it was seeking and pointed out that Velcera had produced many documents of the type Merial had requested for PetArmor in the PetArmor Plus patent litigation. (*Id*. at ¶ 26). Merial's counsel Patrick Elsevier sent a follow-up email after the call providing specific examples. (*Id*. at ¶ 27, Exhibit O). The following day, April 4, Mr. Wargo responded to Mr. Elsevier's email by saying that Velcera "will be in a position to produce further documents and you should hear from us later this week." (*Id*. at ¶ 28, Exhibit P). Mr. Wargo had also requested on that day that Merial withdraw its Emergency Motion to Compel. (*Id*. at ¶ 29). Mr. Rosenberg responded for Merial, explaining that Merial would not withdraw its Motion until after it had a chance to review Velcera's documents to confirm that Velcera had produced what it had agreed to produce. (*Id*. at ¶ 30, Exhibit Q). Instead, Merial suggested (without being asked) that it agree to an extension of the deadline until Friday of the following week, i.e., April 13, 2012. (*Id*.). Mr. Wargo stated

---

under the same pressure as Merial to resolve any issues concerning the production of financial documents. Moreover, Merial indicated that a meet and confer on the sufficiency of its production of financial documents might be premature, noting that its production of financial information was not complete and that it expected to have additional documents to Velcera in the next few days. (*See id*. at ¶ 24, Exhibit M).

7

that Velcera believed the "proper procedure" was for Merial to withdraw the motion entirely, but accepted Merial's suggestion as a compromise. (*Id*. at ¶ 31, Exhibit R).

Notwithstanding Mr. Wargo's statement in his April 4th email that Velcera "get back" to Merial on the production of further documents that same week, Velcera did not do so. (*Id*. at ¶ 32). Thus, on Monday, April 9, Mr. Rosenberg wrote to inquire when Merial could expect Velcera's additional production. (*Id*. at ¶ 33, Exhibit S). Despite his earlier representation that Merial should hear from Velcera by the end of the previous week, Mr. Wargo did not respond. (*Id*. at ¶ 34). When the following business day ended with still no response from Velcera, Mr. Rosenberg sent a follow-up email on the same issue. (*Id*. at ¶ 34, Exhibit T). Velcera's counsel Elizabeth Murphy responded that evening to say that Velcera would provide its response the following day, when the parties were scheduled to discuss the ESI issues in the case.[5]  (*Id*. at ¶ 35, Exhibit U).

During the meet and confer call on April 11, Mr. Wargo stated that he had recommended to his client that it produce the financial information identified in Patrick Elsevier's April 3 email (Ex. O to Rosenberg Decl.). (*Id*. at ¶ 36). However, Mr. Wargo conceded that he had had difficulty in getting resolution from his client on the issue. (*Id*.). Mr. Wargo promised yet again to "get back" with Merial's counsel the next day (Thursday, April 12) with what he hoped would be a substantive response as to which, if any, of the requested financial documents Velcera would produce, and when. (*Id*.) Merial's counsel explained that though they greatly appreciated Mr. Wargo's candor, Velcera's failure to produce the financial documents (after more than 2 months of

---

[5] The ESI issues are the subject of motions to compel filed by both Velcera (Dkt. 52) and Merial (Dkt. 61).

8

discussion) was causing considerable and immediate harm to Merial given the Rule 30(b)(6) deposition of Velcera scheduled for the upcoming Tuesday, April 17. (*Id*).

Though some dispute remained about the sufficiency of the financial documents Velcera had agreed to produce, on Thursday, April 12 Velcera's counsel, Ms. Murphy, wrote Mr. Elsevier promising to produce additional financial documents by the close of business the following day, Friday, April 13. (*Id*. at ¶ 37, Exhibit V).

After weeks of discussion, Velcera completed its production of financial information after 4:00 p.m. on Friday, April 13, little more than one business day in advance of the deposition scheduled for the following Tuesday. (*Id*. at ¶ 38). The Post-It note below was affixed to Velcera's production:



(*Id*. at ¶ 38).

Merial's counsel, of course, immediately recognized that Velcera had intentionally delayed the delivery of these critical documents – documents needed for the deposition of Velcera's witness early the next week – so that Merial would not receive the documents until the end of the business day. A subsequent call by Merial's counsel to Velcera's delivery service confirmed as much: the service confirmed that though it had received the package earlier in the day (the representative did not recall precisely

9

when), ***it had received explicit instructions from Velcera's counsel to refrain from delivering the documents until after 4:00 p.m***. on Friday.  (*Id*. at ¶ 39).

On April 27, 2012, in consideration of the fact that Velcera had represented to Merial, and to the Court, that it had made its "final production" of documents[6] (Dkt. 49, Velcera's Brief in Response to Plaintiffs' Emergency Motion to Compel, at 3) Merial voluntarily filed a Notice of Withdrawal of its Emergency Motion to Compel.  (Dkt. 56; *see* Rosenberg Decl., at ¶ 40).

<b><u>ARGUMENT AND CITATION OF AUTHORITIES</u></b>

**I.   MERIAL'S EMERGENCY MOTION TO COMPEL WAS PROPER.**

Velcera has repeatedly argued in connection with this issue that Merial failed to adequately meet and confer prior to filing its Emergency Motion to Compel.  *See* Motion for Sanctions (Dkt. 57); Defendants' Brief in Response to Plaintiffs' Emergency Motion to Compel (Dkt. 49); Defendants and Counterclaim-Plaintiffs' Response to Motion for Telephonic Conference (Dkt. 43).  Velcera also argues that Merial's motion was not an emergency.  Velcera's arguments in both regards are baseless.

Both Federal Rule 37 and M.D. Ga. Local Rule 37 require that a motion to compel contain a certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action.  Fed. R. Civ. P. 37; LR 37.  As set forth above, prior to filing its motion Merial conferred with Velcera regarding Velcera's failure to produce any

---

[6] Velcera has reported that it has now completed its production of financial documents. However, Velcera has not produced all of its responsive emails and other electronically stored information. (*See* Dkt. 61, Merial's Cross-Motion to Compel Production of Electronically Stored Information).

10

documents, particularly the financial documents needed by Merial's experts. Telephone conferences were held on this exact issue on March 2 and March 12. Follow-up emails were sent by both sides.

Velcera's counsel suggested that the issue of Merial's ongoing requests for Velcera's document production be discussed in connection with what Velcera believed to be deficiencies in Velcera's document production. Merial's lead counsel Frank Smith explained why this was an inappropriate delay tactic. Indeed, Merial made clear to Velcera that Velcera could not in good faith use other discovery disputes that might exist between the parties – which Merial said it would be happy to discuss – as "leverage" to further delay the resolution of the issue of Velcera's failure to produce any documents. *See ISO Claims Services, Inc., v. Appraisal.com, Inc.*, No. 3:06-cv-100-J-25MCR, 2007 WL 678014, *8, n.6 (M.D. Fla. March 5, 2007) (holding that "each party has their own obligations with respect to discovery and although both parties should participate in discovery in a cooperative manner and in good faith, a party cannot use the "tit for tat" argument when one party does not respond appropriately"); s*ee also Genentech, Inc. v. Trustees of Univ. of Penn.*, Case No. C 10-02037 LHK, 2011 WL 7074208 at * 1 (N.D. Cal. June 10, 2011) (a party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent); *Richardson v. City of Antioch,* Case No. C-08-3470 JSW, 2009 WL 982118 at *1 (N.D. Cal. April 13, 2009) ("a party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery"). Only after Mr. Wargo responded, "you have our response, Frank" did Merial file its Emergency Motion.

11

As noted in Merial's Notice of Withdrawal of Emergency Motion to Compel, Velcera cites no authority – and none exists – that Merial should have been required to continue to meet and confer, indefinitely, on the issue of Velcera's then-nonexistent document production. (Dkt. 56 at 2). The fact that Velcera had raised certain perceived deficiencies in Merial's responses to Velcera's discovery requests does nothing to obviate the fact that Merial had more than amply met and conferred on the issues raised in Merial's Motion to Compel.

Velcera's argument that there was never any emergency justifying Merial's Motion, or Merial's request for teleconference, ignores all of the pertinent facts. When Merial filed its motion on March 21, the deadline for the parties' burden of proof expert reports was April 12, 2012. As of the filing date, Velcera had not produced a single document in response to Merial's January 20, 2012 discovery requests. Merial required Velcera's documents, particularly its financial documents, in order to depose Velcera's corporate designee on damages issues sufficiently in advance of that deadline so that Merial's damages expert could review and rely on the deposition testimony in preparing his report. Similarly, the need for a teleconference with the Court arose once Velcera stated that it did not intend to reply to the Emergency Motion for 15 days (Dkt. 39), meaning that Merial could not reasonably expect a ruling until after its expert report was due, allowing Velcera's two-plus months of delay to jeopardize the entire case schedule.

Considering that Merial needed time to review the documents that would eventually be produced by Velcera, discuss those documents with its experts, prepare for and take the deposition of Velcera's corporate designee on financial issues, and have Merial's experts prepare a report, Merial in good faith believed – and continues to believe

12

– that the situation with which it was faced on March 21, 2012 most certainly constituted an emergency.

## II.   MERIAL WAS NOT OBLIGATED TO WITHDRAW ITS EMERGENCY MOTION TO COMPEL.

Velcera is under the mistaken impression that once it began its long overdue production of documents that Merial was required to withdraw its Motion to Compel. Velcera provides no support or authority for its argument. In fact, the language of Rule 37(a)(5)(A) is to the contrary:

> *If the Motion [to Compel] is Granted (or Disclosure or Discovery Is Provided After Filing)*.  If the motion is granted – ***or if the disclosure or requested discovery is provided after the motion was filed*** – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).   Under this Rule, no reasonable dispute can exist that Merial was not required to withdraw its Motion to Compel once Velcera began producing documents. Indeed, not only does Rule 37 contemplate the scenario of requested discovery being provided after a motion to compel is filed, but it also provides for an award of attorney's fees in that exact case. This Court has held accordingly. *Fantastic Sams Salons Corp. v. Maxie Enterprises, Inc*., No. 3:11-cv-22 (CDL), 2012 WL 210889, at *5 (M.D. Ga. Jan. 24, 2012) (holding that if the requested discovery is provided after a motion to compel is filed, "the Court must award [the moving party] the attorney's fees [it] incurred in connection with [its] motion to compel unless [the non-movant] shows cause why the Court should not do so.").

Merial withdrew its Motion in good faith to save both the parties and the Court the time and resources necessary to resolve the Motion.  This was done despite the fact that Merial was within its rights to continue with the prosecution of its Motion and seek

13

an award of its attorney's fees. Velcera's suggestion that Merial should be *sanctioned* for bringing a legitimate motion – and then withdrawing it voluntarily so that the parties could focus on the real issues in this case – is what is truly wasting Merial's and the Court's time.

### III. THE COURT SHOULD NOT SANCTION MERIAL WHEN VELCERA ITSELF IS ENGAGED IN UNPROFESSIONAL GAMESMANSHIP.

The evidence is clear that on April 13, 2012, Velcera purposefully delayed the delivery of documents to Merial:



Even if the delay was only for a matter of hours, this type of behavior –whether done to gain some tactical advantage or merely out of spite – is unwarranted and unprofessional. Merial does not know the full circumstances of the situation, only that Velcera's delivery service confirmed that it had received instructions to hold the delivery until after 4:00 p.m.

As set forth in detail above, Merial had been seeking these critical financial documents from Velcera from the first day of discovery. Velcera's deliberate withholding of these documents, especially when they had already been sent to the

14

delivery service, should not be tolerated.[7] Merial's actions in connection with the filing and withdrawal of its Emergency Motion to Compel were done in good faith with a goal toward the swift and efficient resolution of this dispute. Velcera should not be heard to complain about Merial's conduct when its own conduct is itself sanctionable.

## CONCLUSION

The Court should deny Velcera's Motion for Sanctions in its entirety and award Merial the costs and attorney's fees incurred in responding thereto.

---

[7] Merial recognizes that the Standards of Conduct promulgated by this Court are "aspirational and voluntary," and are not intended to be cited as legal authority. Merial notes, however, that Velcera's conduct at issue here is directly covered therein.

Respectfully submitted, this 25th day of May 2012.

/s/ **Nadya M. Sand**

| | |
|---|---|
| Judy Jarecki-Black, Ph.D., Esq. | Edward D. Tolley, Esq. |
| (judy.jarecki@merial.com) | (etolley@mindspring.com) |
| Georgia Bar No. 801698 | Georgia Bar No. 714300 |
| MERIAL LIMITED | COOK NOELL TOLLEY & BATES LLP |
| 3239 Satellite Blvd. | 304 East Washington Street |
| Duluth, Georgia 30096-4640 | P.O. Box 1927 |
| Tel.: (678) 638-3805 | Athens, GA 30603-1927 |
| Fax: (678) 638-3350 | Tel.: (706) 549-6111 |
| | Fax: (706) 548-0956 |
| J. Patrick Elsevier, Ph. D., Esq. | Frank G. Smith, III, Esq. |
| (jpelsevier@jonesday.com) | (frank.smith@alston.com) |
| Georgia Bar No. 246694 | Georgia Bar No. 657550 |
| JONES DAY | Jason D. Rosenberg, Esq. |
| 12265 El Camino Real | (Jason.rosenberg@alston.com) |
| Suite 200 | Georgia Bar No. 510855 |
| San Diego, California 92130-4096 | Matthew W. Howell, Esq. |
| Tel.: (858) 314-1200 | (matthew.howell@alston.com) |
| Fax.: (858) 314-1150 | Georgia Bar No. 607080 |
| | Nadya M. Sand, Esq. |
| | Georgia Bar No. 156051 |
| | (nadya.sand@alston.com) |
| | ALSTON & BIRD LLP |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS<br><br>Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Defendants | Civil Case No. 3:11-cv-00157-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed foregoing MERIAL'S RESPONSE IN OPPOSITION TO VELCERA'S MOTION FOR SANCTIONS, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 25th day of May, 2012.

                                                s/*Nadya M. Sand*
                                                Nadya Sand