IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and<br>MERIAL S.A.S.,<br><br>    Plaintiffs – Counterclaim Defendants<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM,<br>INC.,<br><br>    Defendants – Counterclaim Plaintiffs | Case No. 3:11-cv-00157-CDL |

**VELCERA, INC.'S AND FIDOPHARM, INC.'S
<u>REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS</u>**

Defendants – Counterclaim Plaintiffs Velcera, Inc. and FidoPharm, Inc. (collectively "Velcera") submit this reply brief in support of their motion for sanctions in connection with Plaintiffs – Counterclaim Defendants Merial Limited's and Merial S.A.S.'s (collectively "Merial") Notice of Withdrawal of Emergency Motion to Compel [Doc. 56].

**<u>INTRODUCTION</u>**

In its opening memorandum, Velcera respectfully requested that the Court exercise its inherent powers to sanction Merial and award Velcera its reasonable fees and costs incurred in being forced to oppose Merial's supposed and unnecessary "emergency" motion to compel [Doc. 38] (the "Motion"). Merial conceded that its purported "emergency" – including the emergency teleconference the Court scheduled at Merial's urging – was not necessary. Not only did Merial waste judicial resources, Merial (i)

chose to disregard the Court's rules and file its Motion without a good faith meet and confer; and (ii) failed to withdraw its Motion prior to Velcera's deadline to respond to the Motion, ***despite Velcera's express demands that Merial withdraw its Motion*** since Velcera had produced more than 4,000 pages of documents that rendered the Motion moot.  In short, Merial forced the Court and Velcera to expend the maximum amount of resources to fully brief and litigate a motion that should never have been filed.

While chockfull of excuse after excuse for filing its supposed "emergency" Motion and waiting until the eleventh hour to withdraw it, Merial's opposition brief is simply long on words and short on demonstrating any legitimate basis for its conduct. Instead, Merial purports to rely on a Post-It note written by an employee of a courier service as "clear evidence" that Velcera "purposefully delayed the delivery of documents to Merial," while admitting that Merial has no knowledge of the circumstances behind the note and thus no basis whatsoever to accuse Velcera of any wrongdoing.  (Opp'n Br. at 14).  Merial's accusation is unfortunate and nothing more than a desperate attempt to avoid sanctions.  Nothing in Merial's response changes the fact that Merial's actions in filing and withdrawing its so-called "emergency" motion demonstrate bad faith justifying an order requiring Merial to pay Velcera's fees and costs incurred in opposing the Motion.

## **ARGUMENT**

As Velcera showed in its opening brief, Merial disregarded Velcera's offers to meet and confer and admittedly filed its *second* so-called "emergency" Motion *without a good faith meet and confer* as required by the Local Rules and Federal Rules. Merial's March 21, 2012 letter stated:

> "As you are aware, Merial has today filed a motion to compel relating to Velcera's *failure to produce **any** documents in this case*. However, Merial will also be sending a follow-up communication under separate cover *to more formally meet and confer on the other specific deficiencies in Velcera's discovery responses*." (emphasis added) (*See* [Doc. 49], Ex. 2).

Merial's opposition brief does not even address this letter or dispute the letter's clear statement that Merial did not formally meet and confer before filing its Motion.

Furthermore, Merial's Motion requested one remedy – that Velcera **begin** producing documents. Merial does not and cannot dispute that fact. Indeed, Merial's own letter states that Merial filed the Motion because Velcera had not yet produced *any* documents in this case. (*Id.*) Accordingly, Merial's Motion was rendered moot and should have been withdrawn promptly upon Velcera's production of *more than 4,000* pages of documents on March 27 and March 30, 2012. Instead, and with no outstanding relief requested by the Motion, Merial refused Velcera's repeated demands to withdraw the Motion. Merial has failed to demonstrate any legitimate reason for keeping its "emergency" Motion pending with the Court through April 27, 2012, forcing Velcera and the Court to devote the maximum amount of resources to brief and litigate a motion that Merial should never have filed in the first place.

3

In addition, Merial has no justification to rely on a Post-It note as "clear evidence" to accuse Velcera of deliberately withholding documents from Merial. Even worse, Merial makes this very serious charge while admitting that it "does not know the full circumstances of the situation." (Opp'n Br. at 14). There is simply no improper motive behind the note, which was written by an employee of the courier service that delivered the documents to Merial by the close of business, as Velcera instructed the service to do and had promised Merial. Merial admits that Velcera promised to produce the documents **by the close of business** on Friday, April 13. (Opp'n Br. at 9). Merial never objected to that deadline. Velcera's production was not fully processed or ready for delivery until mid-afternoon on **April 13,** and was picked up by the courier service at **2:15 p.m**. According to the courier service, the documents were delivered to Merial at **4:05 p.m. – just one hour and fifty minutes later, and long before the close of business.** Delivering the documents by the close of business simply gave Velcera a short window after pick-up to address any production-related issues that may arise and ensure that its production was complete before delivery to Merial, especially since the parties – as Merial correctly notes – continued to dispute the sufficiency of the financial documents Velcera agreed to produce. (Opp'n Br. at 9).

Moreover, it is obvious that Merial had no issue with the note – and indeed never raised it – until *six weeks later* when it was forced to respond to this motion and try desperately to put Velcera in a bad light to avoid sanctions. Velcera neither delayed nor withheld *anything* from Merial. For Merial to suggest otherwise and to make such a

4

serious accusation against a party while admitting that it has no knowledge of the circumstances is truly unfortunate.

## **CONCLUSION**

For the foregoing reasons, Velcera respectfully requests that the Court grant its motion and award Velcera its reasonable attorneys' fees and costs in opposing Merial's Motion and award such other and further relief as the Court deems proper.

Dated:  June 11, 2012.    WARGO FRENCH

/s/ Michael Wolak III
Joseph D. Wargo
Georgia Bar No. 355045
(jwargo@wargofrench.com)
Michael S. French
Georgia Bar No. 276680
(mfrench@wargofrench.com)
Michael Wolak III
Georgia Bar No. 773197
(mwolak@wargofrench.com)
999 Peachtree Street NE
26th Floor
Atlanta, GA 30309
Tel:  (404) 853-1500
Fax:  (404) 853-1501

-and-

| | |
|---|---|
| William L. Tucker<br>(wlt@psstf.com)<br>Georgia Bar No. 718050<br>James C. Clark<br>(jcc@psstf.com)<br>Georgia Bar No. 127145<br>Thomas F. Gristina<br>(tfg@psstf.com)<br>Georgia Bar No. 452454<br>PAGE, SCRANTOM, SPROUSE,<br>TUCKER & FORD, P.C.<br>Synovus Centre<br>1111 Bay Avenue, 3rd Floor<br>Columbus, GA 31901<br>Tel.:  (706) 324-0251<br>Fax:  (706) 596-9992 | Bruce P. Keller*<br>(bpkeller@debevoise.com)<br>David H. Bernstein*<br>(dhbernstein@debevoise.com)<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Tel:  (212) 909-6000<br>Fax:  (212) 521-7696<br><br>*  Admitted pro hac vice |

*Counsel for Velcera, Inc. and FidoPharm, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day filed the foregoing Reply Brief with the Court's CM/ECF system, which will automatically give notice to all counsel of record. This 11th day of June, 2012.

/s/ Michael Wolak III