**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>  Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>  Defendants. | Case No. 3:11-cv-00157-CDL |

**MERIAL'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION TO COMPEL
PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

In the absence of a protective order – or even a motion for one - Defendants Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") have refused to produce their electronically stored information ("ESI") until the Court rules on their Motion to Compel an undoubtedly large amount of email ESI from Merial. Federal and Local Rules do not, however, permit a party to unilaterally refuse to search for and produce ESI in the absence of a protective order. Accordingly, this Court should compel Velcera to produce its ESI.

On April 17, 2012, Velcera filed its Motion to Compel ESI, requesting that this Court enter its proposed order governing the production of ESI. *See* Motion to Compel ESI, Dkt. 52. During the pendency of its motion, Velcera has refused to produce any of its ESI. *See* Merial's Response to Motion to Compel ESI ("Merial's Response"), Dkt. 61, Exhibit 2, at ¶ 5. On May 11, 2012, Merial filed its response to Velcera's Motion to Compel ESI, as well as the instant

1

cross-motion, requesting that this Court compel Velcera to produce its ESI.  *See* Merial's Response, Dkt. 61.

## ARGUMENT

In its Brief in Opposition to Merial's cross-motion ("Opposition Brief"), Velcera contends that its proposed process for the production of the parties' ESI is the same process "repeatedly urged by Merial…."  Opposition Brief, Dkt. 65, pp. 3, 8.  That assertion is not accurate.  To the contrary, Velcera's refusal to produce any of its ESI differs markedly from Merial's approach to the production of ESI.

In compliance with the Joint Discovery Plan & Scheduling Order, the parties discussed the production of ESI "in order to reduce the costs of such discovery" and attempt to "limit the number of search terms, the number of document custodians, and the type of documents that are the subject of [electronic] discovery."  *See* Discovery Plan, Dkt. 30, p. 14.  At the time the parties discussed the production of ESI, Merial had nearly completed its production of non-ESI.  Opposition Brief, Dkt. 65, p. 3.  Further, Merial had already searched for, collected, and produced non-email ESI from its relevant custodians.  Merial's Response, Dkt. 61, p. 3.  Accordingly, Merial proposed a draft order regarding ESI, modeled after the Eastern District of Texas' [Model] Order Regarding E-Discovery in Patent Cases, which related only to the production of emails.  *See id.*

When the parties met to discuss the draft order, it quickly became clear that the parties' positions were irreconcilable.  Velcera insisted, for example, that each party be given 90-120 days to complete its ESI discovery and that Merial search the electronic files of eighty ESI

custodians.[1]  *Id*. at pp. 3-4.  Recognizing that the parties' inability to agree on the specific terms of an ESI order did not obviate the parties' obligations to produce relevant, responsive ESI, Merial began to collect and review its email ESI.  *Id*.

Unlike Merial, Velcera did not begin to collect, review, or produce its ESI.  Instead, Velcera opted to file a Motion to Compel ESI, and informed Merial that it would not commence collecting its ESI until the Court had ruled on its motion.  It is thus plain that Velcera's complete failure to currently engage in ESI discovery differs dramatically from Merial's active engagement in ESI discovery.  This Court should end Velcera's delays, and order Velcera to immediately begin producing its ESI.

It is also clear that Velcera's proposed protocol does not align with the protocol "urged" by Merial, or those set forth by the Eastern District of Texas' [Model] Order or the Federal Circuit Advisory Council's ESI Model Order, and their efforts to streamline discovery.  *See* Opposition Brief, p. 8; *see also* Merial's Response, Dkt. 61, Exs. J and K.  Rather, and as set forth more fully in Merial's opening brief, Velcera's proposal cannot reasonably be interpreted as any limitation on e-discovery or the costs associated with it.  *See* Merial's Response, Dkt. 61, pp. 6-12.  Velcera's revised proposed order, for example, requires the parties to search the ESI of twenty-five (down from eighty) custodians, without any showing of why twenty-five individuals who report to Dr. Zachary Mills, James Poole, or Bill Lopez might possess information

---

[1] Velcera, of course, does not even have 80 employees, much less 80 relevant custodians.  Velcera thus sought to place an inordinate burden and expense on Merial, a tactic that has been roundly – and rightly – criticized.  *See, e.g., Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) (discovery rules do not permit a party to go on a fishing expedition); *U.S. v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2777278, *5 (D. Kan. Aug. 27, 2009) (finding that "the single fact that Boeing is a large company does not justify the imposition of costs and expenses associated with discovery of marginal value"); see also Fed.R. Civ. P. 26(b)(1), 1983 Advisory Committee Notes ("The court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent.")

regarding Merial's FRONTLINE product – as opposed to other Merial products – or the claims in this case.[2] *See* Opposition Brief, pp. 6-7. On the other hand, Merial's proposed order requires that the parties search five custodians, as does the Federal Circuit Advisory Council's ESI Model Order.

Velcera does correctly note in its Opposition Brief that the Eastern District of Texas' [Model] Order and the Federal Circuit Advisory Council's ESI Model Order contemplate court involvement with ESI protocols. Opposition Brief, p. 7. However, those orders provide that, to increase the number of searchable custodians or search terms in an ESI protocol the parties can agree on an increase or the Court can increase the criteria if necessary due to the size, complexity, and issues of the specific case.[3] Merial's Response, Dkt. 61, Ex. J, pp. 3-4, and K, pp. 3-4. Velcera has failed to demonstrate that the issues in this case or its counterclaims necessitate increasing those limits. Indeed, the limits on searchable custodians and search terms in the model orders were designed for patent cases, which, unlike most trade dress cases, are highly technical. Merial's Response, Dkt. 61, K, pp. 1-2 (noting that patent cases suffer from disproportionally high discovery expenses).

For these reasons, and those set forth in Merial's opening brief, this Court should grant Merial's Cross-Motion to Compel Production of Electronically Stored Information.

---

[2] Velcera's mandatory disclosures name only two Merial employees as "persons with knowledge" of the claims and defenses in this case that are not subject to a motion to dismiss. Merial's Response, Dkt. 61, p. 10.

[3] Velcera argues that because ColemanBrandworx New York, Velcera's brand development agency subpoenaed by Merial, agreed to search and produce ESI from seven custodians that this undermines Merial's position. *See* Opposition Brief, pp. 5-6. Merial, however, requested that these custodians be searched only after reviewing documents produced by Velcera in the case and determining that each was likely to possess relevant information responsive to the subpoena. Velcera has attempted no such showing, but rather simply insists, without any basis, that Merial's approach to the collection and review of ESI is insufficient.

Respectfully submitted, this 15th day of June 2012.

*/s/* **Nadya M. Sand**

| | |
|---|---|
| Judy Jarecki-Black, Ph.D., Esq. | Edward D. Tolley, Esq. |
| (judy.jarecki@merial.com) | (etolley@mindspring.com) |
| Georgia Bar No. 801698 | Georgia Bar No. 714300 |
| MERIAL LIMITED | COOK NOELL TOLLEY & BATES LLP |
| 3239 Satellite Blvd. | 304 East Washington Street |
| Duluth, Georgia 30096-4640 | P.O. Box 1927 |
| Tel.: (678) 638-3805 | Athens, GA 30603-1927 |
| Fax: (678) 638-3350 | Tel.: (706) 549-6111 |
| | Fax: (706) 548-0956 |
| J. Patrick Elsevier, Ph. D., Esq. | Frank G. Smith, III, Esq. |
| (jpelsevier@jonesday.com) | (frank.smith@alston.com) |
| Georgia Bar No. 246694 | Georgia Bar No. 657550 |
| JONES DAY | Jason D. Rosenberg, Esq. |
| 12265 El Camino Real | (Jason.rosenberg@alston.com) |
| Suite 200 | Georgia Bar No. 510855 |
| San Diego, California 92130-4096 | Matthew W. Howell, Esq. |
| Tel.: (858) 314-1200 | (matthew.howell@alston.com) |
| Fax.: (858) 314-1150 | Georgia Bar No. 607080 |
| | Nadya M. Sand, Esq. |
| | Georgia Bar No. 156051 |
| | (nadya.sand@alston.com) |
| | ALSTON & BIRD LLP |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, Georgia 30309-3424 |
| | Tel.: (404) 881-7000 |
| | Fax: (404) 881-7777 |

*Counsel for Plaintiffs Merial Limited and Merial SAS*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS<br><br>  Plaintiffs,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>  Defendants | Civil Case No. 3:11-cv-00157-CDL |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed foregoing MERIAL'S REPLY BRIEF IN SUPPORT OF ITS CROSS-MOTION TO COMPEL PRODUCTION OF ELECTRONICALLY STORED INFORMATION, via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

This 15th day of June, 2012.

s/ Nadya M. Sand.
Nadya M. Sand