IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MERIAL LIMITED and<br>MERIAL S.A.S.,<br><br>  Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM,<br>INC.,<br><br>  Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00157-CDL |

### VELCERA, INC.'S AND FIDOPHARM, INC.'S MOTION TO
### AMEND SCHEDULING ORDER *AND* FOR PROTECTIVE ORDER

Defendants and Counterclaim-Plaintiffs Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera") respectfully move (i) to amend the Joint Discovery Plan and Scheduling Order ("Scheduling Order") [Doc. 30] to allow for at least a 60-day extension on the discovery and dispositive motions deadlines, and (ii) for a protective order to protect Velcera against the unilateral noticing of depositions by Merial.

### INTRODUCTION

Despite diligent efforts to seek discovery on its defenses and counterclaims, Velcera has had the discovery door slammed shut through Merial's self-decreed stays and its refusal to produce any ESI that has effectively put all discovery in this case on hold, *except* for the discovery that Merial wants *immediately*. Velcera sought discovery from Merial, but Merial moved to stay. Velcera attempted to take third-party discovery, but Merial moved to stay enforcement of those subpoenas in Nebraska. Velcera sought Merial's ESI, but Merial refused and forced Velcera to move to compel. Merial, on the other hand, has dragged its feet. Merial

waited nearly *five weeks* after receiving the last of Velcera's documents before requesting dates for the depositions of Velcera witnesses.  Now, on the eve of the discovery deadline and with several pending motions that affect the scope of discovery in this case (including Velcera's motion to compel production of ESI), Merial purports to dump its ESI on Velcera during the last week of June and has unilaterally noticed the depositions of Velcera witnesses and one of its experts, all while the related patent cases are in full swing.  As a direct result of Merial's self-decreed stays of discovery – compounded by the pending motions – an extension of the discovery period is now necessary to preserve Velcera's ability to conduct reasonable discovery on its defenses and counterclaims.   As expected though, and consistent with its attempts to keep discovery in this case a one-way street, Merial refused Velcera's request for its consent to this extension.  Furthermore, good cause exists for the entry of a protective order to protect Velcera against Merial's self-help and unilateral noticing of depositions and attempts to jam Velcera up against the close of discovery.

## ARGUMENT

### A.   Fact And Expert Discovery Cannot Be Completed Before July 17.

The Scheduling Order was entered on February 3, 2012.  Merial's Motion to Dismiss Velcera's Counterclaim [Doc. 24] was already pending, having been filed on January 4, 2012. The Scheduling Order set June 15 and July 30, 2012 as the discovery and dispositive motions deadlines.  By March 13, 2012 text Order, these deadlines were extended until July 17 and August 31, 2012 to allow for a commensurate extension on the parties' expert witness reports.

Since the March 13, 2012 Order, Merial has filed two motions to compel [Docs. 38 and 61], a motion for protective order to stay discovery and to quash subpoenas [Doc. 41], and a motion to stay enforcement of subpoenas duces tecum to third parties filed in the Nebraska

district court.[1]  Velcera has also filed two motions to compel [Docs. 44 and 52].[2]  Merial's motions for a protective order and to stay enforcement of subpoenas were filed after the fact in an attempt to justify Merial's self-decreed stay of discovery for the purpose of shutting the door on any discovery taking place under the Federal Rules.  In addition, as the Court is well aware, the parties have been aggressively litigating and holding extensive hearings[3] in the two related patent matters, 3:07-cv-125-CDL and 3:12-cv-75-CDL.  It would be an understatement to say that all three of the *Merial v. Velcera* matters have been hotly contested.

As a result, it is not surprising that an extension of discovery and dispositive motions deadlines is necessary here.  It is certainly also <u>not</u> surprising that Merial will not consent to any such extension, despite discovery being nowhere near complete as a result of Merial's self-decreed stay.  The motion to dismiss and the numerous discovery motions remain pending, and Merial – as it has done throughout this case – continues to treat discovery as a one-way street.  For example, Merial improperly and unilaterally noticed the deposition of Velcera' expert, Dr. Ken Bernhardt, when the parties had not yet concluded discussions on the issue of scheduling.  The parties have now agreed to schedule the depositions of Dr. Bernhardt and Merial's expert,

---

[1]  On April 27, 2012, Merial withdrew its first motion to compel, but only after Velcera was forced to incur the costs of responding.  Velcera has a pending motion for sanctions [Doc. 57] related to this issue.

[2]  These motions relate to Merial's self-imposed stay, its improper claim that Velcera has submitted more than 10 requests for production and Merial's refusal to engage in reciprocal ESI discovery.

[3]  Just since April, Merial has filed two separate "emergency" motions seeking preliminary injunctions to block Velcera's new product launch.  The first motion, filed on April 20, 2012 in 3:07-cv-125-CDL [ECF Nos. 176 & 177] sought to hold Velcera in contempt.  The Court held hearings on May 4, 2012 and May 21-23, 2012 and denied the motion by June 5, 2012 Order [ECF No. 235].  Less than an hour after the contempt motion was denied, Merial filed the new patent infringement suit, 3:12-cv-75-CDL, against Velcera and demanded the second preliminary injunction.  That matter is set for hearing on June 21-22, 2012.

Dr. Cogan, *after* the current discovery deadline of July 17 to accommodate the mutual schedules of the parties, counsel, and the experts. Thus, Merial will suffer no prejudice from the extension requested by this motion. Merial has also unilaterally noticed the depositions of Velcera witnesses for July 10-11. It is telling that despite now insisting on a rapid discovery completion, Merial received Velcera's completed document production on May 4, 2012, yet waited until June 7, 2012 (nearly five weeks) to request deposition dates for Velcera witnesses. Whether by design or coincidence, it should have been known to Merial that these dates would fall on and around the time Velcera would be fighting the preliminary injunction demand in the new patent case.

Furthermore, all of the pending motions – especially the motions to compel production of ESI – will affect the scope of discovery in this case. ESI production will require at least 60 days for the parties to search, compile, review and produce responsive ESI. Indeed, good cause for an extension of discovery is made even more compelling by the fact that on June 18, 2012, counsel for Merial represented to counsel for Velcera that Merial intends to produce response ESI beginning the week of June 25 – just three weeks before the close of discovery.[4] Merial is not willing to accept the obvious, which is consistent with the approach it has taken throughout this case – that is – push Velcera for everything, provide little in return, and then try to jam Velcera

---

[4] Merial appears to be attempting marginalize its failure to engage in reciprocal ESI discovery by claiming that it has already begun reviewing and collecting ESI discovery. *See* Merial's Reply Brief in Support of its Cross-Motion to Compel Production of Electronically Stored Information [Doc. 67, pp. 2-3]. In classic Merial fashion, however, this discovery is done only on Merial's terms and in a calculated fashion – Merial has limited its search to only five custodians of its choice. Moreover, assuming it is made the week of June 25, whatever production Merial makes based on this search will be made on the eve of the discovery cut-off. This is not enough time to review the production and consider appropriate deposition and other responsive discovery related to Merial's production. In addition, given Merial's position that it will now produce ESI, Merial should withdraw its opposition to Velcera's motion to compel ESI.

against the wall of a discovery deadline such that Velcera is unable to get the discovery to which it is entitled.

Velcera has done its best to complete discovery despite the pressures of three concurrent lawsuits and multiple "emergency" motions and hearings, and Merial's self-decreed stay of discovery. There is no dispute that discovery cannot be completed by July 17, 2012. Velcera respectfully requests a discovery extension until at least September 15, 2012 and a commensurate extension on the dispositive motions deadline until at least October 30, 2012.

### B.     Good Cause Exists For Entry Of A Protective Order To Protect Velcera.

A party may seek a protective order under Federal Rule of Civil Procedure 26(c) when the opposing party is conducting discovery in an inappropriate manner. *See Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1325 (11th Cir. 2002). Specifically, Rule 26(c) provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

As shown above, an extension of discovery is necessary to preserve Velcera's ability to conduct reasonable discovery on its defenses and counterclaims in light of the pending motion to dismiss, motions to stay, motions to compel, and to allow the parties the ability to mutually schedule depositions. A protective order is also necessary to protect Velcera against Merial's unilateral noticing of depositions. As discussed above, Merial improperly noticed the deposition of Velcera's expert. On June 18, 2012, Velcera unilaterally noticed the depositions of Velcera witnesses for July 10-11. Merial received Velcera's document production on a rolling basis, with the remaining documents produced by Velcera on May 4, 2012. Merial sat on those documents and waited nearly *five weeks* before requesting a single deposition date for a Velcera witness. Merial – after imposing its self-decreed stay and shutting down discovery – now seeks

to jam Velcera up against the close of discovery while the related patent case is being prosecuted. Accordingly, good cause exists for the entry of a protective order to protect Velcera against such conduct and – along with the extension of discovery requested by this motion – to enable the parties to schedule depositions on a mutual basis.

## **CONCLUSION**

For the foregoing reasons, Velcera respectfully requests that its motion be granted and that the Scheduling Order be amended to extend the discovery deadline until at least September 15, 2012 and the dispositive motions deadline until at least October 30, 2012, and that the Court enter a protective order to protect Velcera against Merial's unilateral notices of deposition.

## **Rule 26 Certification**

Velcera has in good faith conferred with Merial in an effort to resolve the dispute without court action.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted, this 19th day of June, 2012.

                                           PAGE, SCRANTOM, SPROUSE,
                                           TUCKER & FORD, P.C.

                                           By:     /s/ Thomas F. Gristina
                                                       William L. Tucker
                                                       (wlt@psstf.com)
                                                       Georgia Bar No. 718050
                                                       James C. Clark, Jr.
                                                       (jcc@psstf.com)
                                                       Georgia Bar No. 127145
                                                       Thomas F. Gristina
                                                       (tfg@psstf.com)
                                                       Georgia Bar No. 452454
                                                       Synovus Centre
                                                       1111 Bay Avenue, 3rd Floor
                                                       Columbus, GA 31901
                                                       Tel.:  (706) 324-0251
                                                       Fax:  (706) 596-9992

| | |
|---|---|
| Joseph D. Wargo | Bruce P. Keller* |
| (jwargo@wargofrench.com) | (bpkeller@debevoise.com) |
| Georgia Bar No. 355045 | David H. Bernstein* |
| Michael S. French | (dhbernstein@debevoise.com) |
| (mfrench@wargofrench.com) | DEBEVOISE & PLIMPTON LLP |
| WARGO & FRENCH LLP | 919 Third Avenue |
| Georgia Bar No. 276680 | New York, New York 10022 |
| 999 Peachtree Street, NE, 26th Floor | Tel:  (212) 909-6000 |
| Atlanta, GA 30309 | Fax:  (212) 521-7696 |
| Tel:  (404) 853-1500 | *Admitted pro hac vice |
| Fax:  (404) 853-1501 | |

*Counsel for Defendants*
*and Counterclaim-Plaintiffs*
*Velcera, Inc. and FidoPharm, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I am counsel for Defendants and Counterclaim-Plaintiffs and that on this date, I filed the foregoing document using the CM/ECF system, which will automatically send notification of such filing

Frank G. Smith, III
Jason D. Rosenberg
Matthew W. Howell
Nadya M. Sand
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424

Judy Jarecki-Black, Ph.D.
MERIAL LIMITED
3239 Satellite Blvd.
Duluth, GA 30096-4640

Edward D. Tolley, Esq.
COOK NOELL TOLLEY
& BATES LLP
Georgia Bar No. 714300
304 East Washington Street
Athens, GA 30601

J. Patrick Elsevier, Ph.D.
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130

This 19th day of June, 2012.

/s/Thomas F. Gristina
Counsel for Defendants and Counterclaim-Plaintiffs