IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MERIAL LIMITED, and          *
MERIAL SAS,
                             *
     Plaintiffs,
     Counterclaim Defendants,  *

vs.                          *
                                      CASE NO. 3:11-CV-157 (CDL)
VELCERA, INC., and           *
FIDOPHARM, INC.,
                             *
     Defendants,
     Counterclaim Plaintiffs.  *

_____

O R D E R

     Merial Limited and Merial SAS (collectively "Merial") filed

this action against Defendants Velcera, Inc. and FidoPharm Inc.

(collectively "Velcera"), asserting claims under the Lanham Act,

15 U.S.C. § 1125, and under Georgia law.  Velcera responded by

filing a Counterclaim against Merial for false or misleading

advertising under § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a), and for deceptive trade practices under

Georgia law.  Presently pending before the Court are Merial's

Motion to Dismiss Defendants' Counterclaims based on lack of

standing and failure to state a claim (ECF No. 24), Merial's

Motion for Protective Order to Stay Discovery on Velcera's

Counterclaims (ECF No. 41), and Velcera's Motion to Compel and

in the Alternative Motion to Amend Scheduling Order (ECF No.

44).  For the following reasons, Merial's motion to dismiss (ECF No. 24) is denied; Merial's motion for protective order (ECF No. 41) is denied as moot in light of the denial of the motion to dismiss; and Velcera's motion to compel and amend scheduling order (ECF No. 44) is likewise denied as moot given the rulings which follow.

DISCUSSION

Merial's "facial attack on the [Counterclaims] [for lack of standing] requires the court merely to look and see if [Velcera] has sufficiently alleged a basis of [standing], and the allegations in [the Counterclaims] are taken as true for the purposes of the motion."  *Stalley ex. rel. United States v. Orlando Reg'l Healthcare Sys.*, Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008) (per curiam) (internal quotation marks omitted); *see also Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1161 (11th Cir. 2007) (noting that on a motion to dismiss for lack of prudential standing, courts "tak[e] as true the facts as they are alleged in the complaint.").  When considering Merial's 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the Counterclaims and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a [counterclaim] must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The Counterclaims must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  Although the Counterclaims must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" Velcera's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded [counterclaim] simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Taking the facts alleged in Velcera's Counterclaims as true and construing all reasonable inferences in Velcera's favor, the Court reads the Counterclaims to allege the following.  Merial's Frontline parasiticide products compete directly with Velcera's products in the market that consists of pet owners who seek effective and safe treatment of their dogs and cats for fleas and ticks.  As part of its marketing strategy, Merial advertises that it sells its Frontline products only through veterinarians. This strategy is intended to create the impression that its products are subject to direct veterinarian supervision and

scrutiny.   It has also allowed Merial to promote Frontline as the brand most recommended by veterinarians, which implies that veterinarians consider the products to be the safest and most efficacious on the market.   Contrary to this marketing strategy, Merial's Frontline products are actually available outside of the veterinarian-only sales channel and can be purchased in the retail sales channel.   The good will developed through Merial's promotion and advertising that it sells Frontline products only through veterinarians transfers over to the retail channel. When consumers find Frontline products in the retail channel, they mistakenly believe that the Frontline products are "quasi-prescription," have a veterinarian seal of approval, and are superior to other parasiticides, including Velcera's products. This marketing strategy makes it more likely that a consumer will buy the Frontline product instead of Velcera's product. Because Velcera's products compete directly with Merial's Frontline products sold in the retail channel, Velcera is injured when a consumer purchases a Frontline product instead of a Velcera product based on the consumer's belief that the Frontline product is more efficacious and/or safer than the Velcera product due to the "veterinarian-only" marketing strategy.

These factual allegations support Article III standing. *See Phoenix of Broward, Inc.,* 489 F.3d at 1161-62 (noting that

to show Article III standing, a party must demonstrate that "(1) he has suffered an actual or threatened injury, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable ruling," and finding the plaintiff's damages claim asserting that the defendant's false advertising caused customers to be diverted from the plaintiff sufficient to confer standing).  The allegations in the Counterclaims are also sufficient to establish prudential standing.  *See id.* at 1163-64 (listing factors for the Court to consider when determining whether a party has prudential standing to assert a claim under § 43(a) of the Lanham Act).  The Court hastens to add that its conclusions today are based on a facial evaluation of Velcera's Counterclaims and do not suggest whether the Counterclaims can be sustained against a future factual challenge to standing when the record is more developed.

The Court also finds that Velcera's factual allegations state a claim for relief under § 43(a) of the Lanham Act.  *See N. Am. Med. Corp. v. Axiom Worldwide*, 522 F.3d 1211, 1224 (11th Cir. 2008) (noting the elements of a false advertising claim are as follows: "(1) the ads of the opposing party were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or service

affects interstate commerce, and (5) the movant has been—or is likely to be—injured as a result of the false advertising.").

Based on the foregoing, Merial's Motion to Dismiss Velcera's Counterclaims (ECF No. 24) for lack of standing and for failure to state a claim is denied.  In light of this ruling, Merial's Motion for Protective Order to Stay Discovery on Velcera's Counterclaims (ECF No. 41) is moot.  The Court also finds that this ruling makes Velcera's Motion to Compel and in the Alternative Motion to Amend Scheduling Order (ECF No. 44) moot, at least in part.  Now that the parties understand that Velcera's Counterclaims will proceed, they should reevaluate previously asserted objections in light of this ruling.  The Court orders the parties to confer in good faith in an attempt to resolve all existing discovery disputes, including those related to electronic discovery (ECF Nos. 52 & 61).  Within fourteen days of today's Order, the parties shall inform the Court in writing of any remaining discovery disputes that require the Court's involvement and shall also provide the Court with an amended scheduling order that reasonably allows for this action to proceed expeditiously toward resolution.  As guidance during these good faith discussions, the Court observes that it is rarely impressed with discovery objections that rely primarily on the "hyper-counting of subparts."  Effort is typically better focused on determining whether the discovery

request is reasonable and attempting to reach an agreement about whether the suggested numerical limitation in the Court's rules should be altered under the circumstances.   Furthermore, while the Court understands the complexities that sometimes arise with electronic discovery, the Court would expect seasoned lawyers to be able to resolve the conflicts described in the presently pending electronic discovery related motions, which conflicts appear to remain because of a tepid attempt to resolve them in good faith.

CONCLUSION

Merial's Motion to Dismiss (ECF No. 24) is denied.   The parties shall present a report on the resolution of their discovery disputes and a jointly proposed amended scheduling order within fourteen days of today's Order.   Merial's Motion for Protective Order (ECF No. 41) and Velcera's Motion to Compel or in the Alternative Motion to Amend the Scheduling Order (ECF No. 44) shall be terminated as moot by the Clerk.

IT IS SO ORDERED, this 27th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE