```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION

MERIAL LIMITED, and              *
MERIAL SAS,
                                 *
     Plaintiffs,
     Counterclaim Defendants,    *

vs.                              *
                                       CASE NO. 3:11-CV-157 (CDL)
VELCERA, INC., and               *
FIDOPHARM, INC.,
                                 *
     Defendants,
     Counterclaim Plaintiffs.    *
```

O R D E R

Plaintiffs Merial Limited and Merial SAS (collectively, "Merial") filed this action against Defendants Velcera, Inc. and FidoPharm, Inc. (collectively, "Velcera"), claiming Defendants violated the Lanham Act, 15 U.S.C. § 1125, and Georgia law. Velcera responded by asserting counterclaims against Merial under the Lanham Act and Georgia law. Velcera filed the presently pending Motion for Sanctions (ECF No. 57), asking the Court to exercise its inherent authority to impose sanctions against Merial for filing a motion to compel discovery in bad faith. For the following reasons, Velcera's motion is denied.

FACTUAL BACKGROUND

Merial filed the Emergency Motion to Compel Production of Documents and Things, which is the subject of Velcera's pending

motion for sanctions, on March 21, 2012, contending that Velcera had yet to produce any documents in the action. *See generally* Merial's Emergency Mot. to Compel Produc. of Docs. & Things, ECF No. 38. Merial claimed that the circumstances warranted an emergency motion because Merial needed Velcera to produce relevant documents in time for Merial to prepare its burden of proof expert reports, which were due on April 12, 2012. *Id.* at 1-2.

Merial certified in the motion to compel that it had in good faith attempted to confer with Velcera to obtain Velcera's documents without Court intervention. *See id.* at 1 n.1. Specifically, on March 2, 2012, counsel for both parties discussed the fact that Velcera had not produced any documents in the case. Merial's Resp. in Opp'n to Velcera's Mot. for Sanctions Ex. 1, Rosenberg Decl. ¶ 5, ECF No. 63-1. Velcera's counsel indicated Velcera did not want to begin document production prior to the Court's entry of a protective order, Rosenberg Decl. Ex. C, Email from M. French to J. Rosenberg 2 (Mar. 6, 2012), ECF No. 63-1, and the Court entered the Protective Order on March 8, 2012, Protective Order, Mar. 8, 2012, ECF No. 36. On March 12, 2012, counsel for both parties met and conferred regarding Velcera's continued failure to commence its document production. Rosenberg Decl. ¶ 7. Counsel for Velcera represented to counsel for Merial that

Velcera would start producing documents the week of March 19, 2012. *Id.*

When March 19, 2012 arrived, Merial asked Velcera when Merial could expect to receive Velcera's documents. Rosenberg Decl. Ex. D, Email from K. Bina to J. Wargo 1 (Mar. 19, 2012), ECF No. 63-1. Velcera suggested that the parties discuss the issue at a proposed meet and confer intended to address Velcera's perceived deficiencies in Merial's discovery responses. Rosenberg Decl. Ex. E., Email from J. Wargo to K. Bina 1 (Mar. 19, 2012), ECF No. 63-1. Merial's counsel communicated to Velcera that any issue Velcera had with Merial's discovery responses was independent of "[V]elcera's long overdue production of documents, which [V]elcera said it would produce this week." Rosenberg Decl. Ex. G, Email from F. Smith to J. Wargo 1 (Mar. 19, 2012), ECF No. 63-1. Merial "expect[ed] [V]elcera and its lawyers to keep their word and begin production of the documents now," and expressed to Velcera that "[i]f [V]elcera intend[ed] to delay its production" any longer, then Merial would "go to the [C]ourt as quickly as possible." *Id.* Velcera's counsel responded by stating "[y]ou have our response." Rosenberg Decl. Ex. H, Email from J. Wargo to F. Smith 1 (Mar. 19, 2012), ECF No. 63-1.

In light of this response, Merial filed its motion to compel. Velcera ultimately, however, produced responsive

3

documents to Merial, and Merial subsequently filed a motion to withdraw the motion to compel. Merial's Notice of Withdrawal of Emergency Mot. to Compel 3, ECF No. 56. Velcera's motion for sanctions followed.

## DISCUSSION

"One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 661 (2008) (internal quotation marks omitted). The "key to unlocking a court's inherent power is a finding of bad faith." *Id.* (internal quotation marks omitted). "Because the court's inherent power is so potent, it should be exercised with restraint and discretion." *Id.* (internal quotation marks omitted).

Velcera argues that Merial filed the motion to compel in bad faith and in violation of the Federal Rules of Civil Procedure and the Court's Local Rules because Merial refused Velcera's offer to conduct a good faith meet and confer before filing the motion. The Court finds, however, that the issue of the timing of Velcera's document production had already been the subject of meet and confer discussions between the parties and

4

Merial filed its motion only after Velcera indicated it would not begin producing documents the week of March 19, 2012, as previously agreed by the parties.[1]  The Court finds Merial's conduct does not warrant a finding of bad faith under these circumstances.

Velcera also contends that Merial should have withdrawn its motion to compel before Velcera was required to respond to it because Velcera had started producing documents.  This argument overlooks the fact that Velcera's failure to produce any documents on the date agreed on by the parties created the need for Merial to file the motion to compel in the first place, and the Court concludes that Merial's failure to withdraw the motion before Velcera submitted a response was not in bad faith.  Further, Merial withdrew the motion before it was submitted to the Court.  The Court finds sanctions are not warranted.

---

[1] Velcera points to a letter from Merial's counsel addressed the day Merial filed the motion to compel, arguing the letter shows Merial did not meet and confer with Velcera before filing the motion to compel. In the letter, Merial's counsel states: "[a]s you are aware, Merial has today filed a motion to compel relating to Velcera's failure to produce any documents in this case. However, Merial will also be sending a follow-up communication under separate cover to more formally meet and confer on the other specific deficiencies in Velcera's discovery responses." Defs.' Br. in Resp. to Pls.' Emergency Mot. to Compel Ex. 2, Letter from J. Rosenberg to J. Wargo 4-5 (Mar. 21, 2012), ECF No. 49-2. Contrary to Velcera's assertions, this letter does not indicate to the Court that Merial did not meet and confer with Velcera prior to filing the motion to compel regarding the issue of Velcera's failure to start any document production. The letter simply acknowledges that Merial had yet to formally meet and confer with Velcera to address specific issues Merial had with the discovery responses Velcera provided.

## CONCLUSION

For the reasons explained above, Velcera's Motion for Sanctions (ECF No. 57) is denied.

IT IS SO ORDERED, this 13th day of July, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
