**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| MERIAL LIMITED and MERIAL S.A.S<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>VELCERA, INC. and FIDOPHARM, INC.<br><br>Defendants and Counterclaim-Plaintiffs. | Case No. 3:11-cv-00157-CDL |

**ORDER REGARDING
<u>PRODUCTION OF ELECTRONICALLY STORED INFORMATION</u>**

IT IS HEREBY ORDERED THAT, the procedures and protocols set forth below are to be applied to and employed in this action for production of ESI:

    **I.**    **Electronically Stored Information ("ESI") Production**

1. <u>Exchange of Custodians Lists and Search Terms:</u>  Within five (5) business days of this Order, the parties shall exchange lists identifying no more than fifteen custodians of the other side from whom they would like ESI discovery and no more than fifteen search terms for each custodian to be run on the other side's custodian's ESI. To limit the number of documents the producing side must review for responsiveness and privilege, the search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its products names (i.e., "Merial," "Frontline," "Frontline Plus," or "Frontline TopSpot," when Merial is the producing party, or "Velcera," "FidoPharm," "PetArmor," or "PetArmor Plus" when Velcera is the producing party) are inappropriate unless combined

with narrowing search criteria that sufficiently reduce the risk of an unreasonable number of document "hits." A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the number of documents the producing side must review for responsiveness and privilege.

2. <u>Requirement to Meet and Confer in Good Faith</u>:  If a party has good cause for disapproving of one or more identified custodians or search terms, it must state the reasons for its objection in writing within three business days of receipt of the other side's list. The parties shall thereafter meet and confer in good faith to attempt to reach an agreement on the custodians and search terms. If the parties are unable to reach an agreement, the objecting party may file a motion with the Court, but the moving party shall only be entitled relief upon a showing of good cause. The parties may jointly agree to modify the limits on the number of custodians and search terms without the Court's leave, however, the Court shall consider contested requests for additional custodians or search terms, only upon showing a distinct need.

3. <u>Relevant Dates</u>: The parties are only required to search the agreed-upon custodians' ESI files for ESI created or modified between the dates September 1, 2007 to December 31, 2011.

4. <u>Responsive Documents</u>: The provisions of this protocol are intended to reduce the producing party's burden of collection and review of ESI. Following the completion of searches of a party's custodians' ESI files using the agreed-upon search terms, that party is entitled to

review the documents that were "hit" for responsiveness and privilege. The producing party is under no obligation to produce non-responsive or privileged ESI or other documents regardless of whether the document contains a particular search term.

5. <u>Excessive Document "Hits."</u>: The Court recognizes that despite the parties' best efforts to agree on narrowly-tailored search terms, it may be difficult to determine in advance how many documents will be "hit" by a particular search term until after the ESI searches are run. In the event that the producing party discovers that a previously agreed-upon search term or terms would result in a number of documents for review that would present an excessive or undue burden, the parties are to meet and confer in good faith to determine whether additional modifications to those search terms (e.g., the addition of narrowing search criteria such as "and" and "but not") can be made. If the parties are unable to reach an agreement, the producing party may file a motion with the Court requesting that a new search term or terms be designated, but the moving party shall only be entitled relief upon a showing of good cause.

6. <u>Deadline to Complete Searches and Produce Responsive ESI</u>: The parties shall produce the responsive ESI on a rolling basis and shall complete ESI production within 90 days from the date the parties reach an agreement on the identity of the custodians and search terms.

   **II.     General ESI Provisions.**

7. <u>Production Format</u>: ESI, corresponding attachments, and embedded objects, shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

8. <u>Documents Produced in Native Format:</u>  A party that receives a document (e.g., an attachment to an email) produced in the TIFF format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format if reasonably practicable.

9. <u>Text-Searchable Documents</u>:  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation prior to production, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

10. <u>No Backup Restoration Required:</u>  No party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

11. <u>Voice-mail and Mobile Devices:</u>  Voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

12. <u>Metadata:</u>  Productions are not required to include metadata.  If a party subsequently requests the production of metadata for any particular document, the parties shall meet and confer in good faith to determine whether good cause exists for the production of such metadata.  If the parties are unable to reach an agreement on the production of such metadata for any particular document, the requesting party may file a motion with the Court requesting the production of such metadata, but the moving party seeking the production of metadata for

any particular document shall only be entitled to the production of such metadata for any particular document upon a showing of good cause for such production.

13. Discovery Obligations:  Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

14. Protective Order: The Protective Order entered in this case shall apply to ESI produced pursuant to this order.

15. Supplemental Custodian Requests:  If after engaging in the electronic discovery contemplated by this order either party determines that a substantial need exists for discovery from additional custodians and/or discovery using additional search terms, counsel for the party seeking the additional electronic discovery shall confer in good faith with opposing counsel in an effort to resolve the matter.  If a good faith resolution cannot be reached, the party may file a motion with the Court which must demonstrate a substantial need for the additional electronic discovery.  In response to that motion, the opposing party shall explain why no substantial need exists and shall also provide evidence showing the cost of the additional electronic discovery, so that the Court will be able to determine how to allocate the cost of any additional discovery that it may find is necessary.

IT IS SO ORDERED, this 27th day of July, 2012.

                                                s/Clay D. Land
                                                CLAY D. LAND
                                                UNITED STATES DISTRICT JUDGE